UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRAZ KHAN, et al.,

           Plaintiffs,

   v.

DEPARTMENT OF HOMELAND
SECURITY, et al.,

           Defendants.

Civil Action No. 22-2480 (TJK)

## MOTION TO DISMISS IN PART AND TO STRIKE
## REMAINDER OF COMPLAINT AND SUPPORTING MEMORANDUM

Defendants, by and through undersigned counsel, move pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6) to dismiss the above-captioned Freedom of Information Act ("FOIA") action to the extent it purports to assert a "failure to expedite" claim (Count II and VI), a "pattern and practice" claim (Count X), a claim under the Administrative Procedure Act ("APA") (Count VIII), a claim for attorneys' fees under the Equal Access to Justice Act ("EAJA") (Count IX), and a request for appointment of a special master (Count XI).   Defendants also move to dismiss all purported FOIA "requests" that are not for records but in the nature of questions to the agencies, to dismiss Plaintiff Khan as a party to the extent he is not alleged to be the FOIA requester and thus lacks standing to sue, and to dismiss as parties all agency officials named in the Complaint on the basis that they are not proper Defendants in a FOIA action.

Finally, Plaintiff has violated Rule 8 by including excessive allegations in his 40-page, 190 paragraph Complaint that are immaterial to pleading a claim under FOIA.   Accordingly, the Court should, pursuant to Rule 12(f), order the remainder of the Complaint stricken and direct the

remaining Plaintiff to re-file the Complaint as to any remaining claims in a manner that complies with Rule 8.

STANDARD OF REVIEW

**I.      Rule 12(b)(1) Standard**

When reviewing a Rule 12(b)(1) motion to dismiss, "the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inference in the plaintiff's favor." *Thompson v. Capitol Police Bd*., 120 F. Supp. 2d 78, 81 (D.D.C. 2001); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999). At the same time, "[t]he court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), *aff'd*, 346 F.3d 192 (D.C. Cir. 2003). Plaintiff must carry the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Thompson*, 120 F. Supp. 2d at 81; *Vanover*, 77 F. Supp. 2d at 98. In determining whether jurisdiction exists, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. *See Herbert v. Nat'l Acad. of Sci.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

**II.      Rule 12(b)(6) Standard**

A Rule 12(b)(6) motion tests the sufficiency of a complaint.   In resolving a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court will treat the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor.   *Sullivan-Obst v. Powell,* 300 F. Supp. 2d 85, 91 (D.D.C. 2004).   However, the complaint must appear plausible on its face and raise a reasonable expectation that discovery will produce supporting evidence.   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   In *Twombly*, the Court stated that while there was no "probability requirement at the pleading stage," *id*. at 556, to survive a Rule 12(b)(6) motion to

dismiss, the facts alleged in the complaint must be sufficient "to state a claim for relief that is plausible on its face." *Id*. at 570.  The Court referred to this newly clarified standard as the "plausibility standard."  *Id*. at 560-61 (abandoning the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further clarified the plausibility pleading standard, explaining that it "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."  *Id*. at 678.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*.

On a motion to dismiss under Rule 12(b)(6), the Court may consider, in addition to the facts alleged in the complaint, documents either attached to, or incorporated into the complaint by reference, as well as matters of which it may take judicial notice.  *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997); *see also Lipton v. MCI Worldcom, Inc.*, 135 F. Supp. 2d 182, 186 (D.D.C. 2001) (("[T]he court may consider the defendants' supplementary material without converting the motion to dismiss into one for summary judgment. This Court has held that where a document is referred to in the complaint and is central to the plaintiff's claims, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.")

## BACKGROUND[1]

As alleged in the Complaint, this action is based on five FOIA "requests" submitted to U.S. Customs and Border Protection ("CBP"), a request submitted to U.S. Citizenship and Immigration Services ("USCIS"), a request submitted to the Federal Bureau of Investigation ("FBI"), and a request submitted to United States Immigration and Customs Enforcement ("ICE").   (Compl. ¶¶ 110, 118, 126, 135)

### I.   **The CBP "Requests"**

The requests to CBP allegedly were submitted on March 26, 2021 (request no. 46570), July 19, 2021 (request no. 85549), January 6, 2022 (request no. 30369), and two requests on April 28, 2022 (request nos. 71874 and 71905).   (Compl. at pp. 30-31)

