IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRAZ KHAN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 22-2480 (TJK) |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS IN PART AND TO STRIKE REMAINDER OF COMPLAINT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Plaintiff Fraz Khan ("Plaintiff" or "Khan"), et al., commenced this litigation against
Defendants Department of Homeland Security ("DHS"), U.S. Customs and Border Protection
("CBP"), U.S. Citizenship and Immigration Services ("USCIS"), U.S. Immigration and Customs
Enforcement ("ICE"), U.S. Federal Bureau of Investigation ("FBI"), et al. (collectively,
"Defendants") pursuant to the Freedom of Information Act ("FOIA") and the Administrative
Procedure Act ("APA") to obtain copies of several different kinds of records and to compel
Defendants to conform its practices that are inconsistent with FOIA. Defendants have moved to
dismiss Plaintiff's Complaint, in part, and to strike the reminder of Plaintiff's Complaint pursuant
to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff brought this action under FOIA for declaratory, injunctive, and other appropriate
relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff
by Defendants. Plaintiff challenges Defendants' refusal to conduct a legally adequate search for
all responsive agency information as mandated by FOIA, Defendants' refusal to produce all

**RESPONSE TO MOTION TO DISMISS AND TO STRIKE COMPLAINT — Page 1**

segregable responsive agency information in violation of FOIA, and Defendants' refusal to produce the lawfully required *Vaughn* index as required by FOIA and District of Columbia Circuit Court precedent.

This case arises out of Defendants' repeated refusal to produce all requested agency information in their possession, in violation of FOIA, and related conduct, regarding Plaintiff's requests for information related to an incident at the Dallas-Fort Worth International Airport on January 3, 2021. On that date, Plaintiff and his brother, Mr. Malik (who is a licensed attorney practicing primarily immigration law), were returning to DFW Airport after a trip to Costa Rica for leisure. Plaintiff was in the United States on a visa waiver approval and had been admitted into the United States for 90 days. Plaintiff and Mr. Malik left the United States on or around December 31, 2020 and returned to the United States on January 3, 2021. On that date, they were intercepted by Defendant CBP at the DFW Airport.

Plaintiff and Mr. Malik were traveling together but entered separate lines to go through the immigration inspection. Plaintiff is a British citizen with an approved Visa Waiver Program application, and Mr. Malik is a United States citizen and possessed Global Entry Membership. Plaintiff and Mr. Malik were escorted back to the secondary inspection area, and left there.

Later, CBP Officer Allen Brock of CBP informed Mr. Malik that he had been randomly selected for review of Global Entry eligibility. He was then interrogated by three CBP officers about his law practice, personal life, parents, and immigration history, including interrogating Mr. Malik about legal representation he had provided to certain clients, including ascertaining the identities of certain current and past clients. Mr. Malik cooperated with the officers' questions to the extent possible, but he refused to answer questions about clients that required him to reveal privileged information. In particular, Mr. Malik refused to unlock his iPhone, explaining that the phone contained extensive attorney-client privileged information. CBP Officer Sullivan reacted

**RESPONSE TO MOTION TO DISMISS AND TO STRIKE COMPLAINT — Page 2**

angrily to Mr. Malik's refusal and informed Mr. Malik that DHS was seizing the iPhone and that its digital contents would be searched. Officer Sullivan later created records about Mr. Malik containing false information in United States government databases and disseminated it to other federal agencies under the pretext of national security to evade federal judicial review.

Simultaneously but separately, Plaintiff was interrogated by or came into contact with several different CBP officers during the course of his detention in a secured area. During that detention, Plaintiff was interrogated by numerous CBP officers, both in uniform and plainclothes. The officers asked Plaintiff to provide his cell phone, and he complied. Plaintiff initially politely declined to provide his phone's password, but after the officers threatened to hold him in custody indefinitely, he provided the phone's password. When the officers returned, they interrogated him regarding a particular contact in his phone, whom Plaintiff did not know.

Throughout the interrogation, the officers treated Plaintiff with hostility and referred to him, both directly and to each other, with derogatory terms in a mocking manner. The officers and other CBP officials later made threatening gestures to Plaintiff, threatened him with deportation, and threatened Plaintiff's brother, Mr. Malik. Plaintiff was handcuffed and placed in a jail/holding facility, where he was refused food and drink throughout the night, strip searched, and exposed to violent criminals, some of whom attached him.

After Plaintiff was released from custody, he later sought information related the January 3, 2021 incident, including FOIA requests for documents, records, data, and information related to Plaintiff and the incident. For each of his requests, Plaintiff received either no production of information or an arbitrary response from Defendants regarding his FOIA requests. Nor did any of the Defendants produce a *Vaughn* index fully describing the search methods employed and describing the basis for each exemption.

Plaintiff submitted FOIA requests to each of the Defendants via separate letters, email, or

fax, except for to CBP, which was submitted through an online portal. Each of Plaintiff's FOIA requests sought documents, records, data, and information pertaining to Plaintiff and the January 3, 2021 incident. Plaintiff received either no production of information or an arbitrary response from all Defendants, and none of the Defendants provided a *Vaughn* index describing the basis for the withheld information.

