UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRAZ KHAN, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>  Defendants. | Civil Action No. 22-2480 (TJK) |

**REPLY IN SUPPORT OF MOTION TO DISMISS IN PART AND TO STRIKE REMAINDER OF COMPLAINT AND SUPPORTING MEMORANDUM**

Defendants have moved pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6) to dismiss the above-captioned Freedom of Information Act ("FOIA") action to the extent it purports to assert a "failure to expedite" claim (Count II and VI), a "pattern and practice" claim (Count X), a claim under the Administrative Procedure Act ("APA") (Count VIII), a claim for attorneys' fees under the Equal Access to Justice Act ("EAJA") (Count IX), and a request for appointment of a special master (Count XI).  Of the eight FOIA requests at issue, moreover, three are not distinct requests for records and thus cannot form a basis for a FOIA claim under the remaining counts.  In addition, in light of the excessive allegations in the 40-page, 190 paragraph Complaint that are immaterial to pleading a claim under FOIA, Defendants also have moved pursuant to Rule 12(f) for an order striking the remainder of the Complaint and directing the Plaintiff(s)[1] to re-file it as to any remaining claims in a manner that complies with Rule 8.

---

[1]  The named Plaintiffs are Fraz Khan and the law firm, Malik and Associates, PLLC.  The Complaint alleges that the law firm was the requester on all the requests.  (Compl. ¶ 12) Plaintiff Malik contends that he submitted the requests as counsel for Mr. Khan.  Whether that is the case can be ascertained from the face of the requests, which are attached to the Complaint.  In the event the Court directs the re-filing of the Complaint consistent with Rule 8, Plaintiffs should be required

Plaintiff's opposition rests on conclusory allegations that are not supported by the exhibits to the Complaint. Although those exhibits do not reflect a complete record of processing that had occurred as of the filing date of the Complaint, the exhibits that are included (and which may be considered under a Rule 12(b)(6) standard) negate Plaintiff's bare allegations of a "policy or practice" by these Defendants of violating FOIA. *See, e.g., United States ex. rel. Riley v. St. Lukes Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) ("If such an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.").

What they show instead is that a final response had issued as of the filing date of the Complaint as to all but one of the five requests to CBP and as to the request to ICE (a request that was submitted approximately two-and-a-half months before the lawsuit was filed).[2] Thus, of the eight requests at issue, final responses had issued as to six of them prior to the filing of this lawsuit. While Plaintiffs can assert straightforward FOIA claims based on all eight requests to the extent they are proper FOIA requests (three are not), they have failed to plead any plausible basis to expand this case beyond that. Under well-established law, there is no cognizable claim under the Administrative Procedure Act ("Act") based on an alleged failure to comply with time limits of FOIA and there is likewise no cognizable claim under FOIA against any agency official. Moreover, isolated instances of alleged failures to comply with the time limits of FOIA do not

---

to clearly identify on whose behalf the requests were made and the named Plaintiff should be limited to the requester.

[2]  Of the eight "requests" at issue, five were submitted to U.S. Customs and Border Protection ("CBP"), one was submitted to U.S. Citizenship and Immigration Services ("USCIS"), one was submitted to the Federal Bureau of Investigation ("FBI"), and one was submitted to United States Immigration and Customs Enforcement ("ICE"). (Compl. ¶¶ 110, 118, 126, 135)

state a cognizable "pattern or practice" claim, and Plaintiffs never exhausted an expedited processing claim nor have they pled facts to plausibly assert such a claim.

A FOIA complaint also is not a platform for airing matters that are extraneous to the pleading of a short and concise claim under FOIA. The Court should thus dismiss the above-referenced counts of the Complaint and afford Plaintiffs an opportunity to re-file the Complaint as regards to the remaining FOIA claims consistent with the requirements of Rule 8. Plaintiffs' misdirected response to these arguments are briefly addressed below.

## ARGUMENT

Defendants described in their motion the FOIA requests at issue and the status of the processing of those requests at the time the Complaint was filed based on the allegations in the Complaint and its attachments. Plaintiffs have not disputed that description. Moreover, as established in Defendants' motion, and not disputed by Plaintiffs, the Complaint does not allege, nor do the materials attached to the Complaint reflect, that the requester sought expedited processing of any of the FOIA requests at issue.

