# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

FRAZ KHAN et al.,

                    *Plaintiffs*,

          v.

U.S. DEPARTMENT OF HOMELAND
SECURITY et al.,

                    *Defendants*.

Civil Action No. 22-2480 (TJK)

## <u>MEMORANDUM OPINION AND ORDER</u>

 Fraz Malik Khan, a citizen of the United Kingdom, alleges that he and his brother were wrongfully detained at an airport in the United States in January 2021. His brother's law firm made several Freedom of Information Act requests for records on his behalf related to this incident. Unsatisfied with the responses, Khan and his brother's law firm sued. Defendants move to dismiss the complaint in part, because it names several improper defendants, relies on invalid FOIA requests, and otherwise fails to state valid FOIA claims. Defendants also move to strike the rest of the complaint, in particular a lengthy diatribe about Defendants' conduct that has nothing to do with the pleading requirements for a FOIA claim. The Court largely agrees, and so it will dismiss several defendants and claims, strike what remains, and order Plaintiffs to file an amended complaint that conforms to this Memorandum Opinion.

## I. Background

 According to the complaint, Kahn and his brother were wrongfully detained at the Dallas Fort Worth International Airport on January 3, 2021. *See* ECF No. 1 ("Compl.") ¶¶ 11, 29, 42. His brother is an attorney with Malik and Associates, PLLC ("MAA"), a law firm. *Id.* ¶¶ 12, 29. MAA submitted several FOIA requests for records relating to this event to Defendants Customs

and Border Protection ("CBP"), U.S. Citizenship and Immigration Services ("USCIS"), U.S. Immigration and Customs Enforcement ("ICE"), and the Federal Bureau of Investigation ("FBI"). *Id.* ¶¶ 1, 12, 15–18, 29, 110–141.  USCIS, CBP, and ICE are each component entities of another defendant, the Department of Homeland Security ("DHS").  *Id.* ¶¶ 14–18.  For each request, Plaintiffs allege that the agency "wrongfully withheld the requested records."  *Id.* ¶¶ 117, 124, 133, 140. Those requests are detailed below.

### A.    CBP Requests

MAA submitted five requests to CBP.  Compl. ¶ 110.  The first, CBP-2021-046570 ("#046570"), and the second, CBP-2021-085549 ("#085549"), were submitted on March 26 and July 19, 2021, respectively.  *Id.* at 31; ECF No. 1-2 at 9, 14.  Request #046570 sought records about the seizure of Khan's phone and his detention, among other things.  ECF No. 1-2 at 9, 60. CBP partially granted the request, releasing two responsive pages but withholding as exempted five others.  *Id.* at 4, 11–13.  After MAA appealed, CBP concluded the initial search was inadequate and found more responsive records.  *Id.* at 62–78.  It therefore "release[d] some previously redacted information . . . and an additional 84 pages of records responsive to [request #046570]," but it withheld others.  *Id.* at 59, 62–78.  Request #085549 purported to appeal the CBP's initial failure to respond to MAA's appeal of request #046570.  *Id.* at 14–15.  CBP closed that request as an "[i]mproper FOIA request," because a FOIA request is "not the avenue to inquire regarding a FOIA appeal."  *Id.* at 14, 19.

MAA submitted its third request, CBP-2022-030369 ("#030369"), on January 6, 2022. Compl. at 31; ECF No. 1-2 at 20.  Request #030369 sought various documents pertaining to Khan's "apprehension, detention, and contact by the CBP."  ECF No. 1-2 at 20.  MAA attempted to appeal from request #030369.  *Id.* at 91–92.  CBP rejected that appeal because request #030369 was still "pending."  *Id.* at 95.

On April 28, 2022, MAA submitted its fourth request, CBP-2022-071874 ("#071874"), seeking "[a]ny and ALL records, Data, information, any thing [sic] regardless of description connected to Fraz Malik Khan . . . that CBP has ever accessed or come in possession of." ECF No. 1-2 at 32–33, 35; Compl. at 31. CBP closed the request because "it is a duplicate of" request #030369. ECF No. 1-2 at 37. MAA appealed this request, too. *Id.* at 82–83. CBP responded that it could not remand request #071874 because it did "not have supporting documents." *Id.* at 85.

Also on April 28, 2022, MAA submitted its fifth request to CBP, CBP-2022-071905 ("#071905"), which stated, "This is an appeal for CBP-2022-030369. . . . This FOIA request is being appealed based on the failure to respond. The Failure to respond is being treated as a denial of the FOIA request." ECF No. 1-2 at 39; Compl. at 31. CBP rejected request #071905 because it determined that the request was "an appeal of a previous decision," which, it said, cannot be appealed by another FOIA request. ECF No. 1-2 at 43. MAA then appealed that decision, which CBP closed for a similar reason—because it duplicated MAA's direct appeal of request #030369 under a different tracking number. *Id.* at 91.

