UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRAZ KHAN, et al.,<br><br>      Plaintiffs,<br><br>   v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>      Defendants. | Civil Action No. 22-2480 (TJK) |

## MOTION TO DISMISS
## OR TO STRIKE AND SUPPORTING MEMORANDUM

Defendants, by and through undersigned counsel, move to dismiss the above-captioned Freedom of Information Act ("FOIA") action without prejudice for failure to comply with the Court's order dated September 25, 2023. In the event the lawsuit is not dismissed, based on the Court's September 25 order, Defendants move in the alternative to dismiss the "pattern and practice" claim asserted in Count VII of the Amended Complaint, to dismiss any claim based on the "request" designated as CBP-2022-071905, and to strike under Rule 12(f) paragraphs 32 to 56 and 91 to 106. This Court already has dismissed Plaintiffs' "pattern and practice" claim and any claim based on the "request" designated as CBP-2022-071905, and also has held that the subjects that are the focus of the allegations in the above-referenced paragraphs of the Amended Complaint are immaterial and prejudicial to Defendants in the context of a FOIA action. Accordingly, Plaintiffs have no basis to reassert those claims or allegations in their Amended Complaint and doing so is directly contrary to the Court's direction that any amended pleading conform to the Court's September 25, 2023 decision.

**PROCEDURAL BACKGROUND**

Plaintiffs originally filed a 44-page, 190-paragraph Complaint asserting eleven counts based on five FOIA "requests" submitted to U.S. Customs and Border Protection ("CBP"), a request submitted to U.S. Citizenship and Immigration Services ("USCIS"), a request submitted to the Federal Bureau of Investigation ("FBI"), and a request submitted to United States Immigration and Customs Enforcement ("ICE"). (Compl. ¶¶ 110, 118, 126, 135)  The Complaint also contained 212 pages of exhibits and thus totaled 256 pages in length.

Defendants moved to dismiss the Complaint in part under Rule 12(b)(1) and 12(b)(6) and to strike the remainder pursuant to Rule 12(f) on the basis that Plaintiffs failed to comply with the requirement of Rule 8 directing that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  In a Memorandum Opinion and Order ("Mem. Op.") dated September 25, 2023, the Court largely granted that motion.  Specifically, the Court dismissed Count II ("Injunctive Relief"), Count VI ("Violation of the FOIA – Failure to Expedite"), Count VIII ("Violation of the APA – Arbitrary and Capricious"), Count IX ("Violation of the APA – Equal Access to Justice Act"), Count X ("Violation of the FOIA – Pattern and Practice of Failing to Timely Adjudicate FOIA Processing Requests"), and Count XI ("Appointment of Special Master").  *See* ECF No. 16, Mem. Op. at 9.  The Court also held that Plaintiffs had failed to state a claim under FOIA based on two of the five "requests" to CBP, specifically, request numbers CBP-2021-085549 and CBP-2022-071905.  *Id*. at 7.  Finally, the Court dismissed the agency officials that had been improperly named as Defendants.  *Id.*

The Court, moreover, exercised its discretion under Rule 12(f) to strike the remainder of the Complaint "given its many immaterial allegations."  *Id.* at 16.  The Court observed that the Complaint was "far from short, plain, or concise," consisting of 44 pages, 190 paragraphs, and "with another 212 pages of exhibits."  *Id.* at 17.  By the Court's estimate, approximately "half of

2

the complaint" consisted of "background sections" that, "[a]t most . . . speak to Plaintiffs' motives for submitting the FOIA request," which the Court considered to be irrelevant to the pleading of a claim under FOIA.  *Id.*  Those sections included "Mr. Khan's Background," "Background Facts Regarding Mr. Malik (Mr. Khan's Brother)," "Events Giving Rise to Causes of Action,' "CBP's History of Misconduct and Impunity," "FBI's History of Misconduct and Impunity," "Role of Military in Pakistan," and "Harm Suffered by Mr. Khan."  *Id.* (citing Compl. ¶¶ 28–105)  The Court also found that "these lengthy, irrelevant allegations prejudice Defendants by burdening them with having to respond to them," a prejudice "exacerbate[d]" by the nature of the allegations, which concern "vast, yearslong purported misconduct by multiple government agencies" irrelevant to pleading FOIA claims.  *Id.* at 18.

Although finding it appropriate to strike the remainder of the Complaint, the Court afforded Plaintiffs the opportunity to file an Amended Complaint that conformed with the Court's decision. On October 24, 2023, Plaintiffs filed their amended pleading, consisting of 24 pages, 137 paragraphs and 255 pages of exhibits (212 of those pages appear to be the same exhibits that had been attached to the original Complaint).[1]  The Amended Complaint contains approximately 40 paragraphs of allegations similar to the allegations that the Court deemed immaterial and prejudicial in its September 25 decision.  It also contains a "pattern and practice" count (Count VII)[2] even though the Court dismissed that claim in its prior ruling and references a CBP "request" that this Court already has held cannot form the basis for a claim.

