UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRAZ KHAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY, et al., <br><br> Defendants. | Civil Action No. 22-2480 (TJK) |

**REPLY IN SUPPORT OF MOTION TO DISMISS
OR TO STRIKE**

By filing an Amended Complaint that fails to conform with this Court's September 25, 2023 Memorandum Opinion, Plaintiffs continue to misuse their pleading in this Freedom of Information Act ("FOIA") action in violation of Rule 8 of the Federal Rules of Civil Procedure. Specifically, Plaintiffs are improperly trying to use the pleadings in this case as a form of interrogatory—to elicit from the government answers to allegations that have nothing to do with asserting a claim under FOIA, but instead relate to their challenge in a separate lawsuit in Texas to a search conducted by immigration officers of Mr. Adam Malik (their attorney of record in this case and brother of Plaintiff Fraz Khan) on January 3, 2021 at Dallas airport.[1] *See Anderson v. Dep't of Just.*, 518 F. Supp. 2d 1, 10 (D.D.C. 2007) ("To the extent that plaintiff's FOIA requests are questions or requests for explanations of policies or procedures, these are not proper FOIA

---

[1] The Plaintiffs in this action are Fraz Khan, the brother of Adam Malik (counsel of record here and the plaintiff in the Texas litigation), and Malik and Associates, a Texas law firm. Adam Malik of that firm signed the Complaint in this action and has appeared as the sole counsel of record for both Plaintiffs. The district court decision dismissing the Texas litigation, *Malik v. U.S. Dep't of Homeland Sec.*, 619 F. Supp. 3d 652 (N.D. Tex. 2022), was recently affirmed. *See id.*, 78 F. 4th 191 (5th Cir. 2023).

requests."). The Court had shut down that effort in its September 25, 2023 decision by striking what remained of the Complaint after dismissing several claims, including as is relevant here former Count X ("Violation of the FOIA – Pattern and Practice of Failing to Timely Adjudicate FOIA Processing Requests"), as well as any claim based on the "request" designated as CBP-2022-071905. (ECF No. 16, Mem. Op. at 7-9, 18 n.13)

The extraneous sections of the original Complaint struck by the Court were entitled "Mr. Khan's Background," "Background Facts Regarding Mr. Malik (Mr. Khan's Brother)," "Events Giving Rise to Causes of Action,' "CBP's History of Misconduct and Impunity," "FBI's History of Misconduct and Impunity," "Role of Military in Pakistan," and "Harm Suffered by Mr. Khan." (*Id*. at 16-18) The Court held that "these lengthy, irrelevant allegations prejudice Defendants by burdening them with having to respond to them." (*Id*. at 18) The Court also rejected the attempt by Plaintiffs to "use this case to relitigate allegations" raised in the Texas litigation. (*Id*. at 18 n. 13)

Although the Court permitted Plaintiffs to file an Amended Complaint rather than dismissing the action altogether, the Court directed that the amended pleading "shall" conform to the Court's memorandum opinion. (*Id*. at 19) Plaintiffs have flaunted that order by filing an Amended Complaint that (1) reasserts a claim already dismissed by the Court (the "Pattern and Practice of Failing to Timely Adjudicate FOIA Processing Requests" claim), (2) seeks relief based on a "request" that the Court already has held did not constitute a valid FOIA request (the "request" designated as CBP-2022-071905), and (3) contains approximately 40 paragraphs similar to those in the extraneous sections that the Court already had struck from the original Complaint (*see* Am. Compl. ¶¶ 32 to 56 and 91 to 106). In light of Plaintiffs' flagrant violation of the Court's order, this action should be dismissed. *Ciralsky v. CIA*, 355 F.3d 661, 669-71 (D.C. Cir. 2004).

Plaintiffs posit three arguments to justify their disregard of this Court's order. None has merit.

First, Plaintiffs contend that the extraneous allegations are necessary to satisfy the pleading standard under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). As an initial matter, they cite only one paragraph of the Amended Complaint (paragraph 45) to support this argument, making no attempt to even contend that the other 39 extraneous paragraphs are necessary to satisfy *Iqbal*. (Opp. at 3-5) The one paragraph cited—concerning the possibility that data from Malik's cellphone was shared with "other law enforcement agencies or intelligence agencies" which Plaintiffs contend supports their allegation of an inadequate search— also is unnecessary to plead a claim under FOIA.[2] Under *Iqbal*, a plaintiff is not required to plead detailed facts as might be necessary to prove a claim, but only facts sufficient to raise a plausible claim for relief. *See Iqbal*, 556 U.S. at 678; *see also Phillips v. District of Columbia*, No. 22-277 (JEB), 2023 U.S. Dist. LEXIS 152830, at *12-13 (D.D.C. Aug. 30, 2023) ("While the data might well strengthen a summary-judgment brief, that is not the standard for amending a complaint.") Indeed, it is the government's burden to prove compliance with FOIA, *Duenas Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 313 (D.C. Cir. 2003), making Plaintiffs' argument even more attenuated.

