UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRAZ KHAN et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY et al., <br><br> *Defendants*. | Civil Action No. 22-2480 (TJK) |

### MEMORANDUM OPINION AND ORDER

This case, involving challenges to several Freedom of Information Act requests, comes before the Court on Defendants' second motion to dismiss or to strike. The Court granted in nearly all respects Defendants' first such motion and dismissed several named defendants, claims based on two FOIA requests, and several counts. The Court then ordered the rest of the Complaint to be stricken because the remaining claims did not identify to which defendant and FOIA request they applied and because it included irrelevant and prejudicial allegations. The Court provided Plaintiffs a chance to correct these deficiencies by filing an amended complaint.

Plaintiffs have now filed that amended complaint, and Defendants, again, move to dismiss or, in the alternative, to strike. They argue that it fails to conform to the Court's previous Memorandum Opinion. And they are mainly right. Thus, the Court will strike the Amended Complaint and provide Plaintiffs with a final opportunity to file a complaint that complies with the Court's instructions and the Federal Rules of Criminal Procedure.

**I.   Background**

The Court assumes familiarity with its previous Memorandum Opinion in which it recounted the relevant background of this case, including the specific FOIA requests. ECF No. 16

at 1–5.  In short, this case stems from several FOIA requests made by Plaintiff Fraz Malik Khan and his brother's law firm relating to an incident that occurred in January 2021 when Khan and his brother were detained at the Dallas-Fort Worth International Airport.  *See id*. at 1.  The original Complaint consisted of 44 pages, 190 paragraphs, and 11 separate counts, plus another 212 pages of exhibits.  ECF No. 1.

In December 2022, Defendants moved to dismiss or to strike the original Complaint, ECF No. 10, which the Court granted in most respects, ECF No. 16.[1]  First, the Court dismissed certain agency officials from the action because FOIA does not authorize suit against individual officers. *Id*. at 7.  The Court also found that two of the FOIA requests referenced were not proper requests for records, and so they could not support a FOIA claim.  *Id.* at 7–8.  Next, the Court dismissed six of the Complaint's eleven counts, including Count Ten, in which Plaintiffs alleged that Defendants had engaged in a pattern-and-practice of failing to timely adjudicate FOIA requests.[2]  *Id.* at 9–16; *see also* ECF No. 1 at 38.  Finally, the rest of the Complaint included several sections chronicling Plaintiffs' background and reasons for submitting the FOIA requests at issue.  ECF No. 16 at 17.  The Court struck the rest of the Complaint because these allegations were largely irrelevant and prejudicial to Defendants by requiring them to respond.  *Id.* at 17–19.  Still, the Court provided Plaintiffs with an opportunity to file an amended complaint that conformed to its Memorandum Opinion.

In October 2023, Plaintiffs filed their Amended Complaint.  ECF No. 17.  About a month later, Defendants again moved to dismiss or, in the alternative, to strike.  ECF No. 20.  Defendants

---

[1] The sole aspect of Defendants' motion the Court denied was their claim that Khan did not have standing to bring suit.  *See* ECF No. 16 at 6–7.

[2] The Complaint styled each count as a "Cause of Action."  *See* ECF No. 1 at 34–39.

claim that the Amended Complaint fails to conform to the Court's September 2023 Memorandum Opinion for three reasons: it still includes (1) unnecessary background about the incident in the Dallas-Fort Worth International Airport, *id*. at 5–6; (2) a "pattern or practice" allegation that the Court already dismissed, *id.* at 6–8; and (3) allegations related to FOIA request CBP-2022-071905, which the Court held cannot support a FOIA claim, *id.* at 7. Defendants argue that given these deficiencies, the Court should dismiss this suit without prejudice, or at least dismiss the pattern-and-practice claim, any claim stemming from FOIA request CBP-2022-071905, and strike the immaterial and prejudicial paragraphs. *Id.* at 8–9.

## II. Legal Standards

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Though "a court must accept as true all of the allegations contained in a complaint," "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rather, a claim is "plausible when it contains factual allegations that, if proved, would 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). And the court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

Under Federal Rule of Civil Procedure 12(f), the Court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." *See also Makuch v. FBI*, No. 99-cv-1094 (RMU), 2000 WL 915767, at *1 (D.D.C. Jan. 7, 2000). Rule 12(f) is also the Court's

means of enforcing Rule 8, which requires, among other things, that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). "When a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to strike the complaint under Rule 12(f) and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules." *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015) (citing *Ciralsky v CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004). Although motions to strike are generally disfavored, "if allegations in a complaint are irrelevant and prejudicial to the defendant, a motion to strike will be granted." *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 457, 457 (D.D.C. 1994). Thus, courts will strike a "repetitive, discursive and argumentative account of the alleged wrongs suffered by the plaintiff." *Ciralsky* 355 F.3d at 669.

