## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRAZ KHAN** | § |
| | § |
| **MALIK AND ASSOCIATES, PLLC** | § |
| | § |
| *Plaintiffs*, | § |
| | § |
| **v.** | § |
| | § |
| **U.S. DEPARTMENT OF HOMELAND** | § |
| **SECURITY** | § |
| | §  **CIVIL ACTION NO. <u>1:22-cv-02480</u>** |
| **U.S. CUSTOMS AND BORDER PROTECTION** | § |
| | § |
| **U.S. CITIZENSHIP AND IMMIGRATION** | § |
| **SERVICES** | § |
| | § |
| **U.S. IMMIGRATION AND CUSTOMS** | § |
| **ENFORCEMENT** | § |
| | § |
| **FEDERAL BUREAU OF INVESTIGATION** | § |
| | § |
| *Defendants*. | § |

## SECOND AMENDED VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I.    NATURE OF THE ACTION

1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiffs by Defendants U.S. Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), U.S. Citizenship and Immigration Services ("USCIS"), U.S. Immigration and Customs Enforcement ("ICE"), U.S. Federal Bureau of Investigation ("FBI").

2.    With this Complaint for Declaratory and Injunctive Relief (Complaint), Plaintiffs challenge Defendants' refusal to conduct a legally adequate search for all responsive agency

**page 1**

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

information as mandated by FOIA, Defendants' refusal to produce all segregable responsive agency information in its possession in violation of FOIA, and Defendants' refusal to produce the lawfully required *Vaughn* index as required by FOIA and D.C. Circuit Court precedent. See *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), on remand to, 383 F. Supp. 1049 (D.D.C. 1974), judgment aff'd, 523 F.2d 1136 (D.C. Cir. 1975) (The government must provide detailed justification of its exemption claims, and it must specifically itemize and index each document or portion thereof so as to show which were disclosable and which were exempt); *Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010) (citing *Cooper Cameron Corp. v. United States Dep't of Labor*, 280 F.3d 539, 543 (5th Cir. 2002) ("Thus, in a FOIA case, a court 'generally will grant an agency's motion for summary judgment only if the agency identifies the documents at issue and explains why they fall under exemptions.'").

3.     This lawsuit is brought due to Defendants' refusal to adequately search for and produce all nonexempt responsive agency information in Defendants' possession, which Plaintiffs need to effectively represent its client; thus, forcing Plaintiffs to file the instant lawsuit after Plaintiffs' administrative FOIA remedies have been exhausted. In support of Plaintiffs' Complaint, Plaintiffs allege as follows:

## II.    JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (Freedom of Information Act, 5 U.S.C. § 551 *et seq.*) and 28 U.S.C. § 1331 (federal question) as this action arises under the Freedom of Information Act. 5 U.S.C. § 551 *et seq*.

6.     The aid of the Court is invoked under 28 USC §§ 2201 and 2202, authorizing a declaratory judgment.

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

7.      Venue is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiffs bring this action in the District of Columbia.

### III.    TIME FOR DEFENDANTS TO RESPOND

8.      Pursuant to FOIA, 5 U.S.C. § 552(a)(4)(C), Defendants have thirty days to respond to the instant Complaint.

### IV.    PLAINTIFFS OBJECT TO ANY CONTINUANCE

9.      Because Plaintiffs have been trying to obtain the requested agency information for an extended period of time through multiple administrative FOIA requests, Plaintiffs object to any continuance requested by Defendants in responding to the instant Complaint. Any unwarranted continuance would make FOIA's twenty-day mandate for Defendants to produce all responsive agency information to FOIA requesters, and FOIA's thirty-day litigation response period, meaningless. *See* 5 U.S.C. § 552(a)(6)(A)(i)-(ii); 5 U.S.C. § 552(a)(4)(C).

### V.    PARTIES

10.      Plaintiff Fraz Malik Khan ("Khan") is citizen of United Kingdom and a primary resident of England, United Kingdom. Khan is the primary subject of the requested information.

11.      Plaintiff Malik and Associates, PLLC ("MAA") lawfully operates a law office in Carrollton, Texas and is the requestor on all FOIA requests.

