UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRAZ KHAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEP'T OF HOMELAND SECURITY, et al. <br><br> Defendants. | Civil Action No. 22-2480 (TJK) |

**MOTION BY CBP FOR LEAVE TO SUBMIT DECLARATION
UNDER SEAL AND *EX PARTE, IN CAMERA* IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Defendant U.S. Customs and Border Protection ("CBP"), by and through undersigned counsel, moves that it be permitted to file an *ex parte, in camera* declaration in support of Defendants' motion for summary judgment as it relates to the FOIA requests applicable to CBP. As grounds for this motion, CBP states as follows.

One of the requests at issue is the request assigned CBP-2022-030369, which sought a lengthy list of records related to an individual (Mr. Khan, who is a co-Plaintiff in this case), including in connection with an inspection that he underwent at DFW airport in January 2021. Request (ECF No. 24-1) at ECF pp. 20-21. By letter dated July 26, 2022, CBP issued its final response, which released pages with withholdings based on Exemptions 6, 7(C) and 7(E), and also declined to confirm or deny the existence of certain types of information under Exemption 7(E). Howard Decl. ¶ 13.

As explained in the Howard Declaration accompanying Defendants' motion for summary judgment, CBP has invoked a *Glomar* response based on Exemption 7(E) because confirming or

denying the existence of certain types of responsive records would disclose techniques and procedures, or guidelines for law enforcement investigations prosecutions, the disclosure of which would risk circumvention of the law. *Id.*; 5 U.S.C. § 552(b)(7)(E). A *Glomar* response allows the Government to "refuse to confirm or deny the existence of records where to answer the FOIA inquiry would cause harm cognizable under an FOIA exception." *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007); *accord Sea Shepherd Conservation Soc'y v. IRS*, 208 F. Supp. 3d 58, 89 (D.D.C. 2016) ("The Glomar doctrine applies when confirming or denying the existence of records would itself cause harm cognizable under a FOIA exception.")

Courts, moreover, have recognized that a *Glomar* response is appropriate under Exemption 7(E). *See, e.g., Braun v. FBI*, Civ. Act. No. 18-2145 (CRC), 2019 U.S. Dist. LEXIS 124107, at *13-14 (D.D.C. July 25, 2019). Because CBP cannot further explain the basis for the *Glomar* response in a public filing without undermining Exemption 7(E), CBP requests leave to file an *ex parte*, *in camera* declaration to further support that response. Howard Decl. ¶ 13; *see also Montgomery v. IRS*, 40 F. 4th 702, 713-14 (D.C. Cir. 2022) (recognizing that in camera declarations are permissible "'when (1) the validity of the government's assertion of exemption cannot be evaluated without information beyond that contained in the public affidavits and in the records themselves, and (2) public disclosure of that information would compromise the secrecy asserted'").

The Court has inherent authority to examine this information as part of Defendants' motion for summary judgment. *See Jiffry v. Federal Aviation Admin.,* 370 F.3d 1174, 1182 (D.C. Cir. 2004) ("the court has inherent authority to review classified material *ex parte, in camera* as part of its judicial review function"); *Rosenberg v. Dep't of Immigr. Customs & Enforcement*, 13 F.

2

Supp. 3d 92, 109-10 (D.D.C. 2014) (proper for agency to supplement its explanation for a claimed FOIA exemption through an *in camera*, *ex parte* submission)).

Should the Court grant leave to CBP to submit an *in camera, ex parte* declaration, CBP expects to be in a position, given resource limitations and demands in other FOIA matters, to provide that declaration within four weeks of the Court's order granting leave. That will not impact the existing summary judgment briefing schedule because, under the existing schedule, Plaintiffs currently have until May 29, 2025, to cross-move for summary judgment and oppose Defendants' motion for summary judgment, and briefing on the cross-motions is not expected to be completed until the end of July. *See* Minute Order of March 6, 2025.

Pursuant to Local Rule 7(m), the undersigned counsel has conferred with counsel for Plaintiffs regarding the relief requested in this motion, and Plaintiffs' counsel has advised that Plaintiffs oppose the relief requested in this motion. A proposed order is attached.

| | |
|---|---|
| Dated: March 18, 2025 | Respectfully submitted, |
| | EDWARD R. MARTIN, JR., D.C. Bar #481866<br>United States Attorney |
| | By:  _____/s/ Jeremy S. Simon_____<br>JEREMY S. SIMON<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>202-252-2528 |
| | *Attorneys for the United States of America* |