UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRAZ KHAN, et al.,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>U.S. DEP'T OF HOMELAND SECURITY, et al.<br><br>　　　Defendants. | Civil Action No. 22-2480 (TJK) |

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO
## SUBMIT DECLARATION *EX PARTE, IN CAMERA*

Defendant U.S. Customs and Border Protection ("CBP"), by and through undersigned counsel, replies as follows in support of its motion to be permitted to file an *ex parte, in camera* declaration in support of Defendants' motion for summary judgment as it relates to the Freedom of Information Act ("FOIA") requests applicable to CBP.

## ARGUMENT

Defendants, consisting of the Department of Homeland Security, several of its components, and the Federal Bureau of Investigation ("FBI"), moved for summary judgment on March 18, 2025, in this lawsuit brought under FOIA. *See* Mot. (ECF No. 30). At issue are numerous FOIA requests to CBP, a request to U.S. Citizenship and Immigration Services, a request to United States Immigration and Customs Enforcement, and a request to the FBI. The motion is supported by multiple publicly-filed declarations on behalf of these agencies or agency components. *See* Decls. (ECF Nos. 30-2, 30-3, 30-4, 30-5, 30-6, and 30-7).

In one of these declarations, and as to one aspect of one of the requests to CBP, the declarant (Patrick Howard) explained that CBP has invoked a *Glomar* response based on

Exemption 7(E) because confirming or denying the existence of certain types of responsive records would disclose techniques and procedures, or guidelines for law enforcement investigations or prosecutions, the disclosure of which would risk circumvention of the law.  Howard Decl. (ECF No. 30-3) ¶ 13; 5 U.S.C. § 552(b)(7)(E).  Mr. Howard attested that CBP could not further explain the basis for the *Glomar* response in a public filing, including a filing shared with Plaintiffs, without undermining Exemption 7(E).  Howard Decl. (ECF No. 30-3) ¶ 13.  Accordingly, consistent with established law, CBP has sought leave to file an *ex parte, in camera* declaration to provide the Court with additional information to support its *Glomar* response.  *See Montgomery v. IRS*, 40 F.4th 702, 713-14 (D.C. Cir. 2022) (recognizing that *in camera* declarations are permissible "'when (1) the validity of the government's assertion of exemption cannot be evaluated without information beyond that contained in the public affidavits and in the records themselves, and (2) public disclosure of that information would compromise the secrecy asserted.'"); *Jiffry v. Federal Aviation Admin.,* 370 F.3d 1174, 1182 (D.C. Cir. 2004) ("the court has inherent authority to review classified material *ex parte, in camera* as part of its judicial review function"); *Rosenberg v. Dep't of Immigr. & Customs Enforcement*, 13 F. Supp. 3d 92, 109-10 (D.D.C. 2014) (finding that it was proper for agency to supplement its explanation for a claimed FOIA exemption through an *in camera*, *ex parte* submission).

Plaintiff has raised several arguments in opposition to this request.  As discussed below, none has merit.

*First*, Plaintiffs observe that, although agencies face a relatively low bar to claim Exemption 7(E) protection, *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011), an agency must provide the Court with more than a conclusory or vague description of the basis for the claimed withholding.  Opp'n (ECF No. 32) at 5.  But that argument weighs in favor of, not against,

permitting CBP to submit an *in camera* declaration.  CBP seeks to provide the Court with sufficient information to allow the Court to assess whether Exemption 7(E) supports the claimed *Glomar* response, but to do so in a publicly-filed declaration, or a declaration filed under seal and shared only with Plaintiffs or their counsel, would compromise the very law enforcement information that CBP seeks to protect.

*Second,* Plaintiffs contend that CBP has failed to meet its burden to establish that an *in camera* submission is necessary.  Opp'n at 6.  That is incorrect.  CBP's declarant has attested that "CBP cannot address [its] *Glomar* response further . . . without undermining Exemption (b)(7)(E) by that description."  Howard Decl. (ECF No. 30-3) ¶ 13.  That averment is further supported by the context of the FOIA request at issue, which concerns a border inspection that Mr. Khan, a co-Plaintiff in this case, underwent at Dallas Fort Worth airport while seeking to enter the country.

