UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRAZ KHAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. DEP'T OF HOMELAND SECURITY, et al.<br><br>    Defendants. | Civil Action No. 22-2480 (TJK) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFFS' CROSS-MOTION**

Defendants U.S. Customs and Border Protection ("CBP"), U.S. Citizenship and Immigration Services ("USCIS"), the Federal Bureau of Investigation ("FBI"), United States Immigration and Customs Enforcement ("ICE"), and the U.S. Department of Homeland Security ("DHS") reply as follows in support of their motion for summary judgment in this action under the Freedom of Information Act ("FOIA"). This reply also constitutes Defendants' opposition to Plaintiffs' cross-motion for summary judgment.

**ARGUMENT**

**I.  Plaintiffs Have Failed To Meaningfully Respond to Defendants' Motion or to Establish Any Basis for Summary Judgment in Their Favor.**

Plaintiffs' opposition fails to meaningfully address the arguments raised by Defendants in support of summary judgment and supported by the declarations and *Vaughn* indices filed with their motion. Plaintiffs' cross-motion for summary judgment is equally deficient. Accordingly, Defendants address in this reply only the few issues raised by Plaintiffs and otherwise refer the Court to Defendants' motion and related *in camera* submission, which establish Defendants' entitlement to summary judgment and the basis for denial of Plaintiffs' cross-motion.

Plaintiffs first argue that Defendants have failed to justify their withholdings and establish foreseeable harm. Opp'n (ECF No. 35) at 9. But Plaintiffs do not support those arguments in any meaningful way. Defendants' motion was supported by five declarations totaling over 200 pages (Mot. (ECF No. 30-2 to 30-7)), as well as an *in camera* declaration submitted by CBP. Notice of Compliance (ECF No. 34). Those declarations extensively describe the searches for responsive records that were conducted, the bases for any withholdings in whole or in part to records that were located, the foreseeable harm that would result from disclosure of withheld information, as well as the basis for CBP's and FBI's *Glomar* response to certain requests by Plaintiffs.

Plaintiffs' assertion that the supporting declarations and *Vaughn* indices are inadequate is almost entirely conclusory. Plaintiffs do not address the agencies' search methodologies and specifically take issue only with the withholdings by CBP and ICE and only with respect to "disposition" and other codes (including internal agency case numbers) withheld under Exemption 7(E) of FOIA. Opp'n (ECF No. 35) at 9-11. CBP and ICE, however, detailed the bases for those withholdings in their declarations and *Vaughn* indices, as Plaintiffs' own citation to the record establishes. *Id; see also* Suzuki Decl. (ECF No. 30-2) ¶¶ 65-66; Pineiro Decl. (ECF No. 30-7) ¶¶ 47-48. Those descriptions easily satisfy the "relatively low bar" for justifying Exemption 7(E) withholdings. *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011). As this Court has recognized, moreover, "'database identifiers'" are "the kind of technical information [that] is regularly withheld under Exemption 7(E)." *Kowal v. Dep't of Just.*, Civ. A. No. 18-2798 (TJK), 2021 U.S. Dist. LEXIS 187722, at *14 (D.D.C. Sept. 30, 2021), *aff'd*, 107 F.4th 1018 (D.C. Cir. 2024).

Plaintiffs' assertion that Defendants have engaged in bad faith, thus warranting discovery, also lacks record support. Plaintiffs' unsupported assertions are similar to those made in various iterations of their pleadings in this action that this Court either has stricken or deemed insufficient

to assert a "pattern and practice" claim. Mem. Op. (ECF No. 16) at 13, 16-18; Mem. Op. (ECF No. 23) at 6-10. In addressing those allegations, this Court already has observed that "[t]he records attached to the complaint do not support a pattern or practice claim . . . . Far from revealing any 'pattern of prolonged delay amounting to a persistent failure to adhere to FOIA's requirements,' . . . , they reflect that when Plaintiffs filed the complaint, Defendants had responded to all but two of the requests" and that, "at most, the handling of these requests reflects 'merely isolated mistakes by agency officials,' which are not enough to state a claim." Mem. Op. (ECF No. 16) at 12.

That observation, moreover, was made by the Court on a motion to dismiss without the benefit of the complete record that has been presented with Defendants' motion for summary judgment. The motion for summary judgment's extensive discussion and supporting evidence about the procedural history of the FOIA requests that are actually at issue in this action (the operative Complaint attaches extraneous material) further demonstrate the baseless nature of Plaintiffs' assertion of bad faith. Mot. (ECF No. 30) at 2-6; Def Fact Stmt. (ECF No. 30-1) at 1-5. In a FOIA proceeding, agency declarations are entitled to a presumption of good faith, *Callaway v. Dep't of Treasury*, 824 F. Supp. 2d 153, 165 (D.D.C. 2011), and Plaintiffs in any event have failed to dispute Defendants' summary of the procedural history of the requests at issue. *See* Pl. Resp. to Def. Stmt. (ECF No. 35-1).