On May 5, 2021, CBP notified the requestor of a final disposition of the March 26, 2021 request, specifically, that records were partially releasable.   (ECF No. 1-2 at ECF p.12) An administrative appeal of that response was submitted on May 25, 2021 and assigned appeal number 67254.   (ECF No. 1-2 at ECF p.53) The requester was updated as to the status of the appeal periodically.   (e.g., ECF No. 1-2 at ECF pp. 53-54, 57)   On September 23, 2021, an appeal decision was issued and additional redacted documents were produced.   (ECF No. 1-2 at ECF p.59)

---

[1]   The discussion in this section is based on the allegations of the Complaint and the information reflected on the attachments to the Complaint, consistent with the applicable standard under Rule 12(b)(6).   In reciting that information, Defendants do not concede the accuracy of Plaintiffs' allegations or that the attachments to the Complaint fully reflect all aspects of the processing of the requests at issue as of the filing date of the Complaint.

On July 20, 2021, CBP acknowledged receipt of the July 19, 2021 "request," which was an inquiry as to the status of appeal number 67254,[2] and notified the requester that "FOIA is not the avenue to inquire regarding a FOIA appeal."   (ECF No. 1-2 at ECF p.19)

On January 20, 2022, CBP acknowledged receipt of the January 6, 2022 request, which was assigned number 30369.   (ECF No. 1-2 at ECF p.22).   On May 9, 2022, the requester filed an "appeal" of the request on the basis that a response had not yet been provided.   (ECF No. 1-2 at ECF p.39) On May 12, 2022, the requester was notified that it was not proper to appeal before the FOIA unit had an opportunity to process the underlying request.   (ECF No. 1-2 at ECF p.95) On May 22, 2022, CBP notified the requester with respect to request number 30369 that "[t]his case is currently in review and will be completed in the order it was received.   Please be advised that CBP FOIA is working diligently in [an] attempt[] to reduce the large backlog of requests." (ECF No. 1-2 at ECF p.25)

On May 1, 2022, CBP notified the requester that the April 28, 2022 request numbered 71874 was being closed because it was a duplicate of request 30369.   (ECF No. 1-2 at ECF p.37) An appeal of that determination was submitted on May 10, 2022 (ECF No. 1-2 at ECF p.83), and an appeal determination issued on May 16, 2022, advising the requester to either submit a new request or wait for a determination for request number 30369.   (ECF No. 1-2 at ECF p.85)

In a separate communication dated May 1, 2022, CBP notified the requester that the April 28, 2022 request numbered 71905 was not a valid FOIA request but instead was an appeal of request number 30369.   (ECF No. 1-2 at ECF pp. 43, 91[3])

---

[2]     The correspondence attached to the Complaint indicates that this "request" did not seek records, but stated that "[t]he appeal CBP-AP-2021-067254 is past its due date.   Please provide completed response to the appeal.   Thank you."   (ECF No. 1-2 at ECF p.16)

[3]     The material attached to the Complaint indicates that this request consisted of the following: "I did file the request through the online portal.   This request has been removed from

Plaintiff does not allege, nor do the materials attached to the Complaint reflect, that the requester sought expedited processing of any of the five "requests" submitted to CBP.

## II.   <u>The USCIS Request</u>

The request to USCIS was dated May 19, 2021, and received by USCIS on June 1, 2021. (Compl. ¶ 118; ECF No. 1-2 at ECF p.137, 142)   By letter dated July 8, 2021, USCIS provided a final disposition with respect to the request, releasing certain documents in full, and withholding 27 pages in part and 15 pages in full.   (ECF No. 1-2 at ECF p.137)   Following an administrative appeal, a determination was made to provide the requester with16 additional pages in part and to otherwise uphold the processing of records by the FOIA office. (ECF No. 1-2 at ECF p.140)   The requester did not seek expedited processing.   (ECF No. 1-2 at ECF p.142)

## III.   <u>The FBI Request</u>

The request to the FBI was submitted on or about May 26, 2021 and, by letter dated June 7, 2021, the FBI acknowledged receipt of the request and advised that it was not able to locate any records in response to the request.   (Compl. ¶¶ 126-28; ECF No. 1-2 at ECF p.159)   Following an appeal of that determination, a decision issued dated October 8, 2021, upheld the no-records determination.   (ECF No. 1-2 at ECF p.163)   Neither the Complaint, nor any records attached to the Complaint, indicate that any request for expedited processing was made with respect to the FBI request.