In addition to the facts set forth above, Plaintiff's Complaint fully sets forth the details of Defendants' failure to timely comply with Plaintiff's FOIA requests. *See* Compl. at 29-34 and Exhibit D thereto. In short, Plaintiff has set forth Defendants' following failures to respond to Plaintiff's FOIA requests:

a.      Defendant **CBP**: five separate FOIA requests to Defendant CBP on various dates pertaining to Plaintiff Khan and/or the January 3, 2021 incident at DFW Airport, to which Plaintiff received little or no responsive documents for some requests and arbitrary denials for others, and failed to produce a *Vaughn* index (Compl. ¶¶ 110-117);

b.      Defendant **USCIS**: a FOIA request to Defendant USCIS dated June 1, 2021, to which Defendant USCIS released only partial documents, did not respond fully to the requests after receiving Plaintiff's appeal, and did not file a Vaughn index (Compl. ¶¶ 118-125);

c.      Defendant **FBI**: a FOIA request to Defendant FBI dated May 26, 2021, to which Defendants wrongfully claimed there were no responsive documents (Compl. ¶¶ 126-134); and

d.      Defendant **ICE**: a FOIA request to Defendant ICE on May 28, 2022, to which Defendant ICE wrongfully withheld documents from Plaintiff (Compl. ¶¶ 135-141).

Without Defendants' full compliance with Plaintiff's requests, Plaintiff is unable to fully evaluate the extent of his substantive claims against Defendants, and Plaintiff's counsel is unable to effectively represent his client. Nor is Plaintiff able to evaluate the full extent of Defendants' legal violations, which, as set forth in Plaintiff's Complaint, extend beyond Plaintiff's individual

claims. *See generally* Exhibit A, September 15, 2022 Letter from United States Senator Ron Wyden to U.S. Customs and Border Protection Commissioner Chris Magnus (urging the CBP to update its "practices regarding searches of Americans' phones and electronic devices at the border to focus on suspected criminals and security threats, rather than allowing indiscriminate rifling through Americans' private record without suspicion of a crime[]" and noting that "[s]uch changes will better protect national security and respect the rights of Americans who travel overseas for business and leisure.") CBP employees and at least one United States Senator have accused the agency, including its Counter Network Division ("CND") and the Tactical Terrorism Response Team ("TTRT"), of violating the civil rights of Americans.  For example,

1. In 2021, CBP recommended criminal prosecution of some of its employees who were involved in Operation Whistle Pig, a CBP program to "investigate the travel and financial records and personal connections of journalists, members of Congress and other Americans not suspected of any crime."[1] Defendants investigated as many as 20 national security reporters.  Federal prosecutors declined prosecution, citing, among other reasons, the lack of policies and procedures governing their work.[2]

2. CBP again overreached into the privacy of U.S. persons by misusing customs summons authority to obtain financial records of Americans. Defendants sent the improperly obtained data to a private, non-profit company called the Transaction Record Analysis Center (TRAC) for databasing to make available to federal and local law enforcement agencies. CBP had reason to know that its actions violated federal law.[3]   Nevertheless, the agency stopped the unlawful

---

[1] *See* Jana Winter, Operation Whistle Pig: Inside the Secret CBP Unit with No Rules that Investigates Americans, Yahoo News (Dec. 11, 2021), https://perma.cc/44JA-MF7U
[2] *Id.*
[3] Letter of Sen. Ron Wyden to DHS Inspector General (March 8, 2022), https://www.wyden.senate.gov/imo/media/doc/DHS%20IG%20ICE_HSI%20data%20complaint%20final.pd,

**RESPONSE TO MOTION TO DISMISS AND TO STRIKE COMPLAINT — Page 5**

surveillance only when Congress became aware of its actions.[4]

3. On April 5, 2022, the DHS Office for Civil Rights and Civil Liberties announced its intent to investigate the TTRT because of "complaints involving the activity of the TTRT alleging that CBP OFO [Office of Field Operations] has violated the civil rights or civil liberties of certain travelers subjected to repeated secondary inspections and unwarranted scrutiny."[5]

4. On September 15, 2022, Senator Wyden disclosed that thousands of Americans' phones are searched at the border every year, their contents are downloaded into a central database, where information is held for 15 years and can be accessed by roughly 2,700 Department of Homeland Security employees.[6]

## <u>STANDARD OF REVIEW</u>

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for lack of subject matter jurisdiction. In ruling on a motion to dismiss pursuant to Rule 12(b)(1), a court must accept as true all factual allegations contained in the complaint and shall construe all inferences in favor of the plaintiff. *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *SAE Productions, Inc. v. FBI*, 589 F. Supp. 2d 76, 80 (D.D.C. 2008).