What is at issue instead is Plaintiffs' dissatisfaction with the number of records that have been produced and the withholdings as to the requests for which final responses had issued as of the filing date of the Complaint, and, as to the two remaining requests, the failure of CBP (as to one of the requests) and ICE (as to the other request) to have issued a final response within the time period provided by FOIA.[3]  (Opp. at 4)  Accordingly, this case is narrow in scope, limited

---

[3] To the extent Plaintiffs reference a failure to produce a *Vaughn* Index (Opp. at 4), there is no requirement under FOIA that an agency produce such an index in response to a FOIA request. *See Twist v. Aschcroft*, 2002 U.S. Dist. LEXIS 4115, at *3 (D.D.C. Mar. 11, 2002) ("case law supports the defendant's position that production of a Vaughn index prior to the summary judgment stage is premature"), adopted by, 2002 U.S. Dist. LEXIS 27600 (D.D.C. Mar. 27, 2002). Accordingly, Plaintiffs' request for an order directing the production of a *Vaughn* Index should be denied.

3

to straightforward claims under FOIA. Plaintiffs attempt to expand this case beyond a routine FOIA lawsuit should be rejected.

I. **The Claims Against Individual Agency Officials Should Be Dismissed.**

In addition to the named Defendants (FBI, DHS, USCIS, CBP and ICE), Plaintiffs name as Defendants agency officials from these entities. The individual agency official defendants should be dismissed because FOIA only authorizes suits against certain executive branch agencies, not individuals. *See* 5 U.S.C. §§ 552(a)(4)(B) (authorizing suit against an agency); 552(f)(1) (definition of agency); *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006). Plaintiffs contend that the agency official defendants are properly named on the basis that the Complaint also seeks relief under the APA. (Opp. at 8) However, that argument fails because Plaintiffs have failed to plead a cognizable APA claim as addressed in Section III.C below.

II. **The CBP FOIA Requests That Do Not Seek Records Cannot Support A Claim Under FOIA.**

As addressed above and in more detail in Defendants' motion, at least two requests to CBP did not seek the production of documents, but instead sought either an update as to the status of a pending FOIA appeal, or were submitted improperly as a FOIA appeal. The July 19, 2021 request to CBP (request number 85549) provided, in pertinent part, "[t]he appeal CBP-AP-2021-067254 is past its due date. Please provide completed response to the appeal. Thank you." (ECF No. 1-2 at ECF p.16). The April 28, 2022 request to CBP (request number 71905) provided, in pertinent part, "This is an appeal for CBP-2022-030369." (ECF No. 1-2 at ECF p.40) Both fail to reasonably describe any records as being the subject of the request and thus are not valid requests. Any claim based on those requests thus should be dismissed. *Anderson v. Dep't of Just.*, 518 F. Supp. 2d 1, 10 (D.D.C. 2007) ("To the extent that plaintiff's FOIA requests are questions

or requests for explanations of policies or procedures, these are not proper FOIA requests.")[4]

Plaintiffs appear to concede that these requests do not seek documents, but instead "information." (Opp. at 9) Specifically, as Plaintiffs acknowledge, they seek information as to the status of a pending request or purport to be an administrative appeal of another request. (*Id*.) Consequently, CBP properly responded by advising the Plaintiffs that these were not valid FOIA requests.

### III. Numerous Counts of the Complaint Should Be Dismissed

#### A. Counts II and VI Should Be Dismissed

In Count II, styled "Injunctive Relief", Plaintiffs contend that Defendants should be required to "expedite" an unspecified "FOIA request" and make the requested documents available "forthwith." (Compl. ¶ 145) In Count VI, Plaintiffs allege that their request for expedited processing was wrongly denied. (Compl. ¶ 169) As established in Defendants' motion, these counts should be dismissed because Plaintiffs never requested expedited processing at the administrative level and Plaintiffs have failed to plead any facts that could support any inference of "(1) an imminent threat to the life or physical safety of an individual, (2) an 'urgency to inform the public about an actual or alleged federal government activity,' (3) a threatened loss of substantial due process rights, or (4) '[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence'" as would be required to support such a claim. *Middle East Forum v. Dep't of Homeland Sec.*, 297 F. Supp. 3d 183, 186 (D.D.C. 2018).

---

[4] Another request (the April 28, 2022 request assigned number 71874) was duplicative of a prior request.