## B.     FBI Request

On May 26, 2021, MAA submitted one request to the FBI. Compl. ¶ 126. That request sought "records pertaining to Plaintiff Khan's name found in anything within FBI's jurisdiction and control." *Id.* ¶ 127. The FBI responded that it was "unable to identify records responsive to [the] request." ECF No. 1-2 at 159; Compl. ¶ 128. MAA appealed. Compl. ¶ 129. The Department of Justice responded, affirming that "FBI's action was correct and that it [had] conducted an adequate, reasonable search for [responsive] records." ECF No. 1-2 at 163; Compl. ¶ 131.

## C.     USCIS Request

On June 1, 2021, MAA submitted a request to USCIS. Compl. ¶ 118. Mirroring the FBI request, the USCIS request sought "records pertaining to Plaintiff Khan's name found in anything

within USCIS's jurisdiction and control." *Id.* ¶ 119.  USCIS responded in July 2021, and later

released a portion of responsive documents and withheld others.  *Id.* ¶ 121; ECF No. 1-2 at 137–39.

MAA appealed USCIS's response.  Compl. ¶ 121.  As a result, USCIS released some, but not all,

previously withheld documents.  *Id.* ¶ 122; ECF No. 1-2 at 140–41.

### D.  ICE Request

On May 28, 2022, MAA submitted a request to ICE.  Compl. ¶ 135; ECF No. 1-2 at 205.

Like the FBI and USCIS requests, the ICE request sought "records pertaining to Plaintiff Khan's

name found in anything within ICE's jurisdiction and control."  Compl. ¶ 136.  A few days later,

ICE rerouted that request to CBP because it sought "records that would be maintained by [CBP]."

*Id.* ¶ 137; ECF No. 1-2 at 204.

## II.  Procedural Background

Unsatisfied with the responses to the above FOIA requests, in August 2022 Plaintiffs sued

DHS, USCIS, ICE, CBP, FBI, Secretary of DHS Alejandro Mayorkas,[1] Director of USCIS Ur

Jaddou, CBP Commissioner Chris Magnus, Director of ICE Tae Johnson, and Director of the FBI

Christopher Wray.  Compl. ¶¶ 14–23.  Plaintiffs bring eleven claims for:

I.  Declaratory judgment under 5 U.S.C. § 552(a)(6)(A), Compl. ¶¶ 142–43;
II.  Injunctive relief to expedite "Plaintiff's FOIA request" and make the requested information available, Compl. ¶¶ 144–45;
III.  Improper withholding of agency records, Compl. ¶¶ 146–52;
IV.  Failure to make a determination and promptly produce responsive documents under 5 U.S.C. § 552(a)(6)(A)(i), Compl. ¶¶ 153–59;
V.  Failure to conduct an adequate search for responsive records under 5 U.S.C. § 552(a)(3), Compl. ¶¶ 160–65;
VI.  Failure to expedite Plaintiff's "FOIA request" under 5 U.S.C. § 552(a)(6)(E)(iii), Compl. ¶¶ 166–171;
VII.  Attorney's fees and costs under 5 U.S.C. § 552(a)(4)(E), Compl. ¶¶ 172–74;
VIII.  Acting arbitrarily and capriciously in violation of 5 U.S.C. §§ 555(b), 702, 704, and 706 of the Administrative Procedure Act ("APA"), Compl.

---

[1] Although Plaintiffs name "Alejandro" in their complaint, Compl. ¶¶ 1, 19, the Court adopts the full name, "Alejandro Mayorkas," listed in the caption, *id.* at 1.

¶¶ 175–77;

IX.     Attorney's fees under 28 U.S.C. § 2412(d)(2) of the Equal Access to Justice Act, Compl. ¶¶ 178–80;

X.      A pattern and practice of failing to timely adjudicate FOIA processing requests in violation of FOIA, Compl. ¶¶ 181–86; and

XI.     Appointment of a special master, Compl. ¶¶ 187–190.

None of the claims that challenge Defendants' responses to the FOIA requests set forth in the complaint specify to which of those many FOIA requests the claim applies.

Defendants move to dismiss in part and to strike the rest of the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  ECF No. 10.  Specifically, Defendants seek to dismiss Khan as a plaintiff and the named agency officials as defendants.  *Id.* at 1.  They also seek to dismiss any FOIA claims based on "requests" that are "in the nature of questions to the agencies."  *Id.*  And they seek to dismiss Counts II, VI, VIII, IX, X, and XI entirely.  *Id.* at 1.  Finally, they move to strike the 44-page, 190-paragraph complaint, for containing "excessive allegations . . . immaterial to pleading a claim under FOIA," including paragraphs 28 through 105.  *Id.* at 1, 13.  Plaintiffs oppose.  ECF No. 12.