---

[1]  Plaintiffs also filed a sealed exhibit with the Amended Complaint (ECF No. 18) as they did when they filed the original Complaint (ECF No. 3).  *Compare* Am. Compl. ¶ 95 *with* Compl. ¶ 105.

[2]  The Amended Complaint skips from the "Third Cause of Action" to the "Fifth Cause of Action" without including a "Fourth Cause of Action."  (Am. Compl. at 19-20).  Because the "pattern and practice" count is entitled "Seventh Cause of Action" in the Amended Complaint, it

3

As the Amended Complaint does not conform with the Court's September 25 decision, this action should be dismissed without prejudice. In the event this action is not dismissed based on Plaintiffs' lack of compliance with the September 25 order, Defendants move in the alternative to dismiss the "pattern and practice" claim asserted in Count VII of the Amended Complaint, to dismiss any claim based on the "request" assigned CBP-2022-071905, and to strike under Rule 12(f) paragraphs 32 to 56 and 91 to 106.

## ARGUMENT

The District Court has the discretion to strike "from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). Rule 12(f), moreover, is "not only the appropriate remedy" for striking such extraneous matters, but "'also is designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct.'" *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Lit.,* 218 F.R.D. 76, 78 (S.D.N.Y. 2003) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (2d ed. 1990)). A motion to strike is an appropriate response to a complaint when the complaint is "'neither short nor plain,' but rather a 'repetitive discursive and argumentative account of the alleged wrongs suffered by the plaintiff.'" *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004).

Moreover, after striking an original pleading for violating Rule 8 and affording a plaintiff an opportunity to re-file, a district court acts well within its discretion to dismiss the lawsuit without prejudice when the amended pleading continues to violate Rule 8. *Id.* The procedural posture of this case is similar to that in *Ciralsky* and the outcome should be the same.

In *Ciralsky*, the D.C. Circuit approved of the district court's decision to first strike an original pleading that violated Rule 8 and then to dismiss the lawsuit without prejudice after the

---

is referred to herein as "Count VII."

amended pleading that the plaintiff had been permitted to re-file continued to violate Rule 8. With respect to the original complaint, the D.C. Circuit held that the district court acted within its "considerable discretion" in striking an "initial complaint" that "weighed in at 119 pages and 367 numbered paragraphs" and affording the plaintiff "21 days to 'eliminate[] the 'excess' and to file an amended complaint 'that complies with rule 8(a)(2).'" *Id.* at 669.

When the plaintiff filed an amended complaint that still violated Rule 8, weighing in at 61 pages and 105 paragraphs and "'still prolix and burdened with a bloated mass of unnecessary detail,'" the district court dismissed the lawsuit without prejudice. *Id*. at 669-71.   The D.C. Circuit found that the district court "had reasonable grounds for its decision" and did not abuse its discretion in ordering the dismissal of the action without prejudice based on the plaintiff's persistent failure to comply with Rule 8.   *Id.*

The same result should apply here.  After being afforded the opportunity to file an amended pleading, and given clear direction by the Court as to the allegations and claims that should be excluded, Plaintiffs proceeded to file an amended pleading that violated the Court's order in numerous respects.

First, paragraphs 32 to 56 of the Amended Complaint contain unnecessary background information, including allegations regarding a January 3, 2021 incident that allegedly forms the motivation behind the FOIA requests at issue. The allegations in these paragraphs fall within the same subject categories that the Court specifically deemed immaterial and prejudicial to Defendants in the context of a FOIA action, including "Background Information Regarding Mr. Malik" and "Events Giving Rise to Causes of Action."   *Compare* Compl. (ECF No. 1) ¶¶ 36-77 *with* Am. Compl. (ECF No. 17) ¶¶ 32-56; Mem. Op. at 17.

5

Second, paragraphs 91 to 98 of the Amended Complaint under the heading "Injury Suffered by Mr. Khan" purport to allege harm suffered by Mr. Khan in connection with the January 3, 2021 incident that has no relevance to pleading a claim under FOIA, which is a public disclosure statute not a mechanism for redressing alleged personal injury. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 144 n. 10 (1975) ("The Act is fundamentally designed to inform the public about agency action and not to benefit private litigants."). These paragraphs are similar to the subject category "Harm Suffered by Mr. Khan" that this Court already found to be immaterial and prejudicial to Defendants in the context of a FOIA action. *Compare* Compl. ¶¶ 103-09 *with* Am. Compl. ¶¶ 92-98; Mem. Op. at 17.

Third, paragraphs 99 to 106 of the Amended Complaint, under the heading "Pattern or Practice," are similar to the subject category "CBP's History of Misconduct and Impunity" that this Court already found to be immaterial and prejudicial to Defendants in the context of a FOIA action. Mem. Op. 17. Indeed, portions of paragraph 101, 103 and 104 of the Amended Complaint are almost identical to portions of paragraphs 78, 81 and 82 of the original Complaint under the "CBP's History of Misconduct and Impunity" heading. These so-called "pattern or practice" allegations also have nothing to do with the processing of requests under FOIA (the only context where a pattern and practice allegation might be relevant) but allegedly relate to a "pattern and practice of [CBP] maintaining a 'secretive division'" that allegedly involves the "targeting of immigration attorneys." Am. Compl. ¶ 102. Consequently, these allegations relate to the so-called January 3, 2021 incident that apparently motivated Plaintiffs' FOIA requests, not any claim that could be cognizable under FOIA.