As this Court previously recognized, to state a claim under FOIA, a plaintiff must allege "that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" (Mem. Op. at 8, quoting *Citizens for Resp. and Ethics in Washington v. United States*, 922 F.3d 480, 486 (D.C. Cir. 2019)). Thus, a plaintiff need only plead that a request meeting the minimum requirements of

---

[2] The only defendants in this case are the Department of Homeland Security and three of its components and the Federal Bureau of Investigation. Consequently, it is unclear what relevance that allegation even has to any search for records related to the FOIA requests at issue.

FOIA was submitted to an agency (as that term is defined in FOIA),[3] that the requester actually or constructively exhausted administrative remedies, and that the agency had failed to produce all responsive, non-exempt records subject to FOIA.

Plaintiffs' detailed allegations about events that allegedly transpired on January 3, 2021 (Am. Compl. ¶¶ 32-56) and alleged harm resulting from those events (*id*. ¶¶ 91-98) have no bearing on the limited requirements for pleading a claim under FOIA. The "pattern or practice" allegations (*id*. ¶¶ 99-106) also are immaterial because they have nothing to do with the processing of requests under FOIA (the only context where a pattern and practice allegation might be relevant) but allegedly relate to a "pattern and practice of [CBP] maintaining a 'secretive division'" that allegedly involves the "targeting of immigration attorneys." (*Id*. ¶ 102) These allegations are gratuitous for the additional reason that this Court already has dismissed Plaintiffs' previously asserted pattern or practice claim.

Ultimately, by identifying sections of the original Complaint as extraneous and striking them, this Court already has determined that the similar paragraphs Plaintiffs seek to reassert in their Amended Compliant were *not* required to plead a FOIA claim under *Iqbal*. It is disingenuous, therefore, for Plaintiffs to try to hide behind *Iqbal* to justify their violation of this Court's order.

Second, Plaintiffs contend that the allegations of harm resulting from the January 3, 2021 incident in the Amended Complaint (Am. Complaint ¶¶ 91-98) are necessary to support the injunctive relief sought in the Amended Complaint. (Opp. at 5-6) But FOIA is a public disclosure statute not a mechanism for redressing alleged personal injury, *NLRB v. Sears, Roebuck*

---

[3]    FOIA sets forth two specific requirements for a valid request: that the request (i) "reasonably" describe the records sought and (ii) comply with any "published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A).

*& Co.*, 421 U.S. 132, 144 n. 10 (1975), and the injunctive relief available under the statute does not require a showing of individualized harm. *See* 5 U.S.C. § 552(a)(4)(B) (stating that the district court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant").[4] .

Third, Plaintiffs contend that their "Pattern and Practice of Failing to Timely Adjudicate FOIA Processing Requests" claim (Count VII of the Amended Complaint) is based on "new developments" and thus should be permitted notwithstanding the Court's dismissal of the previously asserted, identical claim. (Opp. at 6, 8) The so-called "new development" was a November 2022 decision in the Eastern District of New York that granted in part and denied in part a motion for summary judgment by Custom and Border Protection ("CBP") in a FOIA action. (*Id*. at 6-8) The Court in that case, however, did not hold that the agency failed to timely adjudicate the FOIA requests at issue. Rather, as described by the Court, the issues presented were: "First, whether CBP's declaration and Vaughn index adequately support its withholdings and redactions. Second, whether CBP properly withheld information under Exemptions 3 and 7(E). And third, whether CBP established that it segregated and released non-exempt portions of each record." (Ex. E to Am. Compl. at 7) Thus, that ruling has no bearing on Plaintiffs' purported pattern and practice claim related to the timely processing of records and provides no justification for Plaintiffs to reassert a claim that this Court already dismissed.

---

[4] Plaintiffs also ask the Court to order that "if any document or information that is not accounted for or otherwise produced in and through this action, then they are enjoined from being used against plaintiff Khan in any government proceeding, administrative proceeding, judicial proceedings, or otherwise be used in any way, or to support an immigration benefits denial or otherwise to cause harm to Plaintiff Khan." (Am. Compl. at 23-24) There is no basis in FOIA, however, for that type of injunctive relief. *See* 5 U.S.C. § 552(a)(4)(B).

Finally, in blatant disregard of this Court's September 25, 2023 order, Plaintiffs fail to even acknowledge this Court's prior ruling that the "request" designated as CBP-2022-071905 is not a proper FOIA request. (Mem. Op. at 8) In their opposition, Plaintiffs recognize that the Amended Complaint continues to assert a claim based on that "request" despite the Court's prior ruling, and, in utter disregard of that ruling, suggest that Defendants "litigate that question when the time comes for adjudication on the merits." (Opp. at 7-8)

## CONCLUSION

For the foregoing reasons, this action should be dismissed without prejudice.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____/s/_____
JEREMY S. SIMON, D.C. Bar No. 447956
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2528
jeremy.simon@usdoj.gov

*Attorneys for United States of America*