### III.    Analysis

Plaintiffs successfully cut down their original 44-page, 190-paragraph, and 11-count Complaint to a 24-page, 137-paragraph, and 6-Count Amended Complaint.[3] Still, the Amended Complaint fails to comply with Memorandum Opinion and the Federal Rules of Civil Procedure in several ways. Thus, as before, the Court will strike it and allow Plaintiffs to try again.

To begin, the most basic defect in the original Complaint highlighted by the Court was that the "claims do not identify to which defendant and request they apply." ECF No. 16 at 18–9. The Amended Complaint fails to make this basic clarification. Plaintiffs again allege that they made

---

[3] Although Plaintiffs have shortened their operative complaint, they added over 40 more pages of exhibits. *Compare* ECF No. 1-2 *with* ECF Nos. 17-1, 17-2. Moreover, one of the new exhibits to the Amended Complaint is an affidavit from Khan that restates some of the background paragraphs the Court ordered struck from the original Complaint. *Compare* ECF No. 17-2 at 29–42 *with* ECF No. 1 ¶¶ 28–77.

several FOIA requests to different agencies that received different responses.[4]  ECF No. 17 ¶ 58. And they bring several causes of action under FOIA, including for wrongful withholding of records, *id.* ¶¶ 109–15; failure to make a determination, *id*. ¶¶ 116–22; failure to conduct an adequate search, *id*. ¶¶ 123–28; attorneys' fees, *id*. ¶¶ 129–131; and a pattern-and-practice claim, *id*. ¶¶ 132–37.  But the Amended Complaint still fails to specify which of these causes of action relates to which FOIA requests and which defendant agencies.[5]

Besides that overarching problem, the Amended Complaint also fails to conform to the Court's Memorandum Opinion and the Federal Rules of Civil Procedure in several other ways.

### A. FOIA Request CBP-2022-071905

The Amended Complaint alleges that Defendants violated FOIA with respect to request CBP-2022-071905.  But the Court already dismissed any claim based on that FOIA request.  As the Court explained, that FOIA request did not seek the production of documents but was an appeal of *other* FOIA requests, and so it was "not [a] proper FOIA request[], and any claims based on [it] must be dismissed."  ECF No. 16 at 8.  Still, Plaintiffs reallege that FOIA request in their Amended Complaint.  ECF No. 17 ¶¶ 59, 66.  Even more inexplicably, Plaintiffs argue that Defendants' objection to this FOIA request is a "defense on the merits" and is "inappropriate for a motion to dismiss."  ECF No. 21 at 7.  But—to repeat—the Court already dismissed claims based on this request.  Thus, Plaintiff should not include any allegations related to this purported request in any amended complaint.

---

[4] Plaintiffs allege that some of their FOIA requests received no response while others received what they call "an arbitrary response," ECF No. 17 ¶ 58.

[5] If Plaintiffs intend every cause of action to apply equally to every FOIA request and every Defendant, then that should be clearly alleged.

### B.     Plaintiffs' Pattern-And-Practice Claim

Count Ten of the original Complaint alleged that Defendants engaged in a pattern and practice of failing to timely adjudicate FOIA processing requests. The Court dismissed that Count because Plaintiffs failed to plausibly state such a claim. ECF No. 16 at 11–13. As the Court explained, to state a pattern-and-practice claim, a plaintiff must "alleg[e] prolonged, unexplained delays in producing non-exempt records that could signal the agency has a policy or practice of ignoring FOIA's requirements." *Id.* at 11 (quoting *Jud. Watch, Inc. v. DHS*, 895 F.3d 770, 780 (D.C. Cir. 2018)). And even then, a pattern of delays is not enough without "more egregious, intentional agency conduct" that goes beyond "a mere failure to meet statutory deadlines." *Id.* at 12 (quoting *Cause of Action Inst. v. Eggleston*, 224 F. Supp. 3d 63, 72 (D.D.C. 2016)). The Court then found that Plaintiffs failed to state a pattern-and-practice claim because: (1) they "identifie[d] no specific requests that any specific defendants have failed to adjudicate, instead alleging generally that Defendants have failed to adjudicate 'Plaintiff's FOIA requests'"; (2) they offered no factual allegations "support[ing] the existence of any pattern or practice as to any particular defendant," let alone an allegation showing "more egregious, intentional agency conduct"; and (3) the attached records revealed that Defendants "had responded to all but two of the requests," and even with respect to those two, the mishandling of those requests reflected "merely isolated mistakes by agency officials, which are not enough to state a claim." *Id.* at 12 (citations and internal quotations omitted).