12.      Plaintiffs requested information very specific to Plaintiff Khan, which is in the possession of all Defendants, for the purpose of Plaintiff MAA effectively representing Plaintiff Khan in a legal dispute and controversy. Plaintiffs have requested the specific information pursuant to FOIA, 5 U.S.C. § 552.

13.      Defendant U.S. Department of Homeland Security ("DHS") is a department of the Executive branch of the United States Government, and is responsible for securing the nation's borders, in part by enforcing federal immigration laws and managing the immigration process.

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

DHS is an agency within the meaning of 5 U.S.C. § 552(f). DHS has possession, custody, and control of records that are responsive to the FOIA request that the Plaintiffs have requested.

14.     Defendant, U.S. Citizenship and Immigration Services ("USCIS"), a component entity of DHS, is responsible for the administration of immigration and naturalization adjudication, establishing immigration services, policies, and priorities, and has custody and control of alien registration files. USCIS is an agency within the meaning of 5 U.S.C. § 552(f). USCIS has possession, custody, and control of records that are responsive to the FOIA that the Plaintiffs have requested.

15.     Defendant, U.S. Immigration and Customs Enforcement ("ICE"), a component agency within the DHS, is responsible for enforcing federal immigration statutes. ICE is an agency within the meaning of 5 U.S.C. § 552(f). ICE has possession, custody, and control of records that are responsive to the FOIA that the Plaintiffs have requested.

16.     Defendant, Customs and Border Protection ("CBP"), a component entity of DHS, is responsible for maintaining security and staffing ports of entry at the nation's borders. CBP is an agency within the meaning of 5 U.S.C. § 552(f). CBP has possession, custody, and control of records that are responsive to the FOIA that the Plaintiffs have requested.

17.     Defendant, Federal Bureau of Investigation ("FBI") is the U.S. federal government's lead law enforcement agency.  The FBI is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). FBI has possession, custody, and control of records that are responsive to the FOIA that the Plaintiffs have requested.

## VI.    LEGAL FRAMEWORK

18.     FOIA was passed with the intent to allow individuals access to information under government control. When a FOIA request for information is made to a federal government agency, that agency has twenty working days to respond to the request. 5 U.S.C. § 552(a)(6)(A)(i).

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

The agency may grant itself a ten working day extension where "unusual circumstances" exist, but the agency must notify the FOIA requester by "written notice to the person making such request setting forth the unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i).

19.    Where an agency has failed to respond to a FOIA request within the mandated time period, the person making the FOIA request is deemed to have exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i). The FOIA requester may then file suit in the federal district court to enforce the Freedom of Information Act. 5 U.S.C. § 552(a)(4)(B). On complaint, the U.S. District Court may "enjoin the agency from withholding agency records and ... order the production of any agency records improperly withheld from complainant" ... "and the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B) (emphasis added). Thus, unlike other civil actions where the burden of proof is generally on the plaintiff, in a FOIA lawsuit the burden of proof on every element of the law is on the federal agency defendant to prove by clear and convincing evidence that it did not violate FOIA. *Id.*

20.    Plaintiffs have exhausted its FOIA administrative remedies with all Defendants. All Defendants have failed to conduct a legally adequate search for all of the requested agency information in their possession. In addition, no Defendants have produced the requested nonexempt agency information to Plaintiff in its entirety, including the *Vaughn* index. Therefore, all Defendants are in violation of FOIA, 5 U.S.C. § 552.

## VII.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

21.    Plaintiffs exhausted administrative remedies by completing Defendants' administrative appeal process for all final FOIA request decisions issued by Defendants pertaining to Plaintiffs' requests. Plaintiffs are deemed to have exhausted administrative remedies where Defendants have not responded within the prescribed statutory period. 5 U.S.C. § 552(a)(6)(C)(i).

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## VIII.    STATEMENT OF FACTS

### Introduction

22.    This lawsuit arises from an incident on January 3, 2021, at Dallas-Fort Worth International Airport involving Plaintiff Fraz Khan and his brother Adam Malik, member of Malik and Associates PLLC ("MAA").