Plaintiffs' suggestion that their "counsel" should at least have access to the information (Opp'n (ECF No. 32) at 6) is misplaced, because such a disclosure still would undermine the exemption.  Any disclosure under FOIA is considered a disclosure "to the world at large."  *Boyd v. Crim. Div. of Dep't of Just.*, 475 F.3d 381, 390 (D.C. Cir. 2007).  Moreover, there is no distinct "counsel" in this case apart from the Plaintiffs themselves.  The attorney of record is Adam Malik of the law firm Malik & Associates.  Mr. Malik is the managing attorney and founder of that firm, which is a co-Plaintiff in this case.  *See* https://themalikfirm.com/adam-a-malik/ (last visited Apr. 7, 2025).

*Third*, contrary to Plaintiffs' suggestion, the requested *in camera* submission would not undermine the adversary system or prejudice Plaintiffs in this case.  Opp'n (ECF No. 32) at 7.  The submission seeks to provide further support on a limited issue in which the burden on the government already is relatively low.  *Blackwell,* 646 F.3d at 42 (discussing the "relatively low

bar for the agency to justify withholding" under Exemption 7(E)). As Plaintiffs acknowledge, it is not uncommon for Courts to resolve specific issues under FOIA through *in camera* submissions. Opp'n (ECF No. 32) at 7.

Indeed, FOIA expressly grants district courts authority to conduct *in camera* inspections of agency files to ascertain whether they are being properly withheld under the statutory exemptions. 5 U.S.C. § 552(a)(4)(B). In doing so, "Congress intended to impose no mandates upon the trial court, but instead leave the decision of whether to conduct *in camera* inspection to the broad discretion of the trial judge." *Center for Auto Safety v. EPA*, 731 F.2d 16, 20 (D.C. Cir. 1984). "The ultimate criterion is simply this: Whether the district judge believes that *in camera* inspection is needed in order to make a responsible de novo determination on the claims of exemption." *Ray v. Turner*, 587 F.2d 1187, 1195 (D.C. Cir. 1978); *see also Carter v. Dep't of Commerce*, 830 F.2d 388, 392 (D.C. Cir. 1987) ("The Conference Report on the authorizing amendment explicitly states that 'while *in camera* examinations need not be automatic, in many situations it [sic] will plainly be necessary and appropriate.'").

The same statutory provision has been cited by courts to support the submission of *in camera* declarations as a means of explaining the basis for a particular withholding. *See, e.g., Pinson v. Dept. of Just.*, 202 F. Supp. 3d 86, 108 (D.D.C. 2016) ("If providing additional explanation would disclose the very information DOJ seeks to withhold, DOJ may provide this additional explanation to the Court in an *in camera* declaration, and may submit the SAMs memoranda for an *in camera* review" (citing 5 U.S.C. § 552(a)(4)(B)).

*Finally*, Plaintiffs refer to recent events in unrelated matters as well as the outcome of unrelated FOIA cases in an apparent (and disjointed) attempt to imply bad faith by CBP with respect to its request in this case to make an *in camera* submission on a limited issue. Opp'n (ECF

No. 32) at 8-12.  These references and related arguments by Plaintiffs are irrelevant, without basis and rest on unsupported assertions that are not in the record before the Court and thus warrant no response by CBP.  It suffices to observe that the outcomes in several of the cases cited by Plaintiffs occurred *after* the Court reviewed the challenged records *in camera*.  *Id*. at 9, 11.  Thus, those cases merely serve to reinforce the utility of *in camera* review in assisting the Court in evaluating an agency's claimed exemptions under FOIA.

## CONCLUSION

For the foregoing reasons, and those set forth in CBP's motion, the motion for leave to submit a declaration *in camera, ex parte* should be granted.

Dated: April 8, 2025

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By: _____*/s/ Jeremy S. Simon*_____
    JEREMY S. SIMON
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    202-252-2528

*Attorneys for the United States of America*