Plaintiffs note that some of the agencies performed supplemental searches that located additional records (Opp'n (ECF No. 35) at 12-13), but that is not evidence of bad faith. To the contrary, the D.C. Circuit has held that the performance of additional searches following an agency's initial response "suggest[s] a stronger . . . basis for accepting the integrity of the search." *Meeropol v. Meese*, 790 F.2d 942, 953 (D.C. Cir. 1986). Plaintiffs' speculation that other documents might exist fails to call into question the reasonableness of the agencies' searches and

thus likewise cannot amount to an indication of bad faith. *Wilbur v. CIA*, 355 F.2d 675, 678 (D.C. Cir. 2004) (holding that an "agency's failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records"). The relevant inquiry, moreover, is whether the agencies used a search method that was reasonably calculated to uncover all relevant documents, not the search results. *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). Plaintiffs have not contended (let alone attempted to establish) that the agencies' search methodologies were inadequate.

Nor do Plaintiffs' assertions about overlooked records based on hearsay in the accompanying Fraz Khan affidavit constitute the type of "'countervailing evidence'" needed to call into question the adequacy of a search. *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 314-315 (D.C. Cir. 2003). That affidavit purports to describe testimony given by others in another lawsuit (Khan Affid. (ECF No. 35-2) ¶ 12) and such hearsay "'counts for nothing' on summary judgment." *Greer v. Paulson*, 505 F.3d 1306, 1315 (D.C. Cir. 2007).

## II. Response To Plaintiffs' Additional Factual Assertions

Plaintiffs include four purported factual assertions at the end of their response to Defendants' statement of undisputed facts. Resp. to Def. Stmt. (ECF No. 35-1) at 6-7. Defendants respond as follows to each of those additional assertions, which are excerpted in their entirety using Plaintiffs' numbering.

28. The CBP Vaughn index consists of boilerplate descriptions of the types of exemption that exist without showing how those potential exemptions apply to the documents listed in the index. Suzuki Decl., Exh. A (Dkt. 30-2 at pp. 26-81); Howard Decl., Exh. A (Dkt. 30-3 at pp. 17-75).

Response: Defendants deny this allegation, which is argument rather than an assertion of fact, and refer the Court to the declarations and *Vaughn* indices attached to Defendants' motion for summary judgment (including but not limited to the citations to the record in the above paragraph) for a complete and accurate statement of their contents.

29. The CBP asserts without explanation on at least 36 occasions that revealing a "disposition code" contained in a database might permit somebody to hack into a government "mainframe," "improperly access the system," and "allow manipulation or deletion of data." Suzuki Decl., Exh. A (Dkt. 30-2 at pp. 29, 32 -35, 40-41, 64-65, 67, 79); Howard Decl., Exh. A (Dkt 30-3 at pp. 19- 20, 22-36, 41, 51-52, 54-55, 57-58, 63, 65, 67-68, 70-71).

Response: Defendants deny that CBP's withholdings are not adequately justified. To the extent any further response is required to this paragraph, Defendants refer the Court to the declarations and *Vaughn* indices attached to Defendants' motion for summary judgment (including the citations to the record in the above paragraph) for a complete and accurate statement of their contents and deny the allegations in this paragraph to the extent inconsistent with the content of those documents.

30. The CBP asserts without explanation on at least 10 occasions that revealing the name of a database would "reveal CBP techniques and procedures related to inspection and potentially allow individuals to evade detection." Howard Decl., Exh. A (Dkt 30-3 at pp. 17-18, 21, 33, 37, 52, 54, 63, 64, 65).

Response: Defendants deny that CBP's withholdings are not adequately justified. To the extent any further response is required to this paragraph, Defendants refer the Court to the declarations and *Vaughn* indices attached to Defendants' motion for summary judgment (including the citations to the record in the above paragraph) for a complete and accurate statement of their

contents and deny the allegations in this paragraph to the extent inconsistent with the content of those documents.

31. No agency involved in these FOIA requests has asserted that "unusual circumstances" or "exceptional circumstances" under 5 U.S.C. § 552 should excuse their failure to provide responsive records within the statutory time limits.

Response: Defendants refer the Court to the declarations and *Vaughn* indices attached to Defendants' motion for summary judgment for a complete and accurate statement of their contents and deny the allegations in this paragraph to the extent inconsistent with the content of those documents.

## CONCLUSION

For these reasons, and those set forth in Defendants' motion, Defendants' motion for summary judgment should be granted, Plaintiffs' cross-motion should be denied, and this action should be dismissed with prejudice.

Dated: June 20, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: _____/s/ Jeremy S. Simon_____
JEREMY S. SIMON
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-2528

*Attorneys for the United States of America*