## IV.   **The ICE Request**

A FOIA request was submitted to ICE on or about May 28, 2022.   (Compl. ¶ 135; ECF No. 1-2 at ECF p.205)   On June 7, 2022, ICE acknowledged receipt of the request and advised

---

the online portal to make matters difficult for us.   I ask that you treat this as an appeal for CBP-2022-030369."   (ECF No. 1-2 at ECF p.91)

that, due to the breadth of the request, additional time would be needed to process the request. (ECF No. 1-2 at ECF p.211)   The request did not seek expedited processing.   (ECF No. 1-2 at ECF p.205)

The instant lawsuit was filed on August 19, 2022.

## ARGUMENT

**I.      Plaintiff Khan Should Be Dismissed As A Party To The Extent The Requests Were Not Submitted By Him Or On His Behalf.**

The named Plaintiffs are Fraz Khan and the law firm, Malik and Associates, PLLC.   The Complaint alleges that the law firm was the requester on all the requests.   (Compl. ¶ 12)   Thus, to the extent requests were not made by Mr. Khan or made expressly on his behalf, Mr. Khan lacks standing to pursue a FOIA claim. *See Smallwood v. Dep't of Just.*, 266 F. Supp. 3d 217, 220 (D.D.C. 2017) ("courts routinely dismiss FOIA suits where an attorney filed the initial request without indicating that the request was made on behalf of the plaintiff").

**II.     The Claims Against Individual Agency Officials Should Be Dismissed.**

In addition to the named Defendants FBI, Department of Homeland Security, USCIS, CBP and ICE, Plaintiffs name as Defendants agency officials from these entities.   The individual agency official defendants should be dismissed because FOIA only authorizes suits against certain executive branch agencies, not individuals.    *See* 5 U.S.C. §§ 552(a)(4)(B) (authorizing suit against an agency); 552(f)(1) (definition of agency); *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006).

**III.    The CBP FOIA Requests That Do Not Seek Records Cannot Support A Claim Under FOIA.**

As the Background discussion reflects, at least two requests to CBP did not seek the production of documents, but instead sought either an update as to the status of a pending FOIA

appeal, or were submitted improperly as a FOIA appeal.   Those requests, consisting of the July 19, 2021 request (request number 85549) and the April 28, 2022 request (request number 71905), are not valid requests and thus cannot support a claim under FOIA.

FOIA sets forth two specific requirements for a valid request: that the request (i) "reasonably" describe the records sought and (ii) comply with any "published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A); *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002).   The obligation to process a request only begins upon receipt of a valid request; that is, one that satisfies these two requirements.   *Dale*, 238 F. Supp. 2d at 103.

The July 19, 2021 request to CBP (request number 85549) provided, in pertinent part, "[t]he appeal CBP-AP-2021-067254 is past its due date.   Please provide completed response to the appeal.   Thank you."   (ECF No. 1-2 at ECF p.16).   The April 28, 2022 request to CBP (request number 71905) provided, in pertinent part, "This is an appeal for CBP-2022-030369." (ECF No. 1-2 at ECF p.40)   Both fail to reasonably describe any records as being the subject of the request and thus are not valid requests. Any claim based on those requests thus should be dismissed.   *Anderson v. Dep't of Just.*, 518 F. Supp. 2d 1, 10 (D.D.C. 2007) ("To the extent that plaintiff's FOIA requests are questions or requests for explanations of policies or procedures, these are not proper FOIA requests.").

## IV.   **Numerous Counts of the Complaint Should Be Dismissed**

### A.     **Counts II and VI Should Be Dismissed**

In Count II, styled "Injunctive Relief", Plaintiffs contend that Defendants should be required to "expedite" an unspecified "FOIA request" and make the requested documents available

"forthwith."   (Compl. ¶ 145)   In Count VI, Plaintiffs allege that their request for expedited processing was wrongly denied.   (Compl. ¶ 169)