---

[4] *Id.*
[5] Memorandum of Dana Salvano-Dunn, Director, Compliance Branch Office for Civil Rights and Civil Liberties, to Chris Magnus, Commissioner of CBP (April 5, 2022), https://www.dhs.gov/sites/default/files/2022-07/2022.04.05%20CRCL%20Retention%20Memo%20to%20CBP%20-%20Tactical%20Terrorist%20Response%20Team%20-%20Redacted_508.pdf
[6] Letter of Sen. Ron Wyden to Chris Magnus, Commissioner of CBP (Sept. 15, 2022),https://www.wyden.senate.gov/imo/media/doc/Wyden%20letter%20to%20CBP%20on%20border%20searches%20of%20devices.pdf

To survive an agency's motion to dismiss under Rule 12(b)(6), a FOIA requester need only plead "'enough facts to state a claim to relief that is plausible on its face" and to "nudge[] [its] claims across the line from conceivable to plausible.'" *Nat'l Sec. Counselors v. Cent. Intelligence Agency*, 898 F. Supp. 2d 233, 252 (D.D.C. 2012) (Howell, J.) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The Court 'must assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged.'" *Nat'l Sec. Counselors*, 898 F. Supp. 2d at 252 (*quoting Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 17 (D.C. Cir. 2008)).

When an agency invokes one of the various FOIA exemptions in denying a FOIA request, the government bears the burden of demonstrating the applicability of the cited exemption. *E.g., Ctr. for Auto Safety v. U.S. Dep't of Treasury*, 133 F. Supp. 3d 109, 116 (D.D.C. 2015) (Howell, J.); *see also* 5 U.S.C. § 552(a)(4)(B). "[C]onclusory and generalized" invocations of FOIA exemptions are "unacceptable." *Morley v. Cent. Intelligence Agency*, 508 F.3d 1108, 1115 (D.C. Cir. 2007). This is because FOIA guarantees citizens' right to "know what their government is up to." *Jurewicz*, 741 F.3d at 1332 (internal quotation marks and citations omitted).

## ARGUMENT

### I.   Plaintiff's FOIA Requests Were Submitted by Counsel on His Behalf.

It is well-settled that counsel may submit FOIA requests on behalf of a client. Plaintiff's FOIA requests (which are incorporated into his Complaint) identify his counsel, Mr. Malik, as the Contact and specifically identify that the requests are on behalf of Plaintiff. *See, e.g.*, Exhibit A to Compl. (FOIA requests). Because Defendants cannot point to any specific FOIA requests at issue that were not made by Mr. Malik on Plaintiff's behalf, the Court should reject Defendants' speculative argument that some of the requests were not made on Plaintiff's behalf.

Further, due to Defendants' course of conduct in responding to Plaintiff's FOIA requests,

they have waived any standing argument. Defendants have, throughout their correspondences regarding the subject FOIA requests, have acknowledged that they were made on Plaintiff's behalf and have otherwise treated Plaintiff's requests as valid. *See* Exhibit A to Compl. Accordingly, the Court should treat any contrary argument as waived.  Additionally, all FOIA requests, other than made though an online portal, were all signed by Plaintiff Khan.

## II.    The Individual Agency Officials are Proper Defendants to Plaintiff's APA Claim.

The Court should reject Defendants' argument that the individual agency officials are not proper party defendants. The Administrative Procedure Act (APA) allows a person "adversely affected or aggrieved by agency action" to seek judicial review of that final agency action. 5 U.S.C. § 702. APA actions generally take two forms—lawsuits challenging an immigration agency's unreasonable delay in adjudication, see 5 US.C. § 706(1), or lawsuits challenging a final agency decision as arbitrary, capricious, an abuse of discretion, in violation of law, or unsupported by the evidence, see 5 U.S.C. § 706(2). Although the APA provides that the United States can be named as a defendant, it also provides "that any action seeking mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance." 5 U.S.C. § 702. Accordingly, it is proper to name as a defendant one or more federal officers within the agency who can carry out any injunction or other mandatory court. That is precisely what Plaintiff has done here.

## III.    Plaintiff's Requests to Defendant CBP are Valid Under FOIA.

Defendants incorrectly argue that Plaintiff's claim should be dismissed because he did not request production of documents, but instead sought an update to his pending FOIA appeal. Defendants claim those "are not valid requests and thus cannot support a claim under FOIA." Mot. at 8.

"The focus of the FOIA is information, not documents . . .." *Mead Data Cent., Inc. v. Dep't*

**RESPONSE TO MOTION TO DISMISS AND TO STRIKE COMPLAINT — Page 8**

*of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). This axiom forms the entire basis for the segregability requirement written into the statute in 1974. A request for a piece of information, especially when made in the context of a greater request for other records, is not a question; it is a request for information.

Plaintiff's FOIA requests meet exactly that standard: to the extent they request information, not documents, they are valid requests under FOIA. It is clear from the context that each of Plaintiff's requests seek either 1) substantive information regarding the underlying FOIA requests, or 2) specific information regarding the status of Defendants' disposition of Plaintiff's underlying FOIA requests. In either case, Plaintiff's FOIA requests meet the threshold to state a claim under FOIA because they either specifically cite the records sought or specifically identify, by record number, the underlying request being appealed. For example, the July 19, 2021 request to CBP identifies appeal CBP-AP-21021-067254 and requests an update, and the April 28. 2022 request identifies itself as an appeal for CPB-2022-030369. (*See, e.g.*, ECF No. 1-2 at p. 16, 40). These are valid requests because they (i) "reasonably" describe the records sought and (ii) comply with any "published rules stating the time, place, fees (if any), and procedures to be followed." *See* 5 U.S.C. § 552(a)(3)(A); *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002). Because Plaintiff's requests reasonably describe the information sought, and Defendants have not pointed to any ways in which Plaintiff's requests are noncompliant with any published rules identified in the statute, the Court should reject Defendants' overly rigid interpretation of FOIA's requirements.