5

Plaintiffs have not meaningfully responded to these arguments.  They simply contend that Defendants failed to respond to certain requests within the time period set forth in FOIA.  (Opp. at 9-12)    But that is not a basis to support unexhausted claims for expedited processing set forth in Counts II and VI.   Accordingly, those counts should be dismissed.

### B.     Count X Should Be Dismissed.

Count X purports to assert a "pattern and practice" claim against the Defendant agencies for failure to "timely adjudicate" FOIA requests.   As established in Defendants' motion, however, Plaintiffs have pled only isolated instances of failing to meet the time period set forth in FOIA.   It is well settled that limited instances of alleged delay cannot by themselves amount to a pattern or practice. *See, e.g.*, *Naumes v. Dep't of the Army*, Civ. A. No. 21-1670 (JEB), 2022 WL 594541, at *3 (D.D.C. Feb. 28, 2022) ("[D]elay alone, even repeated delay, is not the type of illegal policy or practice that is actionable under *Payne*.") (collecting cases); *Ctr. for Biological Diversity v. EPA*, No. 16-175, 2017 U.S. Dist. LEXIS 159654 at *61 (D.D.C. Sept. 28, 2017) (isolated instances of a failure to timely respond to a request is insufficient); *Cause of Action v. Eggleston,* 224 F. Supp. 3d 63, 71 (D.D.C. 2016) (finding allegations insufficient to state a pattern and practice claim and that "the Court is not required to, and does not, accept Plaintiff's conclusory and unsupported allegation that its requests have been delayed for illicit purposes and not as a result of legitimate efforts to review requested records"); *Muttit v. U.S. Cent. Command,* 813 F. Supp. 2d 221, 231 (D.D.C. 2011) ("The Court concludes that an allegation of a single FOIA violation is insufficient as a matter of law to state a claim for relief based on a policy, pattern, or practice of violating FOIA.").

Plaintiffs do not meaningfully respond to this case authority.   Instead, Plaintiffs advance a circular argument by contending that the "Complaint pleads that such a pattern or practice in fact

exists, as he has experienced that delay firsthand, and that in doing so, Defendants violate their statutory deadlines." (Opp. at 12) Equally misplaced is the contention that Plaintiffs have "specifically alleged that, on multiple occasions, Defendants have failed to adjudicate Plaintiff's FOIA requests, and that such has occurred multiple times and with various agencies, thus creating a pattern." (*Id*. at 13) Not only is this assertion contrary to the exhibits attached to the Complaint (which show that final responses were issued with respect to all but one request to CBP and the request to ICE), but these agencies (or components thereof) are distinct and thus cannot be grouped together as the basis for asserting a "pattern or practice" by them collectively.

### C. Counts VIII and IX Should Be Dismissed

Count VIII purports to assert a claim under the APA based on the Defendants' processing of the FOIA requests at issue, and Count IX purports to seek attorneys' fees under EAJA, which is a fee shifting statute applicable to APA claims. It is well-settled that a purported APA claim seeking the same remedies made available by FOIA, as is the case here, falls outside of the judicial review provided by the APA, namely, that there is "no other adequate remedy in a court." 5 U.S.C. § 704; *Garcia v. Vilsack*, 563 F.3d 519, 522 (D.C. Cir. 2009); *Feinman v. F.B.I.*, 713 F. Supp. 2d 70, 76 (D.D.C. 2010). Accordingly, any claim asserted by Plaintiffs under the APA should be dismissed. *Feinman*, 713 F. Supp. 2d at 76.

Here, the basis for Plaintiffs' APA claim is the alleged failure by Defendants "to timely respond to Plaintiff's FOIA requests" and a "pattern or practice claim" that has not been plausibly pled as already established above. (Opp. at 15) Plaintiffs, moreover, acknowledge that "this Court enjoys extraordinarily broad equitable powers under FOIA," including over a properly pled pattern or practice claim. (*Id*.) Thus, because an "adequate remedy" for Plaintiffs' claims is available under FOIA, Plaintiffs have no viable APA claim. *Tereshchuk v. Bureau of Prisons, Dir.*,

No. 14–5278, 2015 WL 4072055, at *1 (D.C. Cir. June 29, 2015) (per curiam) (noting that because the FOIA provides an adequate remedy for the relief sought, plaintiff's APA claims are dismissed as "barred."). In the absence of a viable APA claim, there is likewise no basis for Plaintiffs' claim under the separate fee-shifting provisions of EAJA.