## III.    Legal Standards

To survive a Rule 12(b)(1) motion to dismiss, a plaintiff carries the burden of establishing subject-matter jurisdiction by a preponderance of the evidence.  *See Harris v. Sebelius*, 932 F. Supp. 2d 150, 151 (D.D.C. 2013).  A court considering a motion to dismiss for lack of jurisdiction must accept the factual allegations as true.  *Jerome Stevens Pharms., Inc v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).  But the Court need not accept "legal conclusions couched as factual allegations."  *Harris*, 932 F. Supp. 2d at 151.  On a Rule 12(b)(1) motion, the Court may consider the complaint and any undisputed facts in the record, or "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

To survive a Rule 12(b)(6) motion to dismiss, on the other hand, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Though "a court must accept as true all of the allegations contained in a complaint," "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Rather, a claim is "plausible when it contains factual allegations that, if proved, would 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).  And the court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice."  *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

## IV.    Analysis

There are probably viable FOIA claims against certain defendants lurking somewhere in the complaint.  The problem for Plaintiffs is that any such claims have been lost in a sea of improper defendants, references to filings that are not actionable FOIA requests, legally deficient claims, and immaterial allegations.  So the Court will provide Plaintiffs a chance to file an amended complaint after dismissing certain improper defendants and claims and striking the rest of the complaint.

### A.    Khan Has Standing

Defendants first argue that Khan should be dismissed because the complaint alleges that MAA submitted all the challenged FOIA requests.  ECF No. 10 at 7 (citing Compl. ¶ 12).  Thus, they argue, Khan lacks standing.  But if an attorney makes a FOIA request for a client, the client has standing to challenge the government's response if the attorney "clearly indicate[d] that it is

being made on behalf of the [client]." *Smallwood v. DOJ*, 266 F. Supp. 3d 217, 220 (D.D.C. 2017) (second alteration in original) (quotation omitted). Although Plaintiffs allege that MAA "is the requestor on all FOIA requests," they also allege that, "[o]n behalf of *Mr. Khan*, MAA has sub-mitted FOIA requests . . . ." Compl. ¶¶ 12, 75 (emphasis added). And the materials attached to the complaint confirm that that MAA—through Khan's brother—submitted the challenged FOIA requests on Khan's behalf.[2] Thus, Khan has standing to challenge them.

### B.    Plaintiffs Have Failed to State Any Claim Against Individual Agency Officials

Defendants next argue that Plaintiffs cannot properly bring FOIA claims against agency officials. ECF No. 10 at 7. FOIA only authorizes suits against an "agency," so "no cause of action exists that would entitle [Plaintiffs] to relief from [individual officials] under . . . FOIA." *Martinez v. BOP*, 444 F.3d 620, 624 (D.C. Cir. 2006) (quoting 5 U.S.C. § 552(a)(4)(B)). Plaintiffs do not argue to the contrary. *See* ECF No. 12 at 8. Instead, they say that the individual agency officials are proper defendants for their APA claims. *Id.* But, as explained below, Plaintiffs have failed to state these APA claims. Thus, Plaintiffs have failed to state any claim against the named individual defendants—the Secretary of DHS, Director of USCIS, Commissioner of the CBP, Director of ICE, and Director of the FBI, Compl. ¶¶ 19–23. Therefore, the Court will dismiss these defend-ants.

### C.    Plaintiffs Have Failed to State FOIA Claims Based on Two CBP Requests

Defendants also take aim at claims based on two of Plaintiffs' CBP requests—#085549 and #071905—which they argue are improper FOIA requests. ECF No. 10 at 7–8.

---

[2] *See, e.g.*, ECF No. 1-2 at 1, 7 (request #046570), 14 (request #085549), 20, 22–23, 125, 128 (request #030369), 32, 85 (request #071874), 38 (request #071905), 142, 144 (USCIS request), 163, 173 (FBI request), 196, 205 (ICE request).

To state a claim under FOIA, a plaintiff must plausibly allege "that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Citizens for Resp. and Ethics in Washington v. United States*, 922 F.3d 480, 486 (D.C. Cir. 2019) (quotation omitted). And a proper FOIA request must, among other things, "reasonably describe[]" the records sought. 5 U.S.C. § 552(a)(3)(A). "An agency's decision to withhold agency records is not improper if it has not received a request that reasonably describes such records." *Gun Owners of Am., Inc. v. FBI*, 594 F. Supp. 3d 37, 42 (D.D.C. 2022) (cleaned up). Put differently, improper FOIA requests do not trigger an agency's FOIA obligations. *See Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002). Further, "it is well-established that the FOIA 'does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained.'" *Jean-Pierre v. BOP*, 880 F. Supp. 2d 95, 103 (D.D.C. 2012) (quoting *Kissinger v. Reps. Comm. For Freedom of the Press*, 445 U.S. 136, 142 & n.7 (1980)). And ultimately, "a motion under Rule 12(b)(6) is the appropriate vehicle for determining whether a plaintiff's request reasonably describes the records sought." *Gun Owners*, 594 F. Supp. 3d at 42.