As this Court already has determined, Defendants would be prejudiced were they required to respond to the above-referenced allegations. Mem. Op. at 18. These allegations are not

germane to a FOIA claim but reflect an improper effort to use a FOIA complaint to elicit a narrative response from Defendants—if they were required to answer such allegations—in connection with Plaintiffs' pursuit of a collateral lawsuit regarding the January 3, 2021 incident. *Anderson v. Dep't of Just.*, 518 F. Supp. 2d 1, 10 (D.D.C. 2007) ("To the extent that plaintiff's FOIA requests are questions or requests for explanations of policies or procedures, these are not proper FOIA requests."). As this Court noted in its September 25 decision, Plaintiff Khan's brother "is pursuing related litigation over the events of January 3, 2021," and "Plaintiffs may not use this [FOIA] case to relitigate allegations that are not part of it." Mem. Op. at 18 n.13;[3] *see also Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, No. 16-14192, 2017 WL 2471277 at *3 (E.D. Mich. June 8, 2017) ("requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants").

Finally, in identifying the CBP requests that remain at issue, the Amended Complaint continues to identify one "request" – CBP-2022-071905—that this Court already has held cannot form the basis for a claim under FOIA. Am. Compl. ¶ 59; Mem. Op. at 7-8. Moreover, the Amended Complaint also asserts as Count VII a "Pattern and Practice of Failing to Timely Adjudicate FOIA Processing Requests" that reads almost verbatim to the similarly titled Count X

---

[3]   That case, *Malik v. Dep't of Homeland Sec.*, Civ. A. No. 21-0088 (N.D. Tex.), was brought by Adam Malik, the brother of Plaintiff Khan, and the law firm Malik and Associates, PLLC, a plaintiff in this FOIA action.  In July 2022, shortly before the filing of this FOIA action, judgment was entered against the plaintiffs in that Texas litigation. Plaintiffs appealed and the mandate by the Fifth Circuit affirming the judgment of the district court issued October 20, 2023, just four days before the filing of the Amended Complaint in this action. *Id.* (ECF Nos. 73, 74). Consequently, Plaintiffs continue to impermissibly use the pleadings in this FOIA lawsuit as a vehicle to relitigate issues from the Texas litigation.

of the original Complaint that this Court dismissed in its September 25 decision. *Compare* Am. Compl. ¶¶ 132-37 (Count VII) *with* Compl. ¶¶ 181-86 (Count X); Mem. Op. at 11-13.

As in *Ciralsky*, Plaintiffs have failed to remedy the pleading defects in their original complaint with their filing of an amended pleading that "'[a]t best, . . . was just faulty" but "[a]t worst, . . . was a transparent effort to soften the defective appearance of the complaint without doing the work needed to make it comply with Rule 8.'" *Ciralsky*, 355 F.3d at 669. Accordingly, the Court should dismiss this lawsuit without prejudice based on Plaintiffs' persistent violation of Rule 8. *Id*.; *see also Jiggetts v. District of Columbia*, 319 F.R.D. 408, 419 (D.D.C. 2017) (deciding to "follow the well-established practice of dismissing the case when a plaintiff has already been afforded the opportunity to amend her pleading but has failed to cure the infirmities").

In the event the Court declines to dismiss this action, it should strike paragraphs 32 to 56 and 91 to 106 from the Amended Complaint for the same reasons that it deemed similar paragraphs of the original Complaint to be violative of Rule 8 and prejudicial to Defendants in the context of a FOIA action, and for violating this Court's order that any amended pleading conform with the September 25 decision.  Mem. Op. at 16-19. In that event, the Court should direct the filing of another amended pleading that omits these paragraphs.

The Court also should dismiss the "pattern and practice" claim asserted in Count VII of the Amended Complaint and dismiss any claim based on the "request" designated CBP-2022-071905. The Court has already dismissed these claims in its September 25 order and Plaintiff never moved for reconsideration of that ruling. Consequently, for reasons already decided by the Court, Plaintiffs have no basis to include those dismissed claims in their Amended Complaint and doing so is directly contrary to this Court's prior ruling. In the event the Court permits the filing of a further amended pleading, as opposed to dismissing this action without prejudice as Defendants

maintain is warranted by Plaintiffs' failure to comply with the September 25 decision, it should direct that these claims be removed from any such pleading.

## CONCLUSION

For the foregoing reasons, this action should be dismissed without prejudice.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____/s/_____
JEREMY S. SIMON, D.C. Bar No. 447956
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2528
jeremy.simon@usdoj.gov

*Attorneys for United States of America*