Plaintiffs have realleged their pattern-and-practice claim in the Amended Complaint. ECF No. 17 ¶¶ 99–106, 132–137. They try to justify doing so by pointing to a "new development." ECF No. 21 at 6–7. But even assuming the Court reconsidered its dismissal of Plaintiff's pattern-

6

and-practice claim, this "new development" changes nothing about the Court's earlier analysis.[6] Plaintiffs cite a recent decision in which a court held that U.S. Customs and Border Protection—a Defendant here—failed to adequately show in its *Vaughn* index that it properly withheld records under the relevant FOIA exemptions invoked in that case. ECF No. 21 at 6 (citing *CLEAR, et al. v. U.S. Customs and Border Prot.*, No. 1:19-cv-7079 (RER), Mem. and Order (Nov. 2, 2022)); *see also* ECF No. 17-2 at 1–25. Plaintiffs argue that this decision somehow justifies the resurrection of their pattern-and-practice claim. ECF No. 21 at 7. Not at all. To begin, that decision had nothing to do with the U.S. Customs and Border Protection's purported failure to adjudicate FOIA claims—the grounds for Plaintiffs' pattern-and-practice claim—but was only about whether the agency had adequately explained the bases of the exemptions it asserted to justify its withholdings in that case. *See* ECF No. 16-2 at 7–12. Moreover, nothing in that case addressed any of the reasons why the Court dismissed the pattern-and-practice claim. Here too, Plaintiffs failed to file an amended complaint consistent with the instructions in the Memorandum Opinion.[7]

### C.   Immaterial and Prejudicial Material

Defendants also argue that the Amended Complaint fails to conform to the Court's Memorandum Opinion because it includes allegations much like those the Court already held were

---

[6] *But see City of Moundridge v. Exxon Mobil Corp.*, 250 F.R.D. 1, 7 (D.D.C. 2008) (denying motion for leave to amend a complaint because the "proposed amended complaint includes, without authorization, claims that have already been dismissed").

[7] The Court also observes that in the section of the Amended Complaint discussing the pattern-and-practice claim, Plaintiffs devote only one paragraph to the recent case that supposedly constitutes a "new development." ECF No. 17 ¶ 105. The rest of that section discusses immaterial allegations relating to, for example, a "secretive division" that investigates travel, financial records, and personal connections of journalists, members of Congress, and other Americans not suspected of any crime, *id.* ¶ 102, and Defendants' policy of providing a "tear sheet" to travelers when it seizes their device and copies their data, *id.* ¶ 106. These allegations have nothing to do with pleading a pattern-and-practice claim under FOIA and further show why Plaintiffs' inclusion of this claim in their Amended Complaint is improper.

7

immaterial and prejudicial.  After dismissing specific defendants, claims based on certain FOIA requests, and several counts, the Court struck the rest of the Complaint pursuant to Federal Rules of Civil Procedure 12(f) and 8 because it was "far from short, plain, or concise."  ECF No. 16 at 17 (citing *Ciralsky*, 355 F.3d at 669).  The Court explained that several background sections included "irrelevant allegations" that "prejudice Defendants by burdening them with having to respond."  *Id.* at 18.  Those sections included: "Events Giving Rise to Causes of Action" and "Harm Suffered by Mr. Khan."  *Id.* at 17.  In so doing, the Court rejected Plaintiffs' argument that this background was crucial to understanding the context and significance of the FOIA request, holding that there is "no persuasive reason why the context and significance of the request matter for purposes of pleading [Plaintiffs'] FOIA claims."  *Id.* at 18.  Still, in the Amended Complaint, Plaintiffs include allegations in sections titled "Events Giving Rise to Causes of Action" and "Injury Suffered by Mr. Khan" much like those previously determined by the Court to be immaterial and prejudicial; indeed, several paragraphs in the Amended Complaint are identical to those in the original Complaint.  *Compare* ECF No. 1 ¶¶ 60, 103–04, *with* ECF No. 17 ¶¶ 49, 91–92.  The Court remains convinced that many of these allegations should be struck but has reconsidered its previous ruling in part.

First, the Court agrees with Defendants that the allegations in the "Harm Suffered by Mr. Khan" section of the Amended Complaint remain immaterial and prejudicial.  Plaintiffs argue that these allegations show "the ongoing harm that Mr. Khan suffers . . . in the absence of receiving responsive documents under FOIA," ECF No. 21 at 5, which is a "necessary part of the pleadings when requesting injunctive relief," *id.* at 6.  This argument misses the mark.  To be sure, "to have standing to obtain declaratory or injunctive relief, the plaintiff must show an ongoing or imminent injury."  *NonBelief Relief, Inc. v. Rettig*, No. 18-cv-2347 (TJK), 2020 WL 122974, at *4 (D.D.C.