23.    Plaintiff Khan is a citizen of the United Kingdom and is ethnically Pakistani.

24.    Mr. Khan has a number of United States citizen relatives, including both of his parents, his grandfather, various aunts and uncles, and his brother. His grandmother is a lawful permanent resident.

25.    MAA is a law practice representing individuals in U.S. Immigration and Naturalization matters, and criminal and national security matters related thereto, including matters adverse to Defendants DHS, USCIS, CBP, and FBI.

26.    Mr. Malik has also been an employee or an employment applicant at DHS (USCIS and ICE) and FBI.

27.    As part of his legal duties, Mr. Malik travels across the United States and internationally in the representation of his clients.

28.    Mr. Malik's practice requires that he be outside his office to see clients and potential clients. His primary source of communication with clients and potential clients is an iPhone, which he also uses to draft notes, conduct legal research, record legal strategy, record client communications, and access client files and documents.

### Events Giving Rise to Causes of Action

29.    In December 2020, Mr. Khan came to visit his family in the United States for two weeks. He had a visa waiver approval and was admitted into the United States for 90-days. Mr. Khan and Mr. Malik visited Costa Rica for leisure over the 2020-2021 New Year's holiday.

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

30.     Upon their return to the United States on January 3, 2021, Mr. Khan and Mr. Malik were intercepted by the CBP at the DFW airport.

31.     Travelling together but in separate immigration lines (due to their different citizenships), Mr. Khan and Mr. Malik were called in together for primary inspection and then taken into secondary inspection, where they were separated and questioned by multiple officers.[1]

32.     Mr. Malik was interrogated about his law practice, personal life, parents, and immigration history by Officers Allen Brock, Aaron Sullivan, and Travis Cannon.

33.     Mr. Malik answered all questions about his personal life but refused to answer questions about clients that required him to reveal privileged information and refused to unlock his iPhone because it contained extensive attorney-client privileged information.

34.     The officers seized Mr. Malik's work iPhone and subjected it to an off-site search.

35.     Simultaneously but separately, Mr. Khan was interrogated by or came in contact with several different CBP officers during the course of his detention in the secured area. Among the officers interrogating Mr. Khan were Officers Sullivan, Cannon, Reyes, Viera, DOE, etc.

36.     An officer in plain clothes explained that they just wanted to ask Mr. Khan some questions and instructed him to follow and identify his luggage. While that officer inspected the luggage, another officer joined.

37.     After the inspection of his bag, Mr. Khan was asked to take a seat in the customs inspection area. The officers left and returned with two more officers who were in uniform. The

---

[1] It is important to note that Khan was moved through many offices throughout the night and the next day. It is possible that some of the interactions from these statements may be inadvertently missing or not in the correct order. This account of the interactions of Khan with the CBP are to the best of Mr. Khan's recollection at the time this statement was taken but by no means included all of them.

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

two officers asked Mr. Khan to remove all of the belongings from his person and hand it over to them. One of the officers asked Mr. Khan to provide him with his cell phone, and he complied.

38.    When Mr. Khan politely declined to give the phone's password, the first Officer threatened to hold him in custody indefinitely and send him to prison unless he shared phone's password with them. Fearful, Mr. Khan provided the password. The officers then left, with Mr. Khan's phone, for about 20 minutes.

39.    During a deposition in a separate case, Officer Sullivan testified that he had sent the information and data from Mr. Khan's cellphone to various other law enforcement or intelligence agencies.

40.    Officer Sullivan and others involved in the incident were "TTRT officers" who are trained in counterterrorism response and examine travelers identified within the U.S. Government's Terrorist Screening Database and others who arrive at ports of entry into the United States.