Plaintiffs, however, have failed to plausibly allege that any request for expedited processing was made in connection with any of the requests at issue and the documents attached to the Complaint likewise demonstrate that no such request was made.   Although Plaintiffs make the bare allegation in the Complaint that expedited processing was sought with respect to some unidentified request (Compl. ¶ 167), the requests (or documents summarizing the requests) attached to the Complaint, and expressly incorporated by reference into the Complaint (Compl. ¶¶ 111, 125, 134, 141), do not support that bare allegation, nor do they support the allegation that the request for expedited processing was denied "February 16, 2022."   (Compl. ¶ 168)

The record, moreover, reflects that there are only two FOIA requests at issue for which a final disposition allegedly has not already been made, specifically, the January 6, 2022 request to CBP assigned number 30369, and the request to ICE dated May 28, 2022.   Any request for expedited processing allegedly denied "February 16, 2022" could only plausibly pertain to the January 6, 2022 request, and none of the documents related to that request that are attached to the Complaint indicate that the January 6, 2022 request sought expedited processing, nor does the Complaint allege that it did.   (ECF No. 1-2 at ECF pp. 20-23)

Not only have Plaintiffs failed to plausibly plead that a request for expedited processing was made administratively, they also have failed to plead any facts that could support any inference of "(1) an imminent threat to the life or physical safety of an individual, (2) an 'urgency to inform the public about an actual or alleged federal government activity,' (3) a threatened loss of substantial due process rights, or (4) '[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public

confidence'" as would be required to support such a claim.   *Middle East Forum v. Dep't of Homeland Sec.*, 297 F. Supp. 3d 183, 186 (D.D.C. 2018).   Accordingly, Counts II and VI should be dismissed.

  **B.  Count X Should Be Dismissed.**

  Count X purports to assert a "pattern and practice" claim against the Defendant agencies for failure to "timely adjudicate" FOIA requests.   Plaintiffs, however, have failed to plausibly allege any "pattern" or "practice" of untimely adjudication.   As documents attached to the Complaint reflect, all the requests were timely acknowledged.   In addition, with respect to all but two of the requests, the agencies' initial substantive responses were issued either within the statutorily required timeframe or within, at most, less than two months after receipt of the request, and final disposition letters were issued within just a few months of receipt of the requests.   The only requests for which no final disposition had issued as of the filing date of the Complaint—as reflected in the attachments to the Complaint—were the January 6, 2022 request to CBP and a May 28, 2022 request to ICE.   The Complaint was filed less than three months after the submission of the latter request and thus does not reflect the lack of any undue delay in the processing of the request.   And, while the CBP request of January 6, 2022, remained outstanding according to the Complaint at the time of its filing, that single instance of alleged delay cannot by itself amount to a pattern or practice.

  The D.C. Circuit in *Payne Enterprises, Inc. v. United States*, 837 F.2d 486 (D.C. Cir. 1988), has recognized the possibility of a "policy or practice" claim for the violation of the procedural requirements of FOIA during the processing of requests.   *Id.* at 491.   Such claims, however, have been limited by courts to extreme situations in which an agency largely abdicates its obligations under FOIA.   *See Del Monte Fresh Produce N.A. v. United States*, 706 F. Supp. 2d 116, 120

(D.D.C. 2010) ("*Payne Enterprises* regards the repeated denial of Freedom of Information requests based on invocation of inapplicable statutory exemptions rather than the delay of an action over which the agency had discretion."); *see also Naumes v. Dep't of the Army*, Civ. A. No. 21-1670 (JEB), 2022 WL 594541, at *3 (D.D.C. Feb. 28, 2022) ("[D]elay alone, even repeated delay, is not the type of illegal policy or practice that is actionable under *Payne*.") (collecting cases).

Such claims do not arise when, as here, Plaintiffs merely identify isolated instances in which an agency allegedly failed to timely process a request. *See Ctr. for Biological Diversity v. EPA*, No. 16-175, 2017 U.S. Dist. LEXIS 159654 at *61 (D.D.C. Sept. 28, 2017); *see also See, e.g., Cause of Action v. Eggleston,* 224 F. Supp. 3d 63, 71 (D.D.C. 2016) (finding allegations insufficient to state a pattern and practice claim and that "the Court is not required to, and does not, accept Plaintiff's conclusory and unsupported allegation that its requests have been delayed for illicit purposes and not as a result of legitimate efforts to review requested records"); *Muttit v. U.S. Cent. Command,* 813 F. Supp. 2d 221, 231 (D.D.C. 2011) ("The Court concludes that an allegation of a single FOIA violation is insufficient as a matter of law to state a claim for relief based on a policy, pattern, or practice of violating FOIA.").