**IV.    <u>Plaintiff Has Sufficiently Stated Plausible Claims for Relief.</u>**

**A.    Counts II and VI State a Claim for Relief Because Defendants Unreasonably Refused to Process Plaintiff's FOIA Requests.**

The Court should decline to dismiss Counts II and VI of Plaintiff's Complaint (Injunctive Relief and Violation of FOIA—Failure to Make a Determination and Promptly Produce Responsive Documents) because Plaintiff has sufficiently pled that Defendants have unreasonably

refused to process Plaintiff's FOIA requests.

There can be no dispute that FOIA establishes strict deadlines. An agency must issue the required determination within twenty (20) working days of receiving a valid request. 5 U.S.C. § 552(a)(6)(A)(i). Agency failure to comply with FOIA deadlines gives rise to an immediate right of judicial review, *id.* § 552(a)(4)(B), because the administrative remedies available to a requester are constructively exhausted. *Id.* § 552(a)(4)(C)(i). If compliance is impossible due to "exceptional circumstances," and a requester files suit, "the court may retain jurisdiction and allow the agency additional time to complete its review of the records[.]" *Id.*

To withstand a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, "a plaintiff need only plead 'enough facts to state a claim to relief that is plausible on its face to nudge[] [his or her] claims across the line from conceivable to plausible.'" *Bryant v. Pepco*, 730 F. Supp. 2d 25, 28 (D.D.C. 2010) (*quoting Twombly*, 550 U.S. at 570). Here, Counts II and IV do so.

In Count II, Plaintiff has alleged a right to injunctive relief and has contended that Defendants should be required to expedite Plaintiff's FOIA requests and make the requested documentation, records, data, and files available to Plaintiff immediately.

In Count IV, Plaintiff has alleged that Defendants have failed to make a determination on Plaintiff's FOIA requests within 30 days, the maximum amount of time permitted under the statute. Defendants' own motion admits that Plaintiff has alleged that there are at least two FOIA requests at issue for which a final disposition has not been made (the January 6, 2022 request to CBP assigned number 30369, and the request to ICE dated May 28, 2022). *See* Mot. at 9. Under any interpretation of the statute, Defendants have far exceeded the 30-day time limit under the statute, and thus Plaintiff's claims withstand dismissal.

It is also noteworthy, that the FOIA that were claimed to have been completed have been

**RESPONSE TO MOTION TO DISMISS AND TO STRIKE COMPLAINT — Page 10**

appealed because the Defendant either have unlawfully withheld responsive records that they still have in their possession or have unlawfully withheld under the false pretense of a lawful exception.

It is a fundamental precept of FOIA jurisprudence that "an agency responding to a FOIA request must conduct a search reasonably calculated to uncover all relevant documents, and, if challenged, must demonstrate beyond material doubt that the search was reasonable." *Truitt v. Department of State*, 897 F.2d 540, 542 (D.C. Cir. 1990) (internal quotation marks omitted). It is noteworthy then, that Defendants, in seeking to dismiss these counts of the Complaint, do not support the adequacy of their searches or the completeness of their response with affidavits, declarations detailing the search conducted, the locations and personnel involved, or a *Vaughn* Index justifying its withholdings. Without such documentation, this Court has determined that dismissal is improper at this stage:

> An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.' *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (*quoting Truitt v. U.S. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). The agency carries the burden of demonstrating that it 'made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested.' *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). To meet this burden, the agency may submit nonconclusory affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551, 306 U.S. App. D.C. 240 (D.C. Cir. 1994).

*Hall & Assocs. v. EPA*, 846 F. Supp. 2d 231, 241-242 (D.D.C. 2012).

There is no question that Plaintiff's Complaint alleges that Defendants failed to meet their legal obligations to respond to Plaintiff's FOIA requests. Although Defendants may dispute the facts underlying Plaintiff's claims, that is an appropriate argument for Defendants' summary judgment motion, not a motion to dismiss.

In summary, it is indisputable that Plaintiff has challenged the adequacy of Defendants' response to Plaintiff's FOIA complaints, and those facts are clearly in dispute. Moreover,

Defendants have not provided Plaintiff with a *Vaughn* index or declarations explaining exactly how or why it believes its search complies with FOIA's requirements. In light of this and giving Plaintiff the benefits of all inferences that can be derived from the facts alleged in the Complaint, as Rule 12 requires, Plaintiff has clearly stated a claim upon which relief can be granted. Accordingly, dismissal of Plaintiff's claims is inappropriate.