    **D.**    **Count XI Should Be Dismissed.**

Count XI seeks appointment of a special master to conduct the search and review of records requested in the FOIA requests. This claim has no basis under FOIA. Defendants will submit a *Vaughn* Index to the Court when they move for summary judgment, which is the appropriate time for doing so (*supra* n. 3), and, should the Court determine that the record presented by the Defendants is insufficient, the Court has discretion to review withheld records in camera. That determination, however, cannot be made on the pleadings. *Hall v. CIA*, 268 F. Supp. 3d 148, 165 (D.D.C. 2017) ("[W]hen the agency meets its burden [under FOIA] by means of affidavits, in camera review is neither necessary nor appropriate.") In all events, Plaintiffs have failed to plead any facts that plausibly could establish a basis for the extraordinary relief of the appointment of a special master.

**IV.**    **The Court Should Strike the Complaint With Leave for Plaintiffs to File an Amended Complaint that Complies with Rule 8 and Omits Extraneous Matters.**

This litigation concerns the processing of a handful of FOIA requests, yet the Complaint totals approximately 40 pages and is almost 200 paragraphs. Allegations regarding the FOIA requests, moreover, do not begin until paragraph 106 of the Complaint. The allegations that precede that paragraph consist of alleged background that is immaterial to the pleading of a claim under FOIA. Specifically, paragraphs 28 to 105 of the Complaint assert immaterial allegations under headings such as: "Mr. Khan's Background," "Background Facts Regarding Mr. Malik (Mr. Khan's brother)," "Events Giving Rise to Causes of Action," "CBP's History of Misconduct and

Impunity," "FBI's History of Misconduct and Impunity," and "Role of Military in Pakistan."

These allegations are not germane to a FOIA claim but reflect an effort to use a FOIA complaint to elicit a narrative response from Defendants—if they were required to answer such allegations—as to collateral matters of interest to the Plaintiffs in a form that they could not obtain through FOIA. *Anderson v. Dep't of Just.*, 518 F. Supp. 2d 1, 10 (D.D.C. 2007) ("To the extent that plaintiff's FOIA requests are questions or requests for explanations of policies or procedures, these are not proper FOIA requests.").

Under such circumstances, "requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants." *Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, No. 16-14192, 2017 WL 2471277 at *3 (E.D. Mich. June 8, 2017). Given these immaterial allegations, and the unnecessary length of the Complaint, the Complaint should be stricken with leave to re-file after resolution of the grounds for dismissal addressed above.

Plaintiffs have failed to meaningfully respond to this argument. (Opp. at 19-21) Instead, they contend that the size of their Complaint – consisting of 40 pages – is not as voluminous as the complaints stricken in the cases cited in Defendants' motion. But that is a misdirection. Rule 8 requires a "short and plain statement" of the claim being asserted. Here, the claim asserted is under FOIA and the extraneous allegations in the Complaint are not pertinent to pleading a claim under FOIA. In the FOIA context, a 40-page Complaint with close to 200 paragraphs (most of which involving extraneous "background") violates Rule 8 by any measure.

A motion to strike is thus an appropriate response to a Complaint that, as here, is "'neither short nor plain,' but rather a 'repetitive discursive and argumentative account of the alleged wrongs suffered by the plaintiff.'" *Ciralsky v. CIA,* 355 F.3d 661, 669 (D.C. Cir. 2004). Accordingly,

after resolution of the grounds for dismissal addressed above, the Court should strike the Complaint and afford Plaintiffs a designated period to file an amended pleading that conforms with Rule 8, omits all redundant and immaterial matters and otherwise conforms to any ruling dismissing the claims, parties and counts as requested herein.

## CONCLUSION

For the foregoing reasons, and those set forth in Defendants' motion, Defendants' motion to strike and dismiss in part should be granted.

    Respectfully submitted,

    MATTHEW M. GRAVES, D.C. Bar #481052
    United States Attorney

    BRIAN P. HUDAK
    Chief, Civil Division

By: _____/s/_____
JEREMY S. SIMON, D.C. Bar No. 447956
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528
jeremy.simon@usdoj.gov