Neither request seeks the production of documents. Rather, each purport to appeal CBP's responses to *other* FOIA requests. Request #085549's "[d]escription" is: "The appeal of [request #046570] is past its due date. Please provide completed response to the appeal." ECF No. 1-2 at 16. Request #071905 contains, in relevant part, a similar description: "This is an appeal for [request #030369]. . . . The FOIA request is being appealed based on the failure to respond." *Id.* at 40. Because neither requests—or reasonably describes—any records subject to FOIA, they are not proper FOIA requests, and any claims based on them must be dismissed.[3]

---

[3] *See, e.g.*, *Jean-Pierre*, 880 F. Supp. 2d at 103 (To "the extent that a plaintiff's FOIA requests are questions or requests for explanations of policies or procedures, they are not proper

### D.      Several Counts Fail to State a Claim

Defendants seek to dismiss to several counts altogether for failure to state a claim, including Counts II, VI, VIII, IX, X, and XI.  Plaintiffs have failed to state any claims in these counts, so the Court will dismiss them.

### 1.      Counts II and VI

Defendants argue that Counts II and VI must be dismissed.  ECF No. 10 at 8–10.  Count II, titled "Injunctive Relief," seeks to "expedite" a "FOIA request."  Compl. ¶ 145.  Relatedly, Count VI alleges that unspecified defendants "wrongfully denied Plaintiff's request for expedited processing of Plaintiff's FOIA request."  *Id.* ¶ 169.

Count II's "cause of action" for "injunctive relief" is a nonstarter because "injunctive relief is a type of remedy, not a freestanding cause of action."  *Equitas Disability Advocs., LLC v. Bryant*, 134 F. Supp. 3d 209, 222 (D.D.C. 2015).  That is so whether or not Plaintiff could bring a claim for failure to expedite a FOIA request or obtain injunctive relief for that or any other claim.  Because there is no such thing as a standalone injunctive-relief cause of action, the Court will dismiss Count II.

Count VI also fails to state a claim for a dizzying number of reasons.[4]  Most obviously, the complaint contains no allegation that Plaintiffs ever requested that any defendant expedite one of

FOIA requests"; that is, an "agency need not respond to 'questions disguised as FOIA requests.'" (alterations adopted) (quotations omitted)); *DOJ v. Tax Analysts*, 492 U.S. 136, 144–145 (1989) (To qualify as an agency record, the agency must have created or obtained the documents "at the time the FOIA request is made.").

[4] Plaintiffs also conceded to the dismissal of Count VI by failing to respond to Defendants' arguments.  (Plaintiffs appear to mistakenly argue against dismissal of Count *IV*, which Defendants did not move to dismiss.  ECF No. 12 at 9–10.)  The Court may therefore treat Defendants' arguments to dismiss Count VI as conceded.  *Texas v. United States*, 798 F.3d 1108, 1110 (D.C. Cir. 2015) ("[I]f a party files an opposition to a motion and therein addresses only some of the

their FOIA requests under 5 U.S.C. 552(a)(6)(E).  Indeed, Count VI refers to only an unspecified "Defendant" and "his FOIA request"—without explaining *which* Defendant failed to expedite *which* FOIA request.  Compl. ¶ 167.  And although it is not the Court's—or Defendants'—job to scour through the 212 pages of materials attached to the complaint, those materials lack any suggestion that Plaintiffs ever sought to expedite any of their FOIA requests.[5]  Indeed, Plaintiffs never even argue that they made such a request.[6]

Even if Plaintiffs *had* alleged that they sought expedited processing of their requests, to assert a claim for expedited processing they would need to show "(1) an imminent threat to the life or physical safety of an individual, (2) an 'urgency to inform the public about an actual or alleged federal government activity,' (3) a threatened loss of substantial due process rights, or (4) '[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.'"  *Middle E. F. v. DHS*, 297 F. Supp. 3d 183, 186 (D.D.C. 2018).  They plead nothing of the sort.

And finally, Plaintiffs appear to concede that Defendants *have* responded to many of their FOIA requests, even if they did so in a way Plaintiffs found unsatisfactory.  *See* ECF No. 12 at 10

---

movant's arguments, the court may treat the unaddressed arguments as conceded." (quotation omitted)).  That said, as explained above, Count VI is legally deficient on the merits for many reasons.