Jan. 10, 2020). But in the FOIA context that injury is the failure of the agency to produce the improperly withheld records; an individual's personal interest in the information is "irrelevant to the FOIA, which by law is sensitive only to a public interest." *Bangoura v. Dep't of Army*, 607 F. Supp. 2d 134, 148 n.11 (D.D.C. 2009) (citation omitted). So long as a plaintiff can establish that "an agency has improperly withheld records that are responsive to a FOIA request, a federal court may compel the agency to disclose them to the requester." *Keys v. Dep't of Homeland Sec.*, 570 F. Supp. 2d 59, 66 (D.D.C. 2008) (citing 5 U.S.C. § 552(a)(4)(B)). Nothing more is required or relevant to maintaining a claim for injunctive relief under FOIA. Thus, as the Court already held, the allegations describing the specific, individualized harm Khan has purportedly suffered from Defendants' alleged failure to produce records is immaterial and prejudicial, and it must be stricken. *See* ECF No. 16 at 18; *see also* ECF No. 17 ¶ 93 (alleging that Defendants "provided a false narrative in these reports with intention to harm the Plaintiff . . .").

Second, the Court has reconsidered the allegations in the "Events Giving Rise to Causes of Action" section of the Amended Complaint and finds that Plaintiffs have shown these allegations should not be stricken. Plaintiffs argue that this background is needed to adequately "state a claim to relief that is plausible on its face," ECF No. 21 at 3 (quoting *Iqbal*, 556 U.S. at 678), because it shows that "this was no ordinary interaction with low-level customs officers at the international arrivals lounge" but "a case where multiple counter-terrorism officers interacted with the Plaintiffs over a number of hours and then admittedly communicated with other government agencies in the aftermath," *id.* at 4. Plaintiffs wildly overstate their case by claiming that these allegations are *necessary* to meet the pleading standard under *Iqbal*.[8] Still, while these allegations are not

---

[8] Because the burden of showing the adequacy of a FOIA search rests with the agency, it is not clear that a plaintiff needs to allege anything more than that the agency failed to conduct an

necessary, the details of the alleged incident in the Dallas-Fort Worth International Airport—for example, the identity of the officers involved, whether data was extracted from Khan's cell phone and shared with other agencies, and whether Khan provided a statement to the officers—*could* be relevant to whether Defendants have adequately searched for relevant records. *Cf. Prop. of the People, Inc. v. U.S. Dep't of Just.*, 530 F. Supp. 3d 57, 61 (D.D.C. 2021) ("Once an agency establishes the adequacy of its search, the burden shifts to Plaintiffs to show either that the agency's search was not made in good faith or that specific additional searches are reasonably likely to overturn responsive documents." (internal citations and quotations omitted)). For their part, Defendants question whether such allegations are relevant, but the Court is mindful that motions to strike are generally reserved for when "it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation," *Cobell v. Norton*, 224 F.R.D. 1, 2 (D.D.C. 2004). As least for this set of allegations, upon reconsideration, the Court cannot say that standard is met. Thus, these allegations need not be stricken.

\*   \*   \*

Although Defendants ask the Court to dismiss the case without prejudice due to these deficiencies, the Court declines to do so at this stage. Plaintiffs complied with the Memorandum Opinion in many ways, and made changes to bring their original Complaint closer to the standard contemplated by the Federal Rules of Civil Procedure. Thus, the Court will strike the Amended Complaint but give Plaintiffs another chance to fix these problems by filing a second amended complaint. But Plaintiffs are advised that the Court may dismiss the case if they do not successfully amend their complaint this time. *See Ciralsky*, 355 F.3d at 669 (D.C. Cir. 2004) (upholding

---

adequate search. *See Abramyan v. DHS,* 6 F. Supp. 3d 57, 62–63 (D.D.C. 2013) ("Where a plaintiff challenges the adequacy of a search, what the agency must show beyond material doubt is that it has conducted a search reasonably calculated to uncover all relevant documents." (cleaned up)).

10

dismissal of case without prejudice, in part, because the district court "gave the plaintiff fair warning" of that possibility).

## IV.     Conclusion and Order

For all the above reasons, it is hereby **ORDERED** that Defendants' Motion to Dismiss or to Strike, ECF No. 20, is **GRANTED.**  It is further **ORDERED** that Plaintiffs' Amended Complaint, ECF No. 17, is **STRICKEN**.  Plaintiffs may file a second amended complaint that complies with the Court's rulings and the Federal Rules of Civil Procedure by October 11, 2024.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 12, 2024