41.    Officers asked Mr. Khan about a business associate in his phone's contacts. Officers showed him a photo of another individual whom Mr. Khan could not recognize. They also asked about photos found on the phone that depicted human remains, and Mr. Khan explained that these were news items passed onto his phone regarding atrocities committed by the Indian military against the people of Kashmir.[2]

42.    An officer then asked Mr. Khan about his interactions with the Pakistani military and intelligence service.

43.    Throughout, Mr. Khan was treated with a significant degree of hostility. The officers referred to Mr. Khan directly, as well as about him to each other, with derogatory terms. Though

---

[2] *See, generally, Malik v. Dep't of Homeland Sec'y*, No. 22-10772 (5th Cir.) (reply brief).

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Mr. Khan was not familiar with many of the terms at the time, he has subsequently learned their meanings and derogatory cultural connotations. The terms he heard included "terrorist," "sand nigger," "motherfucker," and "son of a bitch." When they would call Mr. Khan by these names, the officers would have a smile on their face or a tone of voice that indicated they were mocking Khan.

44.    Mr. Khan was informed that he would not be permitted to re-enter the United States.

45.    An unidentified officer arrived and took a statement from Mr. Khan, but Mr. Khan was declined the ability to make any amendments or modifications to the statement that the officer drafted.

46.    Mr. Khan was held in custody overnight without food, water, or a blanket.

47.    Before being returned to the United Kingdom, an unknown individual ("Doe") who identified himself only as working for the US Government attempted to recruit Mr. Khan to work for his agency or the US Government.

48.    Mr. Khan replied that if there is anything that was legal and within his ability to do to help, he would be happy to do so.

49.    Mr. Khan was eventually escorted to a plane.

50.    During his ordeal, some officers treated Mr. Khan with respect and told him that the other officers were only mistreating him in an effort to retaliate against his brother Mr. Malik.

## The FOIA Requests

51.    On behalf of Mr. Khan, MAA has submitted FOIA requests for documents, records, data, and information pertaining to Mr. Khan and the January 3, 2021, incident which formed the basis of the requests. All of the requests have produced either no results, partial results, or otherwise have been arbitrarily responded to.

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

52.      Plaintiff has received either no production of information or an arbitrary response from Defendants. In addition, the lawfully required *Vaughn* index fully describing the search methods employed and individually describing the lawful basis for each exemption on each page of information has not been produced to Plaintiffs as mandated by FOIA by any of the Defendants. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) (holding government must provide detailed justification of its exemption claims, and it must specifically itemize and index each document or portion thereof so as to show which were disclosable and which were exempt), on remand to, 383 F. Supp. 1049 (D.D.C. 1974), judgment aff'd, 523 F.2d 1136 (D.C. Cir. 1975); *Batton v. Evers*, 598 F.3d 169, 173 (5th Cir. 2010) ("the district court abused its discretion by failing to order a *Vaughn* index").

### A. Defendant CBP

53.      Plaintiffs submitted five separate FOIA requests to Defendant CBP on various dates pertaining to Plaintiff Khan and/or the January 3, 2021, incident at the DFW airport.

| Original Request | Request Number | Date of Appeal | Appeal Number |
|---|---|---|---|
| 03/26/21 | CBP-2021-046570 | 04/28/21 05/25/21 | CBP-AP-2021-058001 CBP-AP-2021-067254 |
| 07/19/21 | CBP-2021-085549 | 05/25/21 | CBP-AP-2021-067254 |
| 01/06/22 | CBP-2022-030369 | 05/10/22 04/28/22 05/12/22 | By USPS mail CBP-2022-071905 CBP-AP-2022-077708 |
| 04/28/22 | CBP-2022-071874 | 04/28/22 | CBP-AP-2022-076446 |

54.      Plaintiffs' specific requests and all correspondences are included in EXHIBIT A.

55.      Plaintiff has requested data that is either held by or handled by the TTRT team. A notorious team within the CBP. TTRT teams are known to have created or been involved in

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

unlawful databasing and data sharing of the data gathered from border searches. This is important because some of the CBP FOIA requests touch on the movement of such data retrieved from the Plaintiff's phone by TTRT or at its request.

56.    CBP provided little or no responsive documents for some requests. On others, CBP either provided an arbitrary response or no reasoning as to the denial of the requested records were ever provided to Plaintiff.