## C.    Counts VIII and IX Should Be Dismissed

Count VIII purports to assert a claim under the APA based on the Defendants' processing of the FOIA requests at issue, and Count IX purports to seek attorneys' fees under EAJA, which is a fee shifting statute applicable to APA claims.   Because Plaintiffs have no claim under the APA, both counts should be dismissed. *Montgomery v. IRS*, 40 F.4th 702, 716 (D.C. Cir. 2022) (FOIA's specific remedies preclude FOIA-based APA claims).

The APA provides for judicial review of agency action when it is made reviewable by statute or when there is "no other adequate remedy in a court."   5 U.S.C. § 704; *Garcia v. Vilsack*,

563 F.3d 519, 522 (D.C. Cir. 2009).   Generally, if Congress has provided a separate cause of action or an independent review procedure, then APA review is precluded.   *Feinman v. F.B.I.*, 713 F. Supp. 2d 70, 76 (D.D.C. 2010) (citing *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1270 (D.C. Cir. 2005)).   The alternative relief provided by the cause of action or procedure does not need to be identical to preclude APA review, but it must be adequate and of the "same genre."   *Feinman*, 713 F. Supp. 2d at 76 (quoting *El Rio*, 396 F.3d at 1272).

When an APA claim "[seeks] remedies made available by FOIA," the APA remedies are of the "same genre" as those available under FOIA, and thus the claim is outside of the judicial review provided for under the APA.   *Feinman*, 713 F. Supp. 2d at 76; *see also Kenney v. Dep't of Just.*, 603 F. Supp. 2d 184, 190 (D.D.C. 2009) (finding that FOIA precludes APA claims that an agency did not respond to FOIA request in an adequate amount of time).   "The FOIA imposes no limits on court's equitable powers in enforcing its terms."   *Payne Enters.*, 837 F.2d at 494. Therefore, when a plaintiff seeks equitable relief under the APA because of a denied FOIA request, "the statutory and equitable remedies available . . . under FOIA would provide the same relief" as those under the APA.   *Feinman*, 713 F. Supp. 2d at 77.

Accordingly, any claim asserted by Plaintiffs under the APA should be dismissed. *Feinman*, 713 F. Supp. 2d at 76; *Kenney*, 603 F. Supp. 2d at 190.   In the absence of a viable APA claim, there is likewise no basis for Plaintiffs' claim under the separate fee-shifting provisions of EAJA.

**D.    Count XI Should Be Dismissed.**

Count XI seeks appointment of a special master to conduct the search and review of records requested in the FOIA requests.   This claim has no basis under FOIA. The Court can review

withheld records in camera only if the record is inadequate to establish the grounds for the withholding.   A "claim" for a special master, is thus, premature and inappropriate.   *Hall v. CIA*, 268 F. Supp. 3d 148, 165 (D.D.C. 2017) (rejecting special master request, "[W]hen the agency meets its burden [under FOIA] by means of affidavits, in camera review is neither necessary nor appropriate.")   Nor have Plaintiffs pled any facts that plausibly could establish a basis for such extraordinary relief.

## V.   The Court Should Strike the Complaint With Leave for Plaintiffs to File an Amended Complaint that Complies with Rule 8 and Omits Extraneous Matters.

This litigation concerns the processing of a handful of FOIA requests, yet the Complaint totals approximately 40 pages and is almost 200 paragraphs.   Allegations regarding the FOIA requests, moreover, do not begin until paragraph 106 of the Complaint.   The allegations that precede that paragraph consist of alleged background that is immaterial to the pleading of a claim under FOIA.   Specifically, paragraphs 28 to 105 of the Complaint assert immaterial allegations under headings such as: "Mr. Khan's Background," "Background Facts Regarding Mr. Malik (Mr. Khan's brother)," "Events Giving Rise to Causes of Action," "CBP's History of Misconduct and Impunity," "FBI's History of Misconduct and Impunity," and "Role of Military in Pakistan."