### B. Count X States a Claim for Relief Because Plaintiff Has Sufficiently Alleged a Pattern or Practice under FOIA.

Similarly, Plaintiff states a claim for relief under Count X because he has properly alleged a pattern and practice of Defendants' failure to timely adjudicate FOIA requests. Plaintiff has pleaded (1) the existence of a policy or practice by Defendant agencies of delaying responses to FOIA requests, and (2) the application of that practice to the FOIA requests underlying this case.

Defendants do not argue that such a policy or practice would be inconsistent with the text and purposes of FOIA, and they do not argue that FOIA allows relief for illegal policies and practices. They disagree only in the factual issue of whether Defendants actually caused unlawful delay. But that is not an argument cognizable under Rule 12(b)(6)—the only issue is whether Plaintiff has sufficiently alleged a claim to relief under FOIA. Because he has done so, the Motion to Dismiss should be denied.

In support of their motion to dismiss under Rule 12(b)(6), Defendants mischaracterize the Complaint. They incorrectly argue that Plaintiff has failed to plead factual allegations sufficient to support a claim that there is an impermissible "pattern or practice" of unlawful delay by Defendants in responding to FOIA requests. The Complaint pleads that such a pattern or practice in fact exists, as he has experienced that delay firsthand, and that in doing so, Defendants violate their statutory deadlines.

Furthermore, is now well-established that courts retain equitable authority under FOIA to adjudicate "policy or practice" claims independent of a request-specific claim. *See Payne*

*Enterprises, Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988); *see also Newport Aeronautical Sales v. Dep't of the Air Force*, 684 F.3d 160, 164 (D.C. Cir. 2012) (reaffirming *Payne* equitable authority precedent). This means that a plaintiff may assert a claim that an agency has adopted a policy or practice that violates FOIA, separate and apart from a claim for the release of particular requested records that the agency has withheld from the complainant under FOIA. As that court explained in Payne, "[s]o long as an agency's refusal to supply information evidences a policy or practice of delayed disclosure or some other failure to abide by the terms of the FOIA, and not merely isolated mistakes by agency officials, a party's challenge to the policy or practice cannot be mooted by the release of the specific documents that prompted the suit." 837 F.2d at 491 (footnote omitted).

The Supreme Court has commented that FOIA provides courts with broad equitable power to enforce the terms of the statute. *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 19-20 (1974). This includes instances when a plaintiff alleges that an agency has adopted a "policy or practice [that] will impair the party's lawful access to information in the future," or which demonstrates "some other failure to abide by the terms of the FOIA." *Payne Enters., Inc. v. United States*, 837 F.2d 486, 491, 494 (D.C. Cir. 1988). So-called pattern-and-practice claims do not require a plaintiff to show that a "formal policy or regulation" is the basis for the ongoing violation. *Id.* at 491 ("The fact that the practice at issue is informal … is irrelevant[.]"). It is enough that a party support its claim with "specific allegations of fact" that suggest ongoing violation of FOIA in the processing of "multiple requests on multiple occasions." *Muttitt v. U.S. Cent. Command*, 813 F. Supp. 2d 221, 230 (D.D.C. 2011).

Here, Plaintiff has done exactly that. He has specifically alleged that, on multiple occasions, Defendants have failed to adjudicate Plaintiff's FOIA requests, and that such has occurred multiple times and with various agencies, thus creating a pattern. Compl. ¶ 182. He

**RESPONSE TO MOTION TO DISMISS AND TO STRIKE COMPLAINT — Page 13**

further alleged that Defendants' failure to properly and lawfully process and adjudicate Plaintiff's

multiple FOIA requests is part of a pattern and practice by Defendants' FOIA offices. *Id.* ¶ 183.

Finally, Plaintiff has alleged that Defendants' chronic failure to timely respond to FOIA processing

requests, such as Plaintiff's, violates the letter and purpose of FOIA by depriving FOIA requestors

of timely, relevant information. *Id.* ¶ 185. Defendants themselves admit, in their Motion, that they

have not fully responded to all of Plaintiff's outstanding requests. Nothing more is needed to

withstand dismissal. Accordingly, drawing all inferences in Plaintiff's favor, the Court should deny

Defendants' motion to dismiss. Such is sufficient to withstand Defendants' motion to dismiss.

Further, under *Payne*, even if the Court concludes that Defendants did not violate FOIA with

respect to Plaintiff's requests (which Plaintiff disputes), it may still adjudicate Plaintiff's pattern-

or-practice claim, thus making dismissal inappropriate.

### C.    Counts VIII and IX State a Claim for Relief.

The Court also should reject Defendants' argument that Counts VIII and IX fail to state a

claim for relief. Plaintiff has sufficiently alleged causes of action under Count VIII, for arbitrary

and capricious violation of the Administrative Procedure Act ("APA"), and Count IX, for

Violation of the APA—Equal Access to Justice Act. Defendants argue that Plaintiff may not raise

APA claims because, Defendants claim, FOIA necessarily provides an adequate remedy for the

harm that Plaintiff has suffered as a result of Defendants' actions. Mot. at 11-12.