[5] *See* ECF No. 1-2 at 1–212; *see also Bain v. Off. of Att'y Gen.*, No. 21-cv-1751 (RDM), 2022 WL 17904236, at *1 (D.D.C. Dec. 23, 2022) (A "district court is not 'obliged to sift through hundreds of pages . . . to make [its] own analysis and determination of what may[] or may not' support the plaintiff's claims." (alterations in original) (quoting *Twist v. Meese*, 854 F.2d 1421, 1425 (D.C. Cir. 1988))).

[6] Plaintiffs *do* argue that "Defendants unreasonably refused to *process* Plaintiff's FOIA requests."  ECF No. 12 at 9 (capitalization altered) (emphasis added).  But whether Defendants failed to process timely Plaintiffs' requests under 5 U.S.C. § 552(a)(6)(A)(i) is a separate question from whether they failed to expedite those requests under 5 U.S.C. § 552(a)(6)(E).  *See* ECF No. 12 at 10–12.

(arguing only that Defendants have not reached a final disposition as to two of their FOIA requests).  To the extent Defendants have already fully responded to Plaintiffs' requests, even if Plaintiffs had requested that they be expedited, the Court would lack jurisdiction over failure-to-expedite claims based on them.  *See* 5 U.S.C. § 552(a)(6)(E)(iv) ("A district court of the United States shall not have jurisdiction to review an agency denial of expedited processing of a request for records after the agency has provided a complete response to the request.").[7]

### 2.    Count X

Defendants next challenge Count X, Plaintiffs' pattern-and-practice claim against the defendant agencies because, they argue, Plaintiffs "have failed to plausibly allege any 'pattern' or 'practice' of untimely adjudication" of FOIA requests.  ECF No. 10 at 10–11.

In *Payne Enterprises, Inc. v. United States*, the D.C. Circuit recognized that, "even though a party may have obtained relief as to a *specific request* under the FOIA," the party may still bring "a claim that an agency *policy or practice* will impair the party's lawful access to information in the future."  837 F.2d 486, 491 (D.C. Cir. 1988).  To state such a pattern-and-practice claim, a plaintiff must "alleg[e] prolonged, unexplained delays in producing non-exempt records that could signal the agency has a policy or practice of ignoring FOIA's requirements."  *Jud. Watch, Inc. v. DHS*, 895 F.3d 770, 780 (D.C. Cir. 2018).  That is, "the plaintiff must allege a pattern of prolonged delay amounting to a persistent failure to adhere to FOIA's requirements and that the pattern of delay will interfere with its right under FOIA to promptly obtain non-exempt records from the agency in the future."  *Id.*  But "delay alone, even repeated delay, is not the type of illegal policy

---

[7] *See also, e.g.*, *Muttitt v. Dep't of State*, 926 F. Supp. 2d 284, 296 (D.D.C. 2013) ("[T]he only relief required by the FOIA with regard to expedited processing is moving an individual's request 'to the front of the agency's processing queue.'" (quotation omitted)); *Houser v. Church*, 271 F. Supp. 3d 197, 203–04 (D.D.C. 2017) (dismissing claim on FOIA request that the defendant "already ha[d] processed" because the "Court no longer [could] entertain the plaintiff's request for expedited processing of that request").

or practice that is actionable under *Payne Enterprises*." *Cause of Action Inst. v. Eggleston*, 224 F. Supp. 3d 63, 72 (D.D.C. 2016). Plaintiffs must point to "more egregious, intentional agency conduct" than "a mere failure to meet statutory deadlines to move forward on its policy or practice claim." *Id.* (quotation omitted).

Plaintiffs' allegations in their pattern-and-practice claim in Count X fail to plausibly state such a claim. As is true for all of Plaintiffs' claims, Count X identifies no specific requests that any specific defendants have failed to adjudicate, instead alleging generally that Defendants have failed to adjudicate "Plaintiff's FOIA requests." Compl. ¶ 182. As a result, Plaintiffs offer no factual allegations that support the existence of any pattern or practice as to any particular defendant. *See Muttitt v. U.S. Cent. Command*, 813 F. Supp. 2d 221, 230 (D.D.C. 2011) (analyzing pattern-and-practice claims by agency, not wholesale, and dismissing claims as against one defendant but not another). Moreover, no allegations in Count X point to any "more egregious, intentional agency conduct" than "a mere failure to meet statutory deadlines." *Cause of Action Inst.*, 224 F. Supp. 3d at 72.