57.    Plaintiffs appealed CBP's denial or non-responsiveness on the dates mentioned in the chart above.

58.    On some appeals CBP provided no decision regarding Plaintiffs' appeals, and on others an arbitrary decision has been provided.

59.    Defendants CBP has failed to provide the required *Vaughn* index to the Plaintiffs.

60.    Plaintiffs have exhausted the applicable administrative remedies with respect to its FOIA request to CBP.

61.    CBP has wrongfully withheld the requested records from Plaintiffs.

**B. Defendant USCIS**

62.    Plaintiffs submitted a FOIA request to Defendant USCIS on or around June 1, 2021.

63.    Plaintiffs' FOIA request to USCIS asked for copies of records pertaining to Plaintiff Khan's name found in anything within USCIS's jurisdiction and control. Plaintiffs further requested the immigration file, and all records pertaining to Plaintiff Khan held by USCIS.

64.    In a letter dated July 8, 2021, USCIS indicated that they received Plaintiffs' FOIA request on or around June 1, 2021.

65.    On or about August 10, 2021, USCIS released partial documents responsive to the Plaintiffs' request, to which the Plaintiffs filed a timely appeal.

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

66.    On August 26, 2021, the USCIS acknowledged the appeal and released a few additional documents but not all documents. Additionally, the USCIS failed to produce the *Vaughn* index.

67.    Plaintiffs have exhausted the applicable administrative remedies with respect to its FOIA request to USCIS.

68.    USCIS has wrongfully withheld the requested records from Plaintiffs.

69.    Plaintiffs' specific requests and all correspondences are included in EXHIBIT B.

**C. Defendant FBI**

70.    Plaintiffs submitted a FOIA request to Defendant FBI on May 26, 2021, via fax and USPS mail.

71.    Plaintiffs' FOIA request to FBI asked for copies of records pertaining to Plaintiff Khan's name found in anything within FBI's jurisdiction and control. Plaintiffs further requested FBI for all records pertaining to Plaintiff Khan held by FBI.

72.    In a letter dated June 7, 2021, the FBI acknowledged receipt of Plaintiffs' FOIA request and indicated that the request produced no records.

73.    On August 3, 2021, Plaintiffs appealed the FOIA request, no documents being produced, and the arbitrary response by the FBI, indicating a request number 1497995-000.

74.    The FBI acknowledged the appeal in a letter dated August 19, 2021, and assigned an appeal number A-2021-02568.

75.    The FBI once again responded to the appeal in a letter dated October 08, 2021, stating that there were no records that were responsive to the FOIA request.

76.    Plaintiffs have exhausted the applicable administrative remedies with respect to its FOIA request to the FBI.

77.    The FBI has wrongfully withheld the requested records from Plaintiffs.

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

78.      Plaintiffs' specific requests and all correspondences are included in EXHIBIT C.

**D. Defendant ICE**

79.      Plaintiffs submitted a FOIA request to Defendant ICE on May 28, 2022, via email and the web form as directed by the ICE's website.

80.      Plaintiffs' FOIA request to ICE asked for copies of records pertaining to Plaintiff Khan's name found in anything within ICE's jurisdiction and control. Plaintiffs further requested ICE for all records pertaining to Plaintiff Khan held by ICE.

81.      Defendant ICE rejected and routed the FOIA to CBP, albeit incorrectly, outlined in an email dated May 31, 2022. Defendant ICE did not provide with a method for appealing the FOIA.

82.      On May 31, 2022, Plaintiffs emailed ICE to file an appeal for the incorrect rejection and routing of the FOIA to CBP.