These allegations are not germane to a FOIA claim but reflect an effort to use a FOIA complaint to elicit a narrative response from Defendants—if they were required to answer such allegations—as to collateral matters of interest to the Plaintiffs in a form that they could not obtain through FOIA.   *Anderson*, 518 F. Supp. 2d at 10 ("To the extent that plaintiff's FOIA requests are questions or requests for explanations of policies or procedures, these are not proper FOIA requests.").   Under such circumstances, "requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."   *Mich. Immigr. Rts. Ctr. v. Dep't of*

*Homeland Sec.*, No. 16-14192, 2017 WL 2471277 at *3 (E.D. Mich. June 8, 2017).    Given these immaterial allegations, and the unnecessary length of the Complaint, the Complaint should be stricken with leave to re-file after resolution of the grounds for dismissal addressed above.

The District Court has the discretion to strike "from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."    Fed. R. Civ. Pro. 12(f).    Rule 12(f), moreover, is "not only the appropriate remedy" for striking such extraneous matters, but "'also is designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct.'"    *In re Merrill Lynch & Co., Inc. Rsch. Rep. Sec. Lit.,* 218 F.R.D. 76, 78 (S.D.N.Y. 2003) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (2d ed. 1990)).

A motion to strike is an appropriate response to a Complaint when, as here, the Complaint is "'neither short nor plain,' but rather a 'repetitive discursive and argumentative account of the alleged wrongs suffered by the plaintiff.'"    *Ciralsky v. CIA,* 355 F.3d 661, 669 (D.C. Cir. 2004). In *Ciralsky,* the D.C. Circuit held that the District Court acted within its "considerable discretion" in striking a complaint not once, but twice, for failing to comply with the "short and plain statement" requirement of Rule 8.    "As the initial complaint weighed in at 119 pages and 367 numbered paragraphs," the Court observed that the striking of that complaint "was hardly a harsh judgment."    *Id.*    The Court also commented approvingly on the District Court's "disposition: the court did not dismiss the case, but rather gave the plaintiff 21 days to 'eliminate[]' the 'excess' and to file an amended complaint 'that complies with Rule 8(a)(2)."    *Id.*

The Court also approved of the District Court's disposition regarding the amended complaint that was filed after the original complaint had been stricken.    The amended complaint still consisted of 61 pages and 105 paragraphs and thus was found by the District Court to still violate Rule 8.    The Court found that the District Court had "reasonable grounds" to dismiss the

case without prejudice because the amended complaint remained "'prolix and burdened with a bloated mass of unnecessary detail.'"   *Id.*   The Court observed that an unnecessarily voluminous complaint "is more than simply a matter of aesthetics" because "'unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it.'"   *Id.*

Other courts have granted motions to strike under similar circumstances while affording the plaintiff a designated amount of time to file an amended pleading conforming with Rule 8. *See, e.g., Merrill Lynch,* 218 F.R.D. at 79 (striking portions of complaint that spans 98 pages and contains 367 separate paragraphs); *Boyajian v. Town of Plainville*, Civ. A. No. 10-0593, 2011 U.S. Dist. LEXIS 14168, at *3-5 (D. Conn. Feb. 14, 2011) (striking complaint, with leave to re-file an amended complaint conforming with Rule 8, based on redundant, immaterial and confusing allegations); *Phan v. Best Foods Int'l Inc.*, Civ. A. No. 14-0888, 2014 U.S. Dist. LEXIS 104192, at *25 (N.D. Cal. July 29, 2014) (striking complaint, with leave to re-file an amended complaint that "omits all failed claims and irrelevant allegations"); *Witherspoon v. Philip Morris,* 964 F. Supp. 455, 468 (D.D.C. 1997) (striking portions of complaint, with leave to file amended pleading, that are "unnecessarily voluminous"); *Ausherman v. Stump*, 643 F.2d 715, 716 (10th Cir. 1981) (holding that a plaintiff's "rambling narration" constituted a violation of Federal Rule of Civil Procedure Rule 8(a)).

The same result should apply here.   The Complaint, which has 190 paragraphs and is 40 pages long, should be stricken because it is unnecessarily voluminous and is riddled with immaterial allegations.   After resolution of the grounds for dismissal addressed above, the Court should strike the Complaint and afford Plaintiffs a designated period to file an amended pleading that conforms with Rule 8, omits all redundant and immaterial matters and otherwise conforms to any ruling dismissing the claims, parties and counts as requested herein.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to strike and dismiss in part should be granted.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____/s/_____
JEREMY S. SIMON, D.C. Bar No. 447956
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528
jeremy.simon@usdoj.gov