Under Rule 12(b)(1), Plaintiff bears the burden of establishing jurisdiction. *See U.S.

Ecology, Inc. v. U.S. Dept. of Interior*, 231 F.3d 20, 24 (D.C. Cir. 2000). However, as Defendants

acknowledge, the Court must "assume the truth of all material factual allegations in the complaint

and 'construe the complaint liberally, granting [the] plaintiff the benefit of all inferences that can

be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. Fed. Deposit Insurance Corp.*, 642 F.3d

1137, 1139 (D.C. Cir. 2011).

**RESPONSE TO MOTION TO DISMISS AND TO STRIKE COMPLAINT — Page 14**

The APA grants this Court authority to review "final agency action." 5 U.S.C. § 704. Specifically, the statute requires "a reviewing court … [to] hold unlawful and set aside agency action, findings, and conclusions found to be … arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706(2)(A). Here, Defendants' failure to timely respond to Plaintiff's FOIA requests, as Plaintiff has alleged in his Complaint (and which the Court must assume to be true in deciding a motion to dismiss), is not in accordance with the law, and thus the Court should decline to dismiss Counts VIII and IX.

Plaintiff does not dispute Defendants' point (also raised above) that this Court enjoys extraordinarily broad equitable powers under FOIA. (Mot. at 12 (*citing Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988))). Nevertheless, there does exist in certain cases the potential for too great of a "gap between the relief sought [through an APA claim] and the relief FOIA affords." *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, No. 16-5110, 2017 WL 412626, *8 (D.C. Cir. Jan. 31, 2017).

With respect to Counts VIII and IX and the availability of relief under the APA, Defendants misconstrue Plaintiff's Complaint. In Defendants' view, Plaintiff's lawsuit is merely about access to records and agency violation of statutory deadlines. Defendants certainly have violated FOIA deadlines, as Plaintiff's Complaint alleges, but they have also engaged in ongoing arbitrary and capricious violations of FOIA's procedural requirements. APA remedies are available in addition to FOIA remedies in such circumstances.

In addition to insufficient remedies under FOIA, a FOIA pattern or practice claim under *Payne*, which Plaintiff has also alleged, also may provide insufficient relief. There is an important distinction between claims that "allege a violation of 'procedural requirements of the FOIA,'" and those that "allege a policy or practice of [an agency] violating its own FOIA regulation[s] … [and] not the procedural requirements of the FOIA itself." *Nat'l Sec. Counselors v. Cent. Intelligence*

**RESPONSE TO MOTION TO DISMISS AND TO STRIKE COMPLAINT — Page 15**

*Agency*, 898 F. Supp. 2d 233, 265-66 (D.D.C. 2012); *cf. Snyder v. Cent. Intelligence Agency*, 230 F. Supp. 2d 17, 24-25 (D.D.C. 2002) (allowing APA challenge to agency compliance with referral provisions of its FOIA regulations).

Finally, the case law cited by Defendants in this argument is inapposite because it either concerns the ability of a requester to state an APA claim where that statute has already been displaced by FOIA, or it addresses instances where a complainant has sought to challenge agency failure to comply with statutory deadlines. *See* Mot. at 11-12. However, when an action concerns a complaint "outside the scope of § 552(a)(4)(B) … [it is] reviewed under the standards set forth in § 706 of the APA." *Pub. Citizen, Inc. v. Lew*, 127 F. Supp. 2d 1, 9 (D.D.C. 2000) (*citing McDonnell Douglas Corp. v. Nat'l Aeronautics & Space Admin.*, 180 F.3d 303 (D.C. Cir. 1999) and *Reliance Electric Co. v. Consumer Prod. Safety Comm'n*, 924 F.2d 274, 277 (D.C. Cir. 1991)). As such, the availability of other remedies to Plaintiff does not remove APA jurisdiction form the Court. *See Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988). For these reasons, the partial motion to dismiss should be denied.

> **D.    Count XI States a Claim for Relief Because Defendants Have Not Produced a Vaughn index, and the Court Should Appoint a Special Master to Review the Documents.**

The Court should also find that Plaintiff's claim for relief under Count XI—Appointment of Special Master also withstands dismissal.

In arguing whether Defendants have correctly applied the FOIA exemptions to withhold information, Plaintiff is disadvantaged by the fact that he is not permitted to see what has been withheld. *Vaughn v. Rosen* requires agencies to prepare an itemized index, correlating each withheld (or partially withheld) record to a specific FOIA exemption and providing an explanation of how the exemption applies. *See Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973); *Campaign for Responsible Transplantation v. FDA*, 219 F. Supp. 2d 106, 116 (D.D.C. 2002)

**RESPONSE TO MOTION TO DISMISS AND TO STRIKE COMPLAINT — Page 16**

("Without a proper Vaughn index, a requester cannot argue effectively for disclosure and this court cannot rule effectively.")