The records attached to the complaint do not support a pattern or practice claim either. Far from revealing any "pattern of prolonged delay amounting to a persistent failure to adhere to FOIA's requirements," *Jud. Watch*, 895 F.3d at 780, they reflect that when Plaintiffs filed the complaint, Defendants had responded to all but two of the requests.[8] And at most, the handling of these requests reflects "merely isolated mistakes by agency officials," which are not enough to state a claim. *See Jud. Watch*, 895 F.3d at 778 (quoting *Payne*, 837 F.2d at 491); *see also Muttitt*, 813 F. Supp. 2d at 231 (An "allegation of a single FOIA violation is insufficient as a matter of law

---

[8] *See* ECF No. 1-2 at 12, 59 (resolving request #046570), 19 (resolving request #085549), 37, 85 (resolving request #071874), 43, 91 (resolving request #071905), 140 (resolving USCIS request), 163 (resolving FBI request).

to state a claim for relief based on a policy, pattern, or practice of violating FOIA.").

In response, Plaintiffs offer a series of non-sequiturs and unsupported legal conclusions. They say that a policy or practice of delay "would be inconsistent with the text and purposes of FOIA" and that the complaint "pleads that such a pattern or practice in fact exists." ECF No. 12 at 12. They also affirm—what no one disputes—that courts enjoy "equitable authority under FOIA to adjudicate 'policy or practice' claims independent of a request-specific claim." *Id.* at 12–13. And although they baldly allege that the delay that happened is a "pattern" or "practice," the "court need not accept [Plaintiffs'] legal conclusions as true, . . . nor must [it] presume the veracity of legal conclusions that are couched as factual allegations." *See Alemu v. Dep't of For-Hire Vehicles*, 327 F. Supp. 3d 29, 40 (D.D.C. 2018).

### 3.      Counts VIII and IX

Defendants argue that Count VIII and IX, both arising under the APA, fail to state a claim too.[9]

"Judicial review under the APA is only available when 'there is no other adequate remedy in a court.'" *Montgomery v. IRS*, 40 F.4th 702, 716 (D.C. Cir. 2022) (quoting 5 U.S.C. § 704). Section 704 of the APA therefore precludes "APA review where Congress has otherwise provided a 'special and adequate review procedure.'" *Garcia v. Vilsack*, 563 F.3d 519, 522 (D.C. Cir. 2009) (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 904 (1988)). "[T]he alternative remedy need not provide relief identical to relief under the APA, so long as it offers relief of the 'same genre.'" *Id.* (quotation omitted). FOIA claims are classically ones for which there *are* other adequate remedies—namely, those provided in FOIA. *See Montgomery*, 40 F.4th at 716. ("The remedy for the

---

[9] Count IX is a request for attorney's fees under the Equal Access to Justice Act based on the APA claim set forth in Count VIII.

13

[plaintiffs] is a release of certain documents responsive to their FOIA requests.  This remedy is available in court under the FOIA statute, were the [plaintiffs] to prevail on their claims." (citing 5 U.S.C. § 552(a)(3)(A), (a)(4)(B))).  Thus, "courts in this Circuit have 'uniformly' concluded that they lack jurisdiction over APA claims that seek remedies available under FOIA."  *Harvey v. Lynch*, 123 F. Supp. 3d 3, 7–8 (D.D.C. 2015).

Counts VIII and IX cannot be squared with these principles.  Count VIII seeks "arbitrary and capricious" review of Defendants "action in withholding the requested information."  Compl. ¶ 176.  But FOIA affords Plaintiffs judicial review of and remedies for such conduct, rendering independent APA review improper.  FOIA gives the Court "jurisdiction to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).  And Counts III, IV, and V implore the Court to exercise that very jurisdiction.  Compl. ¶¶ 146–65.  Plaintiffs cannot recast their FOIA claims as APA ones, regardless of whether their FOIA claims turn out to be successful.  *See Montgomery*, 40 F.4th at 716 ("Simply because the [plaintiffs] do not prevail on their claims does not make them subject to the exclusive review the APA provides.").

Plaintiffs attempt to distinguish their APA claim in Count VIII from their FOIA claims by arguing that this is the rare case in which there is "too great of a 'gap between the relief sought [through an APA claim] and the relief FOIA affords.'"  ECF No. 12 at 15 (quoting *Citizens for Resp. & Ethics in Washington v. DOJ*, 846 F.3d 1235, 1244 (D.C. Cir. 2017)).  Specifically, they say that, beyond violating FOIA's deadlines, Defendants have "also engaged in ongoing arbitrary and capricious violations of FOIA's procedural requirements," for which "APA remedies are available *in addition to FOIA remedies*."  *Id.* (emphasis added).   In other words, Plaintiffs seem to argue, their "APA claim 'is not challenging the Defendants' substantive determinations . . . [but]

[r]ather, it purportedly challenges defendants' 'procedural policies . . . ." *Feinman v. FBI*, 713 F. Supp. 2d 70, 77 (D.D.C. 2010). Not so. At bottom, that "distinction is unpersuasive," because "FOIA 'imposes no limits on courts' equitable powers in enforcing its terms,'" and so "the statutory and equitable remedies available to [Plaintiffs] under FOIA would provide the same relief from the alleged policies as would the APA." *Id.*