83.      Plaintiffs have exhausted the applicable administrative remedies with respect to its FOIA request to the ICE.

84.      ICE has wrongfully withheld the requested records from Plaintiffs.

85.      Plaintiffs' specific requests and all correspondences are included in EXHIBIT D.

## IX.    CLAIMS FOR RELIEF

### COUNT ONE

### DECLARATORY JUDGEMENT ACT

#### as to Defendants

**U.S. DEPARTMENT OF HOMELAND SECURITY**
**U.S. CUSTOMS AND BORDER PROTECTION**
**U.S. CITIZENSHIP AND IMMIGRATION SERVICES**
**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**
**and**
**FEDERAL BUREAU OF INVESTIGATION**

86.      Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

87.    Plaintiffs contend that all Defendants' actions violate 5 U.S.C. § 552(a)(6)(A) and 6 C.F.R. § 5.6(c).

## COUNT TWO

### VIOLATION OF THE FOIA – IMPROPER WITHHOLDING OF AGENCY RECORDS

**as to Defendants**

**U.S. DEPARTMENT OF HOMELAND SECURITY
U.S. CUSTOMS AND BORDER PROTECTION
U.S. CITIZENSHIP AND IMMIGRATION SERVICES
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
and
FEDERAL BUREAU OF INVESTIGATION**

88.    Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

89.    Plaintiffs have a legal right under the FOIA to obtain agency records described in their FOIA requests.

90.    Defendants U.S. Department of Homeland Security and U.S. Customs and Border Protection improperly withheld agency records in response to FOIA Request CBP-2021-046570.

91.    Defendants U.S. Department of Homeland Security and U.S. Customs and Border Protection improperly withheld agency records in response to FOIA Request CBP-2021-085549.

92.    Defendants U.S. Department of Homeland Security and U.S. Customs and Border Protection improperly withheld agency records in response to FOIA Request CBP-2022-030369.

93.    Defendants U.S. Department of Homeland Security and U.S. Customs and Border Protection improperly withheld agency records in response to FOIA Request CBP-2022-071874.

94.    Defendants U.S. Department of Homeland Security and U.S. Citizenship and Immigration Services improperly withheld agency records in response to FOIA Request NRC2021098456.

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

95.     Defendant Federal Bureau of Investigation improperly withheld agency records in response to FOIA Request A-2021-02568.

96.     Defendants U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement improperly withheld agency records in response to FOIA Request 2021-ICFO-40195

97.     Defendants' wrongful withholding of the agency records sought in connection with Plaintiffs' requests violates the FOIA.

98.     Plaintiffs are being irreparably harmed by reason of Defendant's unlawful withholding of the requested agency information; and Plaintiffs will continue to be irreparably harmed unless Defendants are compelled to conform their conduct to the requirements of FOIA.

99.     Plaintiffs have exhausted all of their administrative remedies.

## COUNT THREE
## VIOLATION OF THE FOIA – FAILURE TO MAKE A DETERMINATION AND PROMPTLY PRODUCE RESPONSIVE DOCUMENTS

### as to Defendants

### U.S. DEPARTMENT OF HOMELAND SECURITY
### U.S. CUSTOMS AND BORDER PROTECTION
### U.S. CITIZENSHIP AND IMMIGRATION SERVICES
### U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
### and
### FEDERAL BUREAU OF INVESTIGATION

100.    Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

101.    Defendants are obligated under 5 U.S.C. § 552(a)(6)(A)(i) to make a determination on Plaintiffs' FOIA Request within twenty business days. In unusual circumstances, Defendant may invoke an extension no longer than ten days. 5 U.S.C. § 552(a)(6)(B)(i).

102.    Defendants are obligated to produce responsive records promptly under 5 U.S.C. § 552(a)(3)(A)(i).

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

103.    Defendants U.S. Department of Homeland Security and U.S. Customs and Border Protection failed to make a determination within 30 days and failed to promptly provide all responsive records in response to FOIA Request CBP-2021-046570.

104.    Defendants U.S. Department of Homeland Security and U.S. Customs and Border Protection failed to make a determination within 30 days and failed to promptly provide all responsive records in response to FOIA Request CBP-2021-085549.

105.    Defendants U.S. Department of Homeland Security and U.S. Customs and Border Protection failed to make a determination within 30 days and failed to promptly provide all responsive records in response to FOIA Request CBP-2022-030369.

106.    Defendants U.S. Department of Homeland Security and U.S. Customs and Border Protection failed to make a determination within 30 days and failed to promptly provide all responsive records in response to FOIA Request CBP-2022-071874.