A *Vaughn* index "must show, with reasonable specificity, why the documents fall within the exemption." *Campbell v. Dept. of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1998) (emphasis added). In *Campbell*, the D.C. Circuit held that an agency's *Vaughn* index was insufficient where it "failed to draw any connection between the documents at issue and the general standards that govern" the exemption claimed. *Id.* The Campbell decision relied on *Hayden v. National Sec. Agency*, 608 F.2d 1381, 1387 (D.C. Cir. 1979) ("the affidavits must show, with reasonable specificity, why the documents fall within the exemption. The affidavits will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping." *Id.* (footnote omitted).

Further, foreclosing any argument Defendants may make, it is not valid to argue that providing too much detail in a *Vaughn* index would risk disclose of the very information that the agency seeks to withhold. While it is true that "requiring too much detail in a declaration could defeat the point of the exemption, in most cases the agency should not have difficulty describing the context and nature of the withheld information without revealing its substance." *Campbell*, 164 F.3d at 31.

Thus, at a minimum, to withhold documents under any exemption, Defendants must show <u>why</u> each item of redacted information is exempt from FOIA.[7] In this case, Defendants have wholly failed to provide <u>any</u> *Vaughn* index, much less that meets the D.C. Circuit's exacting

---

[7] Other circuits have even more robust requirements which, although not binding on this Court, are instructive. *See Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1326 n.1 (9th Cir. 1995) (requiring a *Vaughn* index to: (1) identify each document withheld; (2) state the statutory exemption claimed; and (3) explain how disclosure would damage the interests protected by the claimed exemption."); *Crancer v. Dep't of Justice*, 999 F.2d 1302, 1306 (8th Cir. 1993) (requiring a *Vaughn* index to "include a general description of each document's contents, including information about the document's creation, such as date, time, and place. For each document, the exemption claimed by the government is identified, and an explanation as to why the exemption applies to the document in question is provided.").

**RESPONSE TO MOTION TO DISMISS AND TO STRIKE COMPLAINT — Page 17**

standards.

Furthermore, trial courts have "broad discretion" in deciding to conduct in camera review. *Quinon v. FBI*, 86 F.3d 1222, 1227 (D.C. Cir. 1996). If a *Vaughn* index is inadequate to support withholding, it may be supplemented by *in camera* review of the withheld material. *Simon v. U.S. Department of Justice*, 980 F.2d 782, 784 (D.C. Cir. 1992) ("holding that despite inadequacy of the *Vaughn* index, in camera review "although admittedly imperfect…is the best way to [en]sure both that the agency is entitled to the exemption it claims and that the confidential source is protected") When the number of documents is voluminous, the courts have approved the use of Vaughn indexes based on representative samplings of the withheld records. *Meeropol v. Meese*, 790 F.2d 942, 956-957 (D.C. Cir. 1986) (allowing sampling of every 100th record when approximately 20,000 records were at issue).

As one court recently has held in a strikingly similar case:

> If an agency's explanations are inadequate for a district court to determine whether exemptions are validly claimed, the court may inspect the documents in camera, request amended or supplemental indexes and affidavits, or grant the plaintiff discovery. *Spirko v. U.S. Postal Serv.*, 147 F.3d 992, 997 (D.C. Cir. 1998). Indeed, trial courts have "broad discretion" in deciding to conduct in camera review. *Quiñon v. FBI*, 86 F.3d 1222, 1227 (D.C. Cir. 1996). Additionally, courts routinely direct agencies to revise their *Vaughn* index when they prove inadequate. *See, e.g., Nat'l Day Laborer Org. Network v. U.S. Immigr. & Customs Enf't*, 811 F. Supp. 2d 713, 732 (S.D.N.Y. 2011) (ordering agency to submit revised *Vaughn* index following in camera review of withheld documents), *amended on reconsideration* (Aug. 8, 2011); *ACLU v. U.S. Dep't of Just.*, 210 F. Supp. 3d 467, 483, 485-86 (S.D.N.Y. 2016) (directing agency to revise *Vaughn* submission and provide additional support for claimed exemption); *Pub. Emps. for Env't Resp. v. EPA*, 213 F. Supp. 3d 1, 10-11 (D.D.C. 2016) (directing agency to revise inadequate *Vaughn* index before deciding whether material was properly withheld).

*CLEAR v. United States Customs and Border Protection*, No. 19-CV-7079 (RER) (E.D.N.Y. Nov. 2, 2022) (attached as Exhibit B).

As the *CLEAR* court notes, the Court possesses discretion as to whether to permit an *in camera* inspection, and as such, this is not an appropriate topic for a motion to dismiss. This is

especially the case here, where Plaintiff has pled a reasonable basis for his belief that Defendants

have withheld responsive documents, given the content of Defendants' responses to date. *See id.*

at 10 (noting that even though in camera review confirmed that the plaintiffs' inference was

correct, "their conjecture was nonetheless reasonable, given the vagueness of details offered by

CBP to describe the withheld content."); s*ee also Halpern v. FBI*, 181 F.3d 279, 292 (2d Cir. 1999)

(allowing *in camera* review when "the record showed the reasons for withholding were vague or

where the claims to withhold were too sweeping or . . . where it might be possible that the agency

had exempted whole documents simply because there was some exempt material in them.").

For these reasons, the Court should decline to dismiss Count XI.