Plaintiffs' reliance on their pattern-and-practice claim in Count X to support their APA claim in Count VIII misses the mark, too. ECF No. 12 at 15–16. For starters, the complaint does not even allege that the APA claim turns on any pattern or practice. That aside, when "a plaintiff challenges an alleged pattern and practice of violating procedural requirements of FOIA in connection with the processing of the plaintiff's FOIA requests[,] the Court has the power *under FOIA and Payne* to provide the requested declaratory and injunctive remedies." *Nat'l Sec. Couns. v. CIA*, 898 F. Supp. 2d 233, 265 (D.D.C. 2012) (emphasis added), *aff'd*, 969 F.3d 406 (D.C. Cir. 2020).[10] That such a claim exists under FOIA is why an analogous APA claim cannot stand.

### 4.    Count XI

The last claim Defendants seek to dismiss is the request for an appointment of a special

---

[10] Plaintiffs argue that the court in this case distinguished between allegations of "a policy or practice of the CIA violating its own FOIA regulation" and "the procedural requirements of the FOIA itself." *Nat'l Sec. Couns.*, 898 F. Supp. 2d at 266; *see also* ECF No. 12 at 15–16. For similar reasons, Plaintiffs also cite *Snyder v. CIA*, 230 F. Supp. 2d 17, 24–25 (D.D.C. 2002), which they say "allow[ed] [an] APA challenge to agency compliance with referral provisions of its FOIA regulations." ECF No. 12 at 16. But these cases are inapposite, because the complaint lacks any allegation that Plaintiffs seek to challenge an agency's compliance with its own regulations, rather than "violations of *FOIA's* procedural requirements." *Id.* at 15 (emphasis added). Courts have also correctly observed that "[a] close reading of [*Snyder*] reveals . . . that the court actually applied . . . the judicial review provisions of the FOIA statute, not the general APA judicial review provisions." *See Elec. Priv. Info. Ctr. v. Nat'l Sec. Agency*, 795 F. Supp. 2d 85, 95 (D.D.C. 2011) (holding that even if the *Snyder* court had entertained both a FOIA and APA claim, it "would [have] still dismiss[ed] the APA claim in this case in view of the binding precedents from the D.C. Circuit.").

master and for *in camera* review of relevant documents in Count XI.  ECF No. 10 at 12–13.  The

Court will dismiss Count XI because FOIA provides no cause of action for that request.  To be

sure, should the need arise in resolving a motion for summary judgment, the Court may appoint a

special master under Federal Rule of Civil Procedure 53 or conduct *in camera* review under FOIA.

*See Hall v. CIA*, 268 F. Supp. 3d 148, 165–66 (D.D.C. 2017).  That the Court may elect to do so,

however, does not give rise to an independent cause of action that Plaintiffs may allege in their

complaint.[11]

### E.    The Court will Strike the Rest of the Complaint

Finally, Defendants move for the Court to strike the rest of the complaint given its many

immaterial allegations, even if some of the remaining claims are likely viable against some de-

fendants.  ECF No. 10 at 13–15.

Under Federal Rule of Civil Procedure 12(f), the Court has discretion to "strike from a

pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  *See also Makuch v.*

*FBI*, No. 99-cv-1094 (RMU), 2000 WL 915767, at *1 (D.D.C. Jan. 7, 2000).  Rule 12(f) is also

the Court's means of enforcing Rule 8, which requires, among other things, that a pleading "con-

tain . . . a short and plain statement of the claim showing that the pleader is entitled to relief" and

that "[e]ach allegation . . . be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  "When

a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to

---

[11] Plaintiffs do not meaningfully respond to this point, pivoting instead to the fact that
Defendants have yet to provide any *Vaughn* indexes (named after *Vaughn v. Rosen*, 484 F.2d 820
(D.C. Cir. 1973)).  ECF No. 12 at 16–18.  But Defendants have no obligation to provide a *Vaughn*
index at this pleading stage.  *See Pinson v. DOJ*, 975 F. Supp. 2d 20, 32 (D.D.C. 2013) ("[A]
*Vaughn* index is not typically required until the Defendants must factually support a motion for
summary judgment.").  Thus, as in *Pinson*, "[b]ecause this case is not yet in a posture for disposi-
tive briefing," Plaintiffs' requests for and arguments about *Vaughn* indexes are "premature."  *See*
*id.*; ECF No. 12 at 4, 16–18.

strike the complaint under Rule 12(f) and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules." *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015).  Although motions to strike are generally disfavored, "if allegations in a complaint are irrelevant and prejudicial to the defendant, a motion to strike will be granted." *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 457, 457 (D.D.C. 1994).  Thus, courts will strike a "repetitive, discursive and argumentative account of the alleged wrongs suffered by the plaintiff." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004).