107.    Defendants U.S. Department of Homeland Security and U.S. Citizenship and Immigration Services failed to make a determination within 30 days and failed to promptly provide all responsive records in response to FOIA Request NRC2021098456.

108.    Defendant Federal Bureau of Investigation failed to make a determination within 30 days and failed to promptly provide all responsive records in response to FOIA Request A-2021-02568.

109.    Defendants U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement failed to make a determination within 30 days and failed to promptly provide all responsive records in response to FOIA Request 2021-ICFO-40195.

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

110.    Defendants' failure to make a determination within the statutory time frame and produce responsive records promptly violates 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A)(i), and (a)(6)(B)(i).

111.    In each instance, Defendants exceeded the legal response time of twenty days in 5 U.S.C. §552(a)(6)(A)(i) and failed to provide written notice if a ten-day extension was needed in the "unusual circumstances" set forth in 5 U.S.C. § 552(a)(6)(B) and 6 C.F.R. § 5.6(c).

**COUNT FOUR**
**VIOLATION OF THE FOIA – FAILURE TO CONDUCT AN ADEQUATE SEARCH FOR RESPONSIVE RECORDS**

**as to Defendants**

**U.S. DEPARTMENT OF HOMELAND SECURITY**
**U.S. CUSTOMS AND BORDER PROTECTION**
**U.S. CITIZENSHIP AND IMMIGRATION SERVICES**
**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**
**and**
**FEDERAL BUREAU OF INVESTIGATION**

112.    Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

113.    Defendants have custody and control over the records Plaintiffs seek through their FOIA requests.

114.    Defendants bear the burden of proving beyond material doubt that it performed an adequate search for responsive records.

115.    Defendants are obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to Plaintiffs' FOIA requests.

116.    Defendants U.S. Department of Homeland Security and U.S. Customs and Border Protection failed to conduct an adequate search in response to FOIA Request CBP-2021-046570.

117.    Defendants U.S. Department of Homeland Security and U.S. Customs and Border Protection failed t to conduct an adequate search in response to FOIA Request CBP-2021-085549.

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

118.    Defendants U.S. Department of Homeland Security and U.S. Customs and Border Protection failed to conduct an adequate search in response to FOIA Request CBP-2022-030369.

119.    Defendants U.S. Department of Homeland Security and U.S. Customs and Border Protection failed to conduct an adequate search in response to FOIA Request CBP-2022-071874.

120.    Defendants U.S. Department of Homeland Security and U.S. Citizenship and Immigration Services failed to conduct an adequate search in response to FOIA Request NRC2021098456.

121.    Defendant Federal Bureau of Investigation failed to conduct an adequate search in response to FOIA Request A-2021-02568.

122.    Defendants U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement failed to conduct an adequate search in response to FOIA Request 2021-ICFO-40195.

123.    Defendants' failure to make a determination within the statutory time frame and produce responsive records promptly violates 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A)(i), and (a)(6)(B)(i).

124.    Defendants possess the records Plaintiffs seek and Plaintiffs have a legal right to obtain such records. No legal basis exists for Defendants' failure to adequately search for them.

125.    Defendants' failure to conduct a reasonable search for records responsive to Plaintiffs' requests violates 5 U.S.C. § 552(a)(3).

## X.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff(s) prays that this Court:

A.  Assume jurisdiction over this matter;

B.  Find and Declare that Defendants violated 5 U.S.C. §§ 552(a)(6)(A) and (B), 552(a)(3)(A), and 6 C.F.R. §§ 5.5(c) and 5.6(c) by failing to provide a timely response to Plaintiffs' FOIA requests;

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

C.  Find and Declare that Defendants violated 5 U.S.C. § 552(a)(6)(B) and 6 C.F.R. § 5.6(b) by failing to provide adequate notice within twenty (20) days of the "unusual circumstances" that prevented Defendants from processing Plaintiffs' FOIA requests in a timely fashion;

D.  Find and Declare that Defendants violated 5 U.S.C. § 552(a)(6)(B) by failing to provide the date on which a determination is expected to be dispatched;