### E.    Defendants Have Not Met Their Burden of Proving that they are Entitled to Withhold Material Under the Exemptions Claimed.

Under FOIA, Defendants bear the burden of justifying the withholding of any record or

segregable portion thereof.  5 U.S.C.A. § 552(b); *PHE, Inc. v. Department of Justice*, 983 F.2d

248, 250 (D.C.Cir.1993). The agency may meet its burden by proving "that each document that

falls within the class requested either has been produced, is unidentifiable, or is exempt from FOIA

inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978). The FOIA requires

that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting

such a record after deletion of the portions which are exempt.  5 U.S.C. 552 (b); *Billington v. U.S.*

*Department of Justice*, 233 F.3d 581, 586 (D.C. Cir. 2000) (emphasizing that the FOIA's

segregability requirement limits exemption claims to "discrete units of information; to withhold

an entire document, all units of information in that document must be exempt.")

## V.    <u>The Court Should Deny the Motion to Strike Any Portion of Plaintiff's Complaint.</u>

### A.    Standard of Review

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter." Striking a portion of a pleading is a

**RESPONSE TO MOTION TO DISMISS AND TO STRIKE COMPLAINT — Page 19**

drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests. Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004). Enforcing these rules is at the trial court's discretion. *Ciralsky v. C.I.A.*, 355 F.3d 661, 669 (D.C. Cir. 2004); *United States ex rel. K & R Ltd. Partnership v. Massachusetts Housing Finance Agency*, 456 F. Supp. 2d 46, 51 (D.D.C.2006). Motions to strike are disfavored. *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd.*, 647 F.2d 200, 201 (D.C. Cir. 1981).

### B.    The Complaint Complies with Rule 8.

Rule 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 8(a) provides that a pleading "must contain… (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d) provides that "each allegation must be simple, concise, and direct." However, Rule 12(f) motions to strike any of these grounds are not favored. *Act Now to Stop War and End Racism Coalition v. District of Columbia*, 286 F.R.D. 117, 125 (D.D.C. 2012). Further, any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party. *See, e.g.*, *Sawo v. Drury Hotels Co., LLC*, No. 11-cv-2232-JTM-GLR, 2011 WL 3611400 (D. Kan. 2011).

A motion to strike should be denied "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy." *Tamburri v. Suntrust Mortg., Inc.*, 875 F. Supp. 2d 1009, 1028 (N.D. Cal. 2012) (claim for consequential damages is neither immaterial nor impertinent and should not be stricken under Rule 12(f)). Although, understandably Defendants may not like every fact included in Plaintiff's complaint, as those facts do not reflect favorably on the U.S. Government, those facts form the basis for Plaintiff's underlying FOIA requests and are crucial to understanding the context and significance of the

requests. Every fact included in Plaintiff's Complaint is related to and has a logical connection to the subject matter of the underlying FOIA requests.

Although Defendants claim Plaintiff's Complaint contains matters that are "collateral" to Plaintiff's FOIA claims, FOIA itself does not contain any such a limitation as to matters that are "relevant" to a FOIA claim. Further, Plaintiff's Complaint, consisting of approximately 40 pages describing claims against several Defendants, is not excessive under Rule 8. The cases cited by Defendants, in fact, support this proposition. Defendants cite to cases in which courts granted a motion to strike, consisting of 119 pages and 367 numbered paragraphs (*Ciralsky*, 355 F.3d at 669); 98 pages and 367 separate paragraphs (*Merrill Lynch*, 218 F.R.D. at 79); and others with unspecified content. *See* Mot. at 14-15. In contrast to those cases, which courts found simply contained laundry lists of wrongs committed by the respective defendants, Plaintiff here has done no such thing. In contrast, Plaintiff has included straightforward, factual sections regarding Plaintiff's background, background facts related to the incidents underlying Plaintiff's FOIA requests, relevant facts regarding some of the Defendants' actions which provide critical context to Plaintiff's FOIA requests, and significant facts which underscore the criticality of Plaintiff's FOIA requests. Such facts provide context to Plaintiff's FOIA requests and underscore the significance of Plaintiff's FOIA action. Simply because Defendants do not want to respond to such facts or do not want this court to read about the atrocities of the US Government does not make them immaterial to Plaintiff's FOIA action and does not amount to a violation of Rule 8. The Court should deny Defendants' motion to strike.

## **<u>CONCLUSION</u>**

For the reasons discussed above, the Court should deny Defendants' Motion, order other appropriate relief, and set a briefing schedule for further proceedings, including requiring Defendants to prepare and produce a *Vaughn* index.

**RESPONSE TO MOTION TO DISMISS AND TO STRIKE COMPLAINT — Page 21**

Dated: <u>January 6, 2023</u>.

Respectfully submitted,

<u>/s/ Adam Malik</u>
Adam Malik
Attorney-In-Charge
Texas Bar Number: 24094151
DC Bar Number:  TX0200

Malik & Associates, PLLC
P.O. Box 110251
Carrollton, TX 75011
(214) 881-2100 Tel
(469) 262-5800 Fax
amalik@malikfirm.com Email