Plaintiffs' complaint is 44 pages and 190 paragraphs long, with another 212 pages of exhibits.  Especially as far as FOIA complaints go, that is far from short, plain, or concise.  *Ciralsky*, 355 F.3d at 669 (affirming district court's decision dismissing without prejudice a 61-page, 105-paragraph amended pleading that was "still prolix and burdened with a bloated mass of unnecessary detail," even after the court struck the entire first complaint).  And the reason the complaint is bloated here matters for Rule 8 purposes.  About half of the complaint chronicles these subjects: "Mr. Khan's Background," "Background Facts Regarding Mr. Malik (Mr. Khan's Brother)," "Events Giving Rise to Causes of Action,' "CBP's History of Misconduct and Impunity," "FBI's History of Misconduct and Impunity," "Role of Military in Pakistan," and "Harm Suffered by Mr. Khan."  Compl. ¶¶ 28–105.  At most, these background sections speak to Plaintiffs' motives for submitting the FOIA requests.  But "a requester's motive is irrelevant to the ultimate inquiry in a FOIA case: whether the agency properly withheld records." *Montgomery v. IRS*, 292 F. Supp. 3d 391, 396 (D.D.C. 2018); *see also Vazquez v. DOJ*, 887 F. Supp. 2d 114, 118 (D.D.C. 2012) ("Plaintiff[s'] personal reasons for wanting the requested records . . . are irrelevant because a requester's identity and the purpose of his request generally are immaterial to the FOIA analysis.").  The lack of relevance of these allegations counsels in favor of striking them.  *See, e.g.*, *Doe v. Benoit*,

No. 19-cv-1253 (DLF), 2020 WL 11885578, at *7 (D.D.C. June 29, 2020) (dismissing all but FOIA claims and then striking "numerous paragraphs that [were] 'immaterial' to those claims"); *Wiggins*, 853 F. Supp. at 458 (D.D.C. 1994) (striking allegations that "fail[ed] to support plaintiff's legal claims against either defendant in this case."); 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1382 nn.39–45 (3d ed.) (database updated Apr. 2023).

Moreover, these lengthy, irrelevant allegations prejudice Defendants by burdening them with having to respond to them. *See Ciralsky*, 355 F.3d at 669 (holding that a lengthy complaint is more than just a problem of "aesthetics"; "unnecessary prolixity . . . places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage" (quotation omitted)).  The substance of those allegations—concerning vast, yearslong purported misconduct by multiple government agencies and asserting that a foreign sovereign's military "remains a deeply compromised system"—exacerbate that prejudice.[12]  Plaintiffs respond that these allegations "are crucial to understanding the context and significance of the [FOIA] requests."  ECF No. 12 at 20–21.  But they offer no persuasive reason why the context and significance of the requests matter for purposes of pleading their FOIA claims.[13]

Given all the Court's rulings above dismissing several defendants and claims, and that the

---

[12] *See* Compl. ¶¶ 78–102; ECF No. 12 at 21 (describing these allegations as documenting "the atrocities of the U.S. government"); *see also, e.g.*, *Mich. Immigrant Rts. Ctr. v. DHS*, No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) ("In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants.").

[13] Plaintiffs also allege that Khan's brother is pursuing related litigation over the events of January 3, 2021, in *Malik v. DHS*, 4:21-cv-88 (N.D. Tex.).  Compl. ¶ 77 n.5.  That case was since resolved in favor of the defendants.  *See Malik v. DHS*, 619 F. Supp. 3d 652 (N.D. Tex. 2022).  And the Fifth Circuit affirmed.  *See Malik v. DHS*, 78 F.4th 191 (5th Cir. 2023).  Plaintiffs may not use this case to relitigate allegations that are not a part of it.

remaining claims do not identify to which defendant and request they apply, and considering the extensive irrelevant allegations in the rest of the complaint, the Court will strike the rest of the complaint. But it will allow Plaintiffs an opportunity to file an amended complaint that complies with this Memorandum Opinion. *See Achagzai*, 109 F. Supp. 3d at 69.

## V.      Conclusion and Order

For all the above reasons, it is hereby **ORDERED** that Defendants' Motion to Dismiss in Part and to Strike Remainder of Complaint, ECF No. 10, is **DENIED** to the extent they seek to dismiss Khan as a plaintiff and **GRANTED** in all other respects. It is further **ORDERED** that Defendants Mayorkas, Magnus, Jaddou, Johnson, and Wray; any FOIA claims challenging requests #085549 and #071905; and Counts II, VI, VIII, IX, X, and XI, are **DISMISSED**. It is further **ORDERED** that the rest of Plaintiffs' complaint is **STRICKEN**. Plaintiffs shall file an amended complaint by October 25, 2023, that conforms with this Memorandum Opinion.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 25, 2023