E.  Find and Declare that Defendants' failure to conduct an adequate search violates 5 U.S.C. § 552(a)(3);

F.  Find and Declare that Defendant's failure to process the Plaintiffs' FOIA request as soon as practicable violates 5 U.S.C. § 552(a)(6)(E);

G.  Find and Declare that Defendant's failure to process the Plaintiffs' FOIA request as soon as practicable violates 5 U.S.C. § 552(a)(6)(E);

H.  Order Defendants to conduct an adequate and comprehensive search, within all records that the agency has possession or access to, for records responsive to the FOIA requests filed by Plaintiffs under 5 U.S.C. § 552(a)(3);

I.  Order all Defendants to conduct a legally adequate search for all requested information in Plaintiffs' FOIA request, segregate all nonexempt information responsive to Plaintiffs' FOIA request, produce forthwith all nonexempt information responsive to Plaintiffs' FOIA request, and produce a *Vaughn* index of all responsive information withheld under claim of exemption;

J.  Enjoin all Defendants from continuing to withhold any nonexempt agency information responsive to Plaintiffs' FOIA request;

SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

K.  Order Defendants to produce all records responsive to Plaintiffs' FOIA requests as soon as practicable in accordance with its grant of expedited treatment under 5 U.S.C. § 552(a)(6)(E)(iii), within 30 days, or alternatively on an expedited schedule established by the Court;

L.  Order Defendants to disclose the requested records in their entirety and make copies available to Plaintiffs;

M.  Preliminarily and permanently enjoin and restrain Defendants and any of their agents or other persons, departments, or components acting for, with, by, through, or under them from withholding the agency records at issue in this case, or frivolously claiming exemptions under FOIA;

N.  Find and Declare that Defendants' denial of Plaintiff's request for expedited processing violated the Freedom of Information Act in that Plaintiffs demonstrated that substantial due process rights would be impaired by the failure to process immediately and thus established an "exceptional need or urgency";

O.  Should the Court determine that any documents or information should be produced appoint a Special Master and determine the appropriate protocols;

P.  Order the Defendants to pay for all costs;

Q.  Provide for expeditious proceedings in this action;

R.  Order Defendants that if any document or information that is not accounted for or otherwise produced in and through this action, then they are enjoined from being used against plaintiff Khan in any government proceeding, administrative proceeding, judicial proceedings, or otherwise be used in any way, or to support an immigration benefits denial or otherwise to cause harm to Plaintiff Khan.

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

S.   Award Plaintiffs reasonable attorneys' fees and other litigation costs pursuant to 5 U.S.C.

§ 552(a)(4)(E) and any other applicable statute or regulation; and

T.   Grant such other relief as the Court may deem just, equitable, and appropriate.

**RESPECTFULLY SUBMITTED,**

**MALIK & ASSOCIATES, PLLC.**

Respectfully submitted on October 10, 2024.
/s/ Adam Malik
Adam Malik
Attorney-In-Charge
Texas Bar Number: 24094151
DC Bar Number:  TX0200

Malik & Associates, PLLC
P.O. Box 110251
Carrollton, TX 75011
(214) 881-2100 Tel
(469) 262-5800 Fax
amalik@malikfirm.com Email

**ATTORNEY FOR PLAINTIFF**

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## VERIFICATION

I, Fraz Malik Khan, am a Plaintiff named in this action. I state under penalty of perjury that I have read the contents of this Second Amended Verified Complaint for the Declaratory Judgment, Injunctive, and other Relief, and the exhibits submitted in support thereof, and I certify under penalty of perjury, for myself that the statements and claims made are true and correct of my knowledge, except as to those statements made on information and belief, and as to those, I believe them to be true.

_____
Fraz Malik Khan

$\dfrac{10 \cdot 10 \cdot 2024}{\text{Date}}$

SUBSCRIBED AND SWORN to before me this __10__ day of October 2024.

ADEN & CO SOLICITORS LTD
(Commissioners for Oaths)
84B High Street, Southall
UB1 3DB, United Kingdom
Tel: 020 8574 0114
Fax: 020 8574 5857

_____
Solicitor or Notary Public